# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH ESTEY, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>        v.<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,<br><br>                   Defendants. | Case No.  07-CV-10268 (DC) |

*[additional captions follow]*

**DECLARATION OF DEREK W. LOESER IN SUPPORT OF THE *ESPOSITO* PLAINTIFFS' MOTION TO CONSOLIDATE ERISA CASES, APPOINT INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL, ENTRY OF PRETRIAL ORDER NO. 1, AND OPPOSITION TO PLAINTIFF GIDARO'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM COUNSEL FOR THE CLASS**

MARY GIDARO, individually and on behalf of
all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,
                Defendants.

**Case No.  07-CV-10273 (LBS)**

TARA MOORE, individually and on behalf of
all others similarly situated,

                Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,
                Defendants.

**Case No.  07-CV-10398 (DC)**

GREGORY YASHGUR, individually and on
behalf of all others similarly situated,

               Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,
               Defendants.

**Case No.  07-CV-10569 (UA)**

---

CHRISTINE DONLON, individually and on
behalf of all others similarly situated,

               Plaintiffs,

        v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,
               Defendants.

**Case No.  07-CV-10661 (UA)**

| | |
|---|---|
| CARL ESPOSITO, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, )<br><br>Defendants. ) | Case No. 07-CV-10687 (JGK) |

| | |
|---|---|
| SEAN SHAUGHNESSEY, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20, )<br><br>Defendants. ) | Case No. 07-CV-1010710 (UA) |

BARBARA BOLAND, individually and on
behalf of all others similarly situated,

              Plaintiffs,

              v.

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS DIMARIA,
PETER STINGI and JOHN AND JANE DOES
1-20,

              Defendants.

**Case No.  07-CV-11054 (MGC)**

I, DEREK W. LOESER declare as follows:

1.      I am a partner with the firm of Keller Rohrback L.L.P., one of the counsel of record for Plaintiffs Carl Esposito, Barbara Boland and Anna Molin.  I am licensed to practice law in the State of Washington.  I submit this Declaration in support of The *Esposito* Plaintiffs' Motion to Consolidate ERISA Cases, Appoint Interim Lead Plaintiffs and Interim Co-Lead Counsel, for Entry of Pretrial Order No. 1, and in Opposition to Plaintiff Gidaro's Motion for Consolidation and Appointment of Interim Counsel for the Class.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Attached as Exhibit A is a true and correct copy of *In re Polaroid ERISA Litig.*, No. 04-8335 (S.D.N.Y. Mar. 5, 2004).

3.      Attached as Exhibit B is a true and correct copy of *In re Marsh ERISA Litig.*, No. 04-8157 (S.D.N.Y. Feb. 8, 2005).

4.      Attached as Exhibit C is a true and correct copy of *In re Williams Companies ERISA Litig.*, No. 02-153 (N.D. Okla. Oct. 28, 2002).

5.      Attached as Exhibit D is a true and correct copy of *In re WorldCom, Inc. ERISA Litigation*, No. 02-4816 (S.D.N.Y. Sep. 18, 2002).

6.      Attached as Exhibit E is a true and correct copy of the *Annotated Manual for Complex Litigation* (4th ed. 2006) §§ 10.22, 40.22.

7.      Attached as Exhibit F is a true and correct copy of the Keller Rohrback L.L.P. Complex Litigation Group resume.

8.      Attached as Exhibit G is a true and correct copy of the Cohen, Milstein, Hausfeld & Toll, P.L.L.C. firm resume.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this *10th* day of _____December_____, 2007.

_____
Derek W. Loeser (Pro Hac Vice pending)
dloeser@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
***Proposed Interim Co-Lead Counsel and Counsel for Movants Carl Esposito, Barbara Boland, and Anna Molin***

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROBERT CORREIA, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>                 Plaintiff,<br><br>     v.<br><br>GARY DICAMILLO, CARL LUEDERS, DONALD HALSTED, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, JOHN W. LOOSE, ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, MELLON BANK, N.A. BOSTON SAFE DEPOSIT AND TRUST COMPANY and DOES 1-100,<br><br>                 Defendants. | Case No. 03 CV 8335 (WHP) |
| JOHN HUDSON, on behalf of himself and all other similarly situated and on behalf of the Polaroid Retirement Savings Plan,<br><br>                 Plaintiff,<br><br>     v.<br><br>BOSTON SAFE DEPOSIT AND TRUST COMPANY, GARY DICAMILLO, WILLIAM L. FLAHERTY, JUDITH G. BOYNTON, DONALD HALSTED, JOHN W. LOOSE, CARL LUEDERS, , MELLON BANK, N.A., ALBIN F. MOSCHNER, RALPH Z. SORENSON, BERNEE D.L. STROM, ALFRED M. ZEIEN, and DOES 1-100,<br><br>                 Defendants. | Case No. 03 CV 8976 (WHP) |

OTIS D. POWERS and BRADWORD W.          )        Case No. 04 CV 0282 (WHP)
PIRES, on behalf of themselves and all other )
similarly situated and on behalf of the Polaroid )
Retirement Savings Plan,                )
                                         )
                           Plaintiffs,   )
                                         )
           v.                            )
                                         )
GARY DICAMILLO, WILLIAM L.               )
FLAHERTY, JOHN W. LOOSE, ALBIN F.        )
MOSCHNER, RALPH Z. SORENSON,             )
BERNEE D.L. STROM, ALFRED M. ZEIEN,      )
and DOES 1-30,                           )
                                         )
                           Defendants.   )
                                         )

## [PROPOSED] PRETRIAL ORDER NO. 1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of ERISA involving the Polaroid Retirement Savings Plan (the "Plan"), a retirement plan established and sponsored by Polaroid Corporation ("Polaroid" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, formal consolidation of the ERISA actions for pretrial purposes and appointment of Liaison Counsel and Co-Lead Counsel is appropriate as consistent with the recommendations of the *Manual for Complex Litigation –Fourth* (2003);

WHEREFORE, the Court hereby Orders as follows:

## I.    CONSOLIDATION OF RELATED ACTIONS

1.  a).    Certain Defendants are not willing to stipulate at this time to consolidation of the actions for trial, but have stipulated to consolidation for pretrial purposes only. Therefore, at this time the above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated for pretrial purposes only ("Consolidated Action"). They shall be referred to collectively as *In re Polaroid ERISA Litigation*, Master File No. 03 CV 8335 (WHP).  This order does not constitute a determination as to whether or not these actions should be consolidated for trial pursuant to Fed. R. Civ. P. 42(a), although the Court will determine later in these proceedings whether such consolidation would be appropriate.

b).    All Defendants shall provide a separate statement to the Court on or before June 1, 2004 as to whether they consent to the consolidation of these actions for all purposes, or whether the issue of such further consolidation will be submitted for judicial determination.

## II.    CAPTION OF CASES

2.    Every pleading filed in the Consolidated Action shall bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE POLAROID ERISA LITIGATION | ) ) ) ) |
| | |
| THIS DOCUMENT RELATES TO: | ) ) ) ) ) |

MASTER FILE: 03 CV 8335 (WHP)

3.    When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.    MASTER DOCKET

4.    A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order.  Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5.    When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket.  No further copies need be filed nor other docket entries made.

6.      When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action.  The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV.    MASTER FILE AND SEPARATE ACTION FILES

7.      A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The Master File shall be Civil Action No. 03 CV 8335 (WHP).  The original of this Order shall be filed by the Clerk in the Master File herein established.  The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.  The Clerk shall file a copy of this Order in each such separate file.  The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V.     NEWLY FILED OR TRANSFERRED ACTIONS

8.      When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above and thereafter, the Clerk of this Court shall:

(a)     File a copy of this Order in the separate file for such action;

(b)     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)     Make the appropriate entry in the Master Docket.

9.      The Law Offices of Curtis V. Trinko, LLP shall assist the Clerk by calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI.    APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10.    This Order shall apply to each proposed class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Polaroid Retirement Savings Plan.  This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party.  The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11.    Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint.  If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have sixty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII.    ORGANIZATION OF COUNSEL

12.    The Court designates the following to act as Co-Lead Counsel and as Liaison Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

a.    As Co-Lead Counsel for Plaintiffs

> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, Washington 98101
> Telephone: (206) 623-1900
> Facsimile: (206) 623-3384

> Schiffrin & Barroway, L.L.P.
> Three Bala Plaza East, Suite 400
> Bala Cynwyd, PA 190004
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056

b.    As Liaison Counsel

> Laws Offices of Curtis V. Trinko, L.L.P.
> 16 West 46th Street, 7th Floor
> New York, NY 10036
> Telephone: (212) 490-9550
> Facsimile: (212) 986-0158

13.    Liaison Counsel in the Consolidated Action is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

a).    The service of documents will be made pursuant to the Manuel for Complex Litigation – Fourth (2003).

1.    Orders.  A copy of each order will be provided to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.

2.    Pleadings, Motions, and Other Documents.  Plaintiffs' Liaison Counsel will be provided with four (4) copies of each pleading, motion, or other document filed by a party; Defendants' Liaison Counsel will be provided with six (6) copies of each such document. Pursuant to Fed. R. Civ. P. 5, service on liaison counsel constitutes service on other attorneys and parties for whom liaison counsel is acting. Such service shall deemed effective seven days after service on liaison counsel.

14.    Co-Lead Counsel shall have authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel

as they may deem appropriate; (e) retaining plaintiffs' experts; (f) proposing selection of Named Plaintiffs for inclusion in any and all Consolidated Amended Complaint(s); (g) designating which attorneys may appear at hearings and conferences with the Court; (h) conducting settlement negotiations with defendants; and (i) other matters concerning the prosecution of or resolution of their respective cases.

15.    Co-Lead Counsel shall have authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs.  Defendants' counsel may rely on all agreements made with any one of the Co-Lead Counsel, and such agreements shall be binding.

## VIII.    COORDINATION

16.    Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX.    SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X.    PRELIMINARY SCHEDULE OF PROCEEDINGS

18. Each party who has not already done so shall make available for inspection and copying all Plan-related documents in their possession on or before March 15, 2004:  such production shall include those documents under which the Plan is established or operated, and shall also include all Board Minutes and/or Resolutions concerning the appointment, duties and responsibilities of Plan fiduciaries during the Class Period.  Such Board Minutes and Resolutions

can be redacted for any non-fiduciary matters.]. To the extent any party does not possess any such documents, such party shall so inform the other parties in writing on or before March 15, 2004.

19. When a production is made, the producing party shall notify all other parties of the production, and make copies of the production available to requesting parties at the requesting parties' reasonable expense for copying and delivery.

20. Subject to the Court's approval, Plaintiffs will not seek other discovery from Defendants without leave of Court and for good cause shown until after motions to dismiss filed by the Defendants per the schedule set forth below are resolved by the Court.

21. All parties shall be notified of any third-party production of documents, which also shall be made available to any party requesting copies of such documents at the requesting parties' expense for copying and delivery.

22. Plaintiffs shall file a Consolidated ERISA complaint on or before April 15, 2004. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. Pending filing and service of the consolidated complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

23. Defendants shall answer or otherwise respond to the Consolidated ERISA Complaint on or before June 1, 2004. If the Defendants move to dismiss they should do so in a single consolidated motion and memorandum. Plaintiffs shall serve their opposition to any motions brought by Defendants on or before July 12, 2004, and Defendants shall serve their single, consolidated reply, if any, on or before July 26, 2004.

       a). The Court's page limitations on the parties' filings with regard to Defendants' motions to dismiss shall be extended to fifty (50) pages for the Defendants' Consolidated Memorandum In Support Of Their Motions To Dismiss; fifty (50)

pages for Plaintiffs' Memorandum In Opposition To Defendants' Motions To Dismiss; and twenty-five (25) pages for Defendants' Consolidated Reply In Further Support Of Their Motions To Dismiss.

b).    Oral Argument with regard to Defendants' Motions to Dismiss is scheduled for 11:00 A.M. on September 17, 2004 in Courtroom 11D, 500 Pearl Street, New York, New York.  The court has scheduled one and one-half (1 ½ ) hours for this oral argument.

24. The parties will further confer and propose to the Court a mutually agreeable schedule for discovery and briefing on issues related to class certification subsequent to the disposition of Defendants' Motions To Dismiss.

SO ORDERED: 3\5\04

WILLIAM H. PAULEY III U.S.D.J.

## SERVICE LIST
## IN RE POLAROID ERISA LITIGATION

**PLAINTIFFS:**

Joseph H. Meltzer, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004

**Proposed Lead Counsel For Plaintiffs and the Class**

Lynn Lincoln Sarko, Esq.
Derek W. Loeser, Esq.
Cari Campen Laufenberg, Esq.
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052

**Proposed Co-Lead Counsel For Plaintiffs and the Class**

Evan J. Smith, Esq.
Brodsky & Smith, LLC
240 Mineola Boulevard
Mineola, New York 11501

**Assisting Counsel For Plaintiffs and the Class**

**DEFENDANTS:**

Emily Frug Klineman, Esq.
Ropes & Gray
One International Place
Boston, Massachusetts 02110-2624

**Attorney for Defendant Gary DiCamillo**

Karen McCarthy, Esq.
McCarthy & Gordon, LLC
701 Washington Street, Suite 100
Newton, Massachusetts 02458

**Attorney for Defendant Carl Lueders**

Eric Mogilnicki
David P. Donovan
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

**Attorneys for Defendant Donald Halsted**

Martha Dye, Esq.
O'Melveny & Myers, LLP
1625 I Street, N.W.
Washington, DC 20006

**Attorney for Defendant William L. Flaherty**

John G. Fabiano, Esq.
Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Attorney for Defendants John W. Loose, Albin F. Moshner, Ralph Z. Sorenson, Bernee D. L. Strom, and Alfred M. Zein**

Gus P. Coldebella
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
Tel: (617) 570-1780
Fax: (617) 532-1231

**Attorney for Defendant Judith Boynton**

Peter J. Haley, Esq.
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110-1844

**Attorney for Defendant Merganser Capital Management Corporation**

Christa D. Haas, Esq.
Edward A. Scallet, Esq
Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5881

**Attorney for Defendants Mellon Bank, N.A. and Boston Safe Deposit and Trust Company**

# EXHIBIT B

Lynn Lincoln Sarko (LS-3700)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
(206) 623-3384 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA C. WALSH, Individually and on Behalf of All Others Similarly Situated, | ) ) |
| | ) Civ. No. 04 cv 8157 SWK |
| Plaintiff, | ) ECF Case |
| | ) |
| v. | ) |
| | ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| CHERYL MADDOX, on Behalf of Herself and a Class of Persons Similarly Situated, | ) ) |
| | ) Civ. No. 04 cv 8311 SWK |
| Plaintiff, | ) ECF Case |
| | ) |
| v. | ) |
| | ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

[ADDITIONAL CAPTIONS APPEAR FOLLOWING SIGNATURE BLOCKS]

RENZI PLAINTIFFS' ████████ PRETRIAL ORDER 1:
CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFFS AND
ESTABLISHING LEADERSHIP STRUCTURE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-05

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA") involving the Marsh & McLennan Companies Stock Investment Plan and the Putnam Investments Profit Sharing Plan (collectively the "Plans"), retirement plans established and sponsored by Marsh & McLennan Companies Inc. ("MMC" or "Marsh") and/or Putnam Investments, Inc. as a benefit for their employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, appointment of Lead Plaintiffs, a Lead Counsel/Chair of an ERISA Executive Committee, an ERISA Executive Committee, and Liaison Counsel is appropriate and consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

NOW, THEREFORE, THE COURT ORDERS as follows:

### I. CONSOLIDATION OF RELATED ACTIONS

The above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Marsh ERISA Litigation*, Master File No. 04-cv-8157.

### II. CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE MARSH<br>ERISA LITIGATION | ) ) ) | MASTER FILE: 04 cv 8157 |
| THIS DOCUMENT RELATES TO: | ) ) ) ) ) | |

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

### III. MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### IV. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 04 cv 8157. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate

3

file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

    (a)    File a copy of this Order in the separate file for such action;

    (b)    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

    (c)    Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans (as defined above). This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the

4

date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. APPOINTMENT OF INTERIM LEAD PLAINTIFFS

The Court appoints Plaintiffs Carol Renzi, Donald Hundley, Conrad Simon and Kristina Schatz as Interim Lead Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The Lead Counsel/Chair of the Executive Committee as identified below may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

## VIII. APPOINTMENT OF ERISA EXECUTIVE COMMITTEE UNDER DIRECTION OF LEAD COUNSEL/CHAIR, KELLER ROHRBACK L.L.P

The Court designates the following to act as Lead Counsel and Chair of an ERISA Executive Committee for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

Lynn Lincoln Sarko
**Keller Rohrback L.L.P.**

The Lead Counsel/Chair of the ERISA Executive Committee shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

5

(a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(b) presiding over meetings of the ERISA Executive Committee and having the responsibility for the orderly and efficient functioning of the ERISA Executive Committee;

(c) assigning work to plaintiffs' counsel on the ERISA Executive Committee or otherwise as noted in (d) below;

(d) appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel/Chair on all litigation matters and the performance of such work assignments as are delegated to them by the Lead Counsel/Chair;

(e) retaining experts;

(f) communicating with the court;

(g) communicating with defense counsel;

(h) conducting settlement negotiations;

(i) collecting and reviewing time and expense records from all plaintiffs' counsel;

(j) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(k) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

In addition to Keller Rohrback L.L.P., the members of the Executive Committee shall include:

Robert Izard (member)
**Schatz & Nobel, P.C.**

6

Marc Machiz (member)
**Cohen, Milstein, Hausfeld & Toll, P.L.L.C.**

**Goodkind Labaton Rudoff & Sucharow LLP (member)**
(which shall also serve, as noted below, as liaison counsel)

With respect to the above duties, and any other matter pertaining to the lawsuit, the actions of Executive Committee members shall be directed by Keller Rohrback L.L.P. as Lead Counsel/Chair of the Executive Committee. The Lead Counsel/Chair shall direct the Executive Committee members in such manner as to ensure the effective, and efficient prosecution of the lawsuit, and without duplication of effort.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the ERISA Executive Committee at the direction of the Lead Counsel/Chair.

All plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to the Lead Counsel/Chair and the Court.

The Executive Committee is appointed interim lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## IX. APPOINTMENT OF LIAISON COUNSEL

The Court designates the following to act as Liaison Counsel for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

**Goodkind Labaton Rudoff & Sucharow LLP**
100 Park Avenue
New York, NY 10017

The Liaison Counsel shall serve as a member of the Executive Committee. Plaintiffs' Liaison Counsel shall act at the direction of the Lead Counsel/Chair of the ERISA Executive

Committee. Plaintiffs' Liaison Counsel shall assist the Lead Counsel/Chair and the ERISA

Executive Committee in facilitating coordination and communications among counsel for the

parties and with the Court and otherwise assist in the coordination of discovery, presentations at

pretrial conferences and other pretrial activities.

Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed.

R. Civ. P. 5(a) by serving the Lead Counsel/Chair of the ERISA Executive Committee and

Liaison Counsel.

## X. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a

party to any action in which he, she or it has not been named, served or added as such in

accordance with the Federal Rules of Civil Procedure. The terms of this Order and the

consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses

to any action.

## XI. PRELIMINARY SCHEDULE OF PROCEEDINGS

To the extent that they have not already done so, the Lead Counsel/Chair of the ERISA

Executive Committee and counsel for the Defendants shall confer regarding the timing of

Plaintiffs' Consolidated Complaint and Defendants' response thereto, and shall submit a

proposed schedule for the Court's approval. As it is in the interest of all parties that only the

proper parties are named in the consolidated complaint, the parties should also discuss the initial

production of core ERISA documents and information that would enable Plaintiffs to accurately

identify the specific persons who serve as plan fiduciaries. Core ERISA documents include, but

are not limited to, Plan documents and materials that describe the operation, administration, and

management of the Plan; documents that identify the Plan fiduciaries and describe the scope of

their fiduciary duties; and board or committee minutes and/or resolutions that pertain to the Plan

8

and show the appointment or removal of Plan fiduciaries or otherwise demonstrate the fiduciary function of the board or any committee.

The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

The Lead Counsel/Chair of the Executive Committee and defense counsel also shall confer regarding the timing and schedule for briefing of any motion by any defendants directed at the consolidated complaint, and shall submit a proposed schedule for the Court's approval.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: February 8 , 2005.

United States District Judge Shirley W. Kram

9

| | |
|---|---|
| ANDREW TSIROPINAS, Individually and on Behalf of All Others Similarly Situated, | ) ) |
| | ) Civ. No. 04 cv 8398 SWK |
| Plaintiff, | ) ECF Case ) |
| | ) |
| v. | ) ) |
| PUTNAM, LLC, et al., | ) ) |
| | ) |
| Defendants. | ) ) |
| CAROL RENZI, Individually and on Behalf of All Others Similarly Situated, | ) ) |
| | ) Civ. No. 04 cv 8399 SWK |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) |
| | ) |
| Defendants. | ) ) |
| LAURA JORDAN, on Behalf of Herself and All Others Similarly Situated, | ) ) |
| | ) Civ. No. 04 cv 8409 SWK |
| Plaintiff, | ) ECF Case ) |
| | ) |
| v. | ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) |
| | ) |
| Defendants. | ) ) |

DONNA SCHUELE, on Behalf of Herself and )
All Others Similarly Situated and on Behalf of )
the Marsh & McLennan Companies Stock ) Civ. No. 04 cv 8430 SWK
Investment Plan, ) ECF Case
)
Plaintiff, )
)
)
v. )
)
MARSH & McLENNAN COMPANIES, INC., )
et al., )
)
Defendants. )
)

ANDREA CAMPAGNUOLO and CHARLES )
E. WIGHT, on Behalf of a Class and All Others )
Similarly Situated, ) Civ. No. 04 cv 8458 SWK
) ECF Case
Plaintiffs, )
)
v. )
)
MARSH & McLENNAN COMPANIES, INC., )
et al., )
)
Defendants. )
)

CHRISTINE CORREA, on Behalf of Herself )
and a Class of Persons Similarly Situated, )
) Civ. No. 04 cv 8519 SWK
Plaintiff, ) ECF Case
)
v. )
)
MARSH & McLENNAN COMPANIES, INC., )
et al., )
)
Defendants. )
)

11

| | |
|---|---|
| CONRAD J. SIMON, JR., PATRICIA T. BYRNES, BETH ANN THOMAS, WILLIAM M. GOLD and MANUAL G. SAMUDIO, on Behalf of the Marsh & McLennan Companies Stock Investment Plan and the Putnam Investments Profit Sharing Retirement Plan, and on Behalf of a Class of Similarly Situated Individuals, | ) ) ) Civ. No. 04 cv 8586 SWK ) ECF Case ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |
| LOUISE HARKINSON, on Behalf of Herself and a Class of Persons Similarly Situated, | ) ) ) Civ. No. 04 cv 8716 SWK ) ECF Case |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |
| DAYNA ROBERTS, on Behalf of Herself and All Others Similarly Situated, | ) ) ) Civ. No. 04 cv 8717 LAP ) ECF Case |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

12

| | |
|---|---|
| KRISTINA SCHATZ, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civ. No. 04 cv 8783 SWK |
| Plaintiff, | ) ECF Case ) |
| v. | ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |
| THOMAS STRANGE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civ. No. 04 cv 8809 SWK |
| Plaintiff, | ) ECF Case ) |
| v. | ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |
| BRIAN A. DUKE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civ. No. 04 cv 9090 SWK |
| Plaintiff, | ) ECF Case ) |
| v. | ) ) |
| MARSH & McLENNAN COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

13

| | |
|---|---|
| ARIEL NELSON, on Behalf of Himself, the Marsh & McLennan Companies Stock Investment Plan, and a Class of Persons Similarly Situated, | ) <br> ) <br> ) Civ. No. 04 cv 9522 SWK <br> ) ECF Case <br> ) |
|      Plaintiffs, | ) <br> ) |
|      v. | ) <br> ) |
| MARSH & MCLENNAN COMPANIES, INC., et al., | ) <br> ) <br> ) |
|      Defendants. | ) |

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| ) | Case Nos. 02-CV-153-H(M) |
| ) | **(Lead Case)** |
| ) | |
| IN RE: | F I L E D    02-CV-159-H(M) |
| WILLIAMS COMPANIES | ) 02-CV-285-H(M) |
| ERISA LITIGATION | ) OCT 2 8 2002 02-CV-289-H(C) |
| ) | |
|  | Phil Lombardi, Clerk |
|  | U.S. DISTRICT COURT |

## ORDER

This matter comes before the Court on the parties' motions to appoint lead plaintiffs and

lead counsel.[1]  The Court heard argument on the parties' motions at a hearing on August 16,

2002.  In accordance with the Court's instructions at the hearing, the parties submitted additional

briefing on the following issues:  (1) responsibilities of lead and liaison counsel; and

(2) compensation structure for lead counsel and liaison counsel.  The parties also submitted a

Joint Status Report (Docket No. 44), on August 26, 2002, outlining the parties' agreed proposed

schedule for certain pretrial dates.

---

[1]  On August 14, 2002, the Court ordered the consolidation of Case Nos. 02-CV-153-H(M), 02-CV-159-H(M), 02-CV-285-H(M) and 02-CV-289-H(C), and directed all future pleadings to be filed in Case No. 02-CV-153-H(M).  Before the entry of the Court's consolidation order (Docket No. 41), the parties filed the following motions for the appointment of lead plaintiff and lead counsel:

- Plaintiffs' Joint Motion for (1) Consolidation and Other Case Management Procedures; and (2) Appointment of Co-Lead Plaintiffs and Approval of Their Selection of Lead Counsel and Brief in Support (Case No. 02-CV-153, Docket No. 3; and Case No. 02-CV-159, Docket No. 5), filed on March 29, 2002;
- Brief in Opposition to the Van Ness/Nelson Joint Motion for (1) Consolidation and (2) Appointment of Co-Lead Plaintiffs and In Support of Cross-Motion and Brief for (1) Consolidation and (2) Entry to Separate Pretrial Order (Case No. 02-CV-285, Docket No. 2), filed April 19, 2002; and
- Motion for Appointment as Lead Plaintiffs and In Opposition to the Motions Filed by Phillip Nelson and Emily Van Ness (Case No. 02-CV-153, Docket No. 27; Case No. 02-CV-159, Docket No. 18; Case No. 02-CV-285, Docket No. 26; and Case No. 02-CV-289, Docket No. 20), filed on July 9, 2002.

Pursuant to the entry of this order, these motions are hereby denied as moot.



The Court has carefully reviewed the briefs submitted by the lead plaintiff movants, and, for the reasons set forth below, hereby orders the appointment of Karen Raider, Michael J. Van Sickle, and Kristine Zeigler as lead plaintiffs. The Court further orders the appointment of Lynn Sarko of Keller Rohrback, LLP ("Keller Rohrback") as lead counsel on behalf of the class, and Marc I. Machiz of Cohen, Milstein, Hausfeld & Toll ("Cohen, Milstein") as associate counsel on behalf of the class. The Court holds in abeyance the appointment of liaison counsel.

I

The Court finds that proposed lead plaintiffs Ms. Raider, Mr. Van Sickle, and Ms. Zeigler adequately represent the interests of the putative class.[2] The Court is not aware of any interests of these proposed lead plaintiffs that are atypical of or antagonistic to those of the class. Thus, the Court hereby orders the appointment of Ms. Raider, Mr. Van Sickle, and Ms. Zeigler as lead plaintiffs.

II

The Court finds that the structuring of multiple plaintiffs' counsel is essential to avoid unnecessary costs and duplicative activity by counsel for the consolidated putative class. See Howard B. Newberg and Alba Conte, Newberg on Class Actions § 9.06, at 9-14 (3d ed. 1992). Pursuant to Federal Rule of Civil Procedure 42(a), the Court "may make such orders concerning

---

[2] The Court declines to undertake, at this stage of the litigation, a detailed analysis regarding whether the proposed lead plaintiffs satisfy the requirements of Fed. R. of Civ. P. 23. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Many courts agree, however, that a "wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in Rule 23(a)(3) and 23(a)(4)." Lax, 1997 WL 461036, at *6 (internal quotations omitted); see also Microstrategy, 110 F. Supp. 2d 427; Aronson, 79 F. Supp. 2d at 1158 (citations omitted) (holding that, at the lead plaintiff appointment stage, "all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate.").

2

proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a); see also Fed. R. Civ. P. 16(c)(16) (explaining that the Court may hold conferences on and take appropriate action with respect to any matters that "may facilitate the just, speedy, and inexpensive disposition of the action").

The appointment of separate lead counsel, liaison counsel, or executive committees for plaintiffs is an issue that is directed to the sound discretion of the trial court so that it may exercise its inherent managerial powers.  See In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1014 (5th Cir. 1977) ("It is not open to serious question that a federal court in a complex, consolidated case may designate one attorney or set of attorneys to handle pre-trial activity on aspects of the case where the interests of all co-parties coincide."); In re Joint E. and S. Dists. Asbestos Litig., 132 F.R.D. 332, 333 (S.D.N.Y. 1990) ("[T]he court has power to act prior to addressing the merits of the class certification motion; it may appoint counsel to represent the proposed class.").

In appointing lead counsel, "the overriding interest of the Court . . . is the vigorous protection of the rights of the . . . class." United States Trust Co. of New York v. Alpert, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (quoting Percodani v. Riker-Maxson Corp., 51 F.R.D. 26 (S.D.N.Y. 1970)).  Courts generally consider:

> the attorney's experience; the attorney's skills and acumen; the attorney's resources, including staff; the attorney's reputation in the field; and the attorney's performance through the litigation to date.  In addition, counsel's adequate representation of a class in the past is good evidence that she will adequately represent the class now.

United States Trust Co., 163 F.R.D. at 422-23 (citations omitted).  Attorneys who are appointed or approved by the court to serve as designated counsel must have the "resources, commitment, and the qualifications to accomplish the assigned tasks." Manual for Complex Litigation (Third) § 20.224 (1995).

3

The Court finds that the lead counsel proposed by Ms. Raider, Mr. Van Sickle, and Ms. Zeigler, Keller Rohrback, is experienced and qualified counsel who is generally able to conduct the litigation as lead counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as co-lead counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of the law. Mr. Sarko's presentation at the August 16, 2002 hearing before the Court evidences Keller Rohrback's ability to adequately represent the class. Moreover, Keller Rohrback has represented to the Court that the firm is "prepared to be the anchor for funding this litigation," indicating the financial commitment and resources necessary to prosecute the action on behalf of the class. For these reasons, the Court hereby appoints Keller Rohrback as lead counsel for the putative class.

Likewise, the Court finds that Cohen, Milstein is also qualified and experienced counsel with significant leadership experience in complex class action litigation. The Court further finds that Mr. Machiz, as the former chief ERISA lawyer for the Department of Labor ("DOL"), responsible for all ERISA enforcement litigation on behalf of the DOL, can provide valuable ERISA expertise for the benefit of the class. Moreover, the Court finds that the mutual respect and cooperation between Keller Rohrback and Cohen, Milstein, which was demonstrated at the August 16, 2002 hearing before the Court, makes Cohen, Milstein particularly suitable to serve as associate counsel under the direction of Keller Rohrback. For these reasons, the Court hereby appoints Cohen, Milstein as associate counsel for the putative class.

Certain lead plaintiff movants have proposed the creation of a steering committee of law firms or, alternatively, a larger panel of associate counsel. The Court, however, finds that, under the circumstances of this case, the interests of the putative class will be adequately represented through the appointment of lead counsel and associate counsel, without the need for additional

4

counsel at this time.[3] <u>See</u> Manual for Complex Litigation (Third) § 20.22 (1995) ("Because the appointment of committees of counsel can lead to substantially increased costs, they should not be made unless needed."); <u>see also</u> <u>United States Trust Co. of New York v. Alpert</u>, 163 F.R.D. 409 (S.D.N.Y. 1995) (declining to appoint co-lead counsel where lead counsel possessed the ability commitment and resources to prosecute the action and where it "would only cost the class members additional fees and expenses and further deplete [any recovery]"); <u>In re "Agent Orange" Prod. Liab. Litig.</u>, 534 F. Supp. 1046, 1052-53 (E.D.N.Y. 1982) (declining to appoint steering committee where lead counsel was qualified, willing, and capable of prosecuting the claims).

III

A. Responsibilities of Lead Counsel

Keller Rohrback, as lead counsel, shall direct and coordinate the prosecution of Plaintiffs' claims in the consolidated action and shall be responsible for ensuring that the case is effectively and efficiently prosecuted on behalf of the putative class. In this regard, Keller Rohrback shall have the responsibility of:

1. Determining the scope, order and conduct of all discovery proceedings;

2. Assigning work to associate counsel and liaison counsel as appropriate;

3. Initiating, responding to, briefing, and arguing dispositive motions;

4. Retaining experts;

5. Conducting settlement negotiations; and

6. Collecting detailed time and expense records from all plaintiffs' counsel.

Keller Rohrback shall communicate directly with lead plaintiffs and also with members of the putative class. Keller Rohrback shall provide the putative class regular updates, including

---

[3] Although the Court anticipates appointing liaison counsel in this litigation, the designation of such counsel is currently held in abeyance.

5

copies of key filings and all court orders in the case. Keller Rohrback is ultimately responsible for ensuring that the putative class has the financial and legal resources to litigate this case to conclusion.

### B.  Responsibilities of Associate Counsel

Cohen, Milstein, as associate counsel, shall assist and act at the direction of Keller Rohrback in the conduct of the litigation. Cohen, Milstein shall be responsible for consulting with Keller Rohrback on all assigned litigation matters and the performance of such work assignments as delegated by Keller Rohrback. Delegated tasks may include, for example, reviewing and reporting on certain documents, filing and arguing certain motions, preparing and defending certain groups of fact and expert witnesses, researching and briefing issues relating to dispositive motions, analyzing and briefing any disputes regarding insurance coverage, preparing documents and witness for trial, presenting evidence at trial.

### C.  Responsibilities of Liaison Counsel

Once appointed, liaison counsel shall assist and act under the direction of Keller Rohrback in the conduct of the litigation. Liaison counsel, like associate counsel, shall be responsible for consulting with Keller Rohrback on all assigned litigation matters and the performance of such delegated work assignments. In addition to any such delegated tasks, liaison counsel shall also have the specific responsibility on behalf of Plaintiffs for:

1.  Serving as the primary interface with the Court, particularly with regard to the Court-administered settlement process;

2.  Communicating with the Court and other counsel, including receipt and distribution of notices, orders and motions on behalf of the leadership structure;

3.  Handling hearings before the Magistrate Judge regarding discovery and certain emergency matters; and

4.  Coordinating with lead counsel in resolving scheduling conflicts.

6

IV

The Court recognizes that any compensation that might be awarded to Plaintiffs' counsel, if successful in this litigation, must be determined by the Court to be fair and appropriate at the time the case is resolved. The proposed compensation structures of the lead plaintiff movants, however, will inform any future determination by the Court of reasonableness. In this regard, designated counsel shall render services as economically as possible under the circumstances. Counsel should limit the number of persons attending conferences and depositions, writing briefs, and performing other tasks. Compensation will not be approved for unnecessary or duplicative activities or services. In this regard, the Court hereby directs all counsel, whether lead counsel, associate counsel, or liaison counsel, to keep detailed time records in order that, if necessary, the Court may review the time spent and the tasks engaged in by each counsel.

Keller Rohrback and Cohen, Milstein have proposed to the Court that costs be reimbursed on a "special reduced basis." Specifically, Keller Rohrback and Cohen, Milstein proposed the following:

(1)  Reducing their normal in-house copying charges to 15 cents per page;

(2)  Billing at cost all telephone, telecopy, audiovisual, exhibit materials, and document imaging charges;

(3)  Charging only "coach," and not first or business class airfare;

(4)  Absorbing all secretarial and clerical overtime without cost to the class;

(5)  Booking travel, meal and hotel accommodations on an economical basis; and

(6)  Carefully negotiating transcript costs.

The Court finds that such commitments to cost savings are in the best interest of the putative class, and thus hereby orders that the costs incurred by counsel conform to the above proposed "special reductions."

7

V

On August 26, 2002, the parties filed a Joint Status Report, which included a proposed schedule that would govern the timing of submissions following the entry of the Court's order appointing lead plaintiff and lead counsel. Pursuant to the appointment of Ms. Raider, Mr. Van Sickle, and Ms. Zeigler as lead plaintiffs and Keller Rohrback as lead counsel on behalf of the putative class, and in accordance with the parties' proposed schedule, the Court hereby sets the following schedule:

| | |
|---|---|
| Plaintiffs to provide Defendants with a list of requested documents to be produced by Defendants in accordance with Fed. R. Civ. P. 26(a): | November 4, 2002 |
| Parties to produce documents pursuant to Fed. R. Civ. P. 26(a); Defendants to file motion regarding discovery/ protective order regarding certain documents: | November 18, 2002 |
| Plaintiffs to respond to Defendants' motion regarding discovery/protective order: | December 9, 2002 |
| Plaintiffs to file consolidated amended complaint: | December 12, 2002 |
| Plaintiffs to file motion to certify the class: | January 6, 2003 |
| Defendants to file motion pursuant to Fed. R. Civ. P. 12(b)(6): | January 27, 2003 |
| Plaintiffs to respond to Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6): | February 26, 2003 |
| Deadline for Defendants to complete discovery regarding class certification: | March 7, 2003 |

| | |
|---|---|
| Defendants to reply regarding motion pursuant to Fed. R. Civ. P. 12(b)(6): | March 28, 2003 |
| Defendants to respond to Plaintiffs' motion to certify the class: | April 7, 2003 |
| Hearing on Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6): | April 11, 2003, at 2:30 p.m. |
| Plaintiffs to reply regarding motion to certify the class: | May 7, 2003 |
| Hearing on Plaintiffs' motion to certify the class: | May 16, 2003, at 9:30 a.m. |

The Court hereby refers to Magistrate Judge Paul J. Cleary the parties' request for a settlement conference to be scheduled as soon as practicable after May 15, 2003.

IT IS SO ORDERED.

This 28TH day of October, 2002.

Sven Erik Holmes
United States District Judge

9

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
IN RE WORLDCOM, INC. ERISA LITIGATION   :        MASTER FILE
                                        :        02 Civ. 4816 (DLC)
This Document Relates to: All Actions   :
                                        :              ORDER
                                        :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

    As set forth at a conference on November 18, 2002, it is

hereby

    ORDERED as follows:

    1.    Stephen Vivien, Gail M. Grenier, and John T. Alexander

are appointed Lead Plaintiffs.

    2.    Keller Rohrback, L.L.P. shall serve as Lead Counsel for

all plaintiffs in the above-captioned actions.  Jeffrey Lewis of

Lewis & Feinberg, P.C. and Elizabeth J. Cabraser of Lieff

Cabraser Heimann & Bernstein, L.L.P. shall serve as members of

the plaintiffs' Steering Committee.  Stull, Stull & Brody shall

serve as local counsel.

    3.    Lead Counsel shall have the following responsibilities:

        a.    Sign any consolidated complaint, motions, briefs,

    discovery requests, objections, stipulations, or notices on

    behalf of plaintiffs for any matters arising during pretrial

    proceedings;

        b.    Chair and participate in meetings of the Steering

    Committee;

1

    c.   Conduct all pretrial proceedings on behalf of plaintiffs;

    d.   Brief and argue motions;

    e.   Initiate and conduct discovery;

    f.   Speak on behalf of plaintiffs at any pretrial conference;

    g.   Employ and consult with experts;

    h.   Conduct settlement negotiations with defense counsel on behalf of plaintiffs;

    i.   Call meetings of plaintiffs' counsel;

    j.   Accept service on behalf of all plaintiffs; and

    k.   Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions which shall be available to all plaintiffs' counsel at reasonable hours.

4.   Members of the Steering Committee shall be available for conferences with Lead Counsel to consult and advise on strategy and, at the option of lead counsel, to participate in settlement negotiations.

5.   Plaintiffs shall file a consolidated amended complaint for the Consolidated Actions and any actions subsequently consolidated with them on or before December 20, 2002.

6.    Defendants shall answer or move on or before January 17, 2003.  If a motion is filed, plaintiffs shall submit their opposition on or before February 7, 2003.  Defendants shall reply on or before February 14, 2003.  At the time the reply is served, defendants shall supply two courtesy copies of all motion papers to Chambers by delivering them to the Courthouse Mailroom, 8th Floor, United States Courthouse, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:    New York, New York
          November 18, 2002

_____
DENISE COTE
United States District Judge

3

Copies sent to:

Lynn Sarko
Keller Rohrbach, LLP
1201 Third Avenue, 32nd Floor
Seattle, WA 98101

PLEASE IMMEDIATELY SEND COPIES TO ALL COUNSEL

# EXHIBIT E

*Annotated*

# MANUAL FOR
# COMPLEX LITIGATION, FOURTH

## 2004

by

David F. Herr
Maslon Edelman Borman & Brand, LLP
Minneapolis



THOMSON

WEST

MANUAL FOR COMPLEX LITIGATION, THIRD
is a publication of the Federal Judicial Center.

40175824

**10.22**
.22  Coordination in Multiparty Litigation

**10. General Principles**
Secondary Authority

"reasonable efforts to expedite litigation consistent with the interests of the client."[59][24]

### 10.22  Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees

.221 Organizational Structures 35
.222 Powers and Responsibilities 35
.223 Compensation  36
.224 Court's Responsibilities  36
.225 Related Litigation  37

Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the court, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged. More often, however, the court will need to institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients with respect to specified aspects of the litigation. To do so, invite submissions and suggestions from all counsel and conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable. Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel.

#### 10.221  Organizational Structures

Attorneys designated by the court to act on behalf of other counsel and parties in addition to their own clients (referred to collectively as "designated counsel") generally fall into one of the following categories:

- *Liaison counsel.* Charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court. The court may appoint (or the parties may select) a liaison for each side,[25] and if their functions are strictly limited to administrative matters, they need not be attorneys.[60]

- *Lead counsel.* Charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation.

---

59.  *See also* Model Rules of Prof'l Conduct R. 3.1 (2002) (meritorious claims and contentions); Model Code of Prof'l Responsibility DR 7-102(A)(1) (1981) (action taken merely to harass).
60.  *See In re* San Juan Dupont Plaza Hotel Fire Litig., MDL No. 721, 1989 WL 168401, at *19–20 (D.P.R. Dec. 2, 1988) (defining duties of "liaison persons" for plaintiffs and defendants).

Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

* *Trial counsel.* Serve as principal attorneys at trial for the group and organize and co-ordinate the work of the other attorneys on the trial team.
* *Committees of counsel.* Often called steering committees, coordinating committees, management committees, executive committees, discovery committees, or trial teams. Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately. Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses. See section 14.21 on controlling attorneys' fees.

The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties. Depending on the number and complexity of different interests represented, both lead and liaison counsel may be appointed for one side, with only liaison counsel appointed for the other. One attorney or several may serve as liaison, lead, and trial counsel. The functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.[26]

*10.222 Powers and Responsibilities*

The functions of lead, liaison, and trial counsel, and of each committee, should be stated in either a court order or a separate document drafted by counsel for judicial review and approval.[61] This document will inform other counsel and parties of the scope of designated counsel's authority and define responsibilities within the group. However, it is usually impractical and unwise for the court to spell out in detail the functions assigned or to specify the particular decisions that designated counsel may make unilaterally and those that require an affected party's concurrence. To avoid controversy over the interpretation of the terms of the court's appointment order, designated counsel should seek consensus among the attorneys (and any unrepresented parties) when making decisions that may have a critical impact on the litigation.

Counsel in leadership positions should keep the other attorneys in the group advised of the progress of the litigation and consult them about decisions significantly affecting their clients. Counsel must use their judgment about limits on this communication; too much communication may defeat the objectives of efficiency and economy, while too little may prejudice the interests of the parties. Communication among the various allied counsel and their respective clients should not be treated as

---

61.  *See* Sample Order *infra* section 40.22.

## 40.22  Responsibilities of Designated Counsel

It is ORDERED:

1. *Plaintiffs' Lead Counsel.* Plaintiffs' lead counsel[1] shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall
   (a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other cocounsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
   (b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;
   (c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;
   (d) delegate specific tasks to other counsel or committees of counsel,[2] as authorized by the court, in a manner to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively;
   (e) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;
   (f) prepare and distribute periodic status reports to the parties;
   (g) maintain adequate time and disbursement records covering services as lead counsel;
   (h) monitor the activities of cocounsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and
   (i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.
   Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of lead counsel.
2. *Plaintiffs' Liaison Counsel.* Plaintiffs' liaison counsel shall
   (a) maintain and distribute to cocounsel and to defendants' liaison counsel an up-to-date service list;
   (b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];[742]
   (c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository]; and
   (d) establish and maintain a document depository [see section 40.261].
3. *Plaintiffs' Steering Committee.* The other members of plaintiffs' steering committee shall from time to time consult with plaintiffs' lead and liaison counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.
4. *Defendants' Liaison Counsel.* Defendants' liaison counsel shall
   (a) maintain and distribute to cocounsel and to plaintiffs' liaison counsel an up-to-date service list;
   (b) receive and, as appropriate, distribute to cocounsel orders from the court [and documents from opposing parties and counsel];
   (c) maintain and make available to cocounsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository];
   (d) establish and maintain a document depository [see section 40.261]; and

**40. Sample Orders**
FJC Text

(e)  call meetings of cocounsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

5. *Privileges Preserved*. No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

Dated: _____        _____
                                        United States District Judge

*Notes:*

1.  In litigation involving different types of claims, such as economic injury and personal injury claims, the court and counsel may wish to create parallel structures for the cases.

2.  In litigation involving cases in state and federal courts, the court and counsel should consider appointing a state–federal liaison committee to coordinate pretrial and trial activity, particularly discovery.[743]

# EXHIBIT F





# ERISA LITIGATION GROUP



Keller Rohrback L.L.P.   1201 Third Avenue  Suite 3200   Seattle, WA 98101 | 206.623.1900

Keller Rohrback P.L.C.   3101 North Central Avenue   Suite 1400   Phoenix, AZ 85012 | 602.248.0088

www.ERISAfraud.com

www.SeattleClassAction.com

 

# KELLER·ROHRBACK
### L A W   O F F I C E S

# ERISA LITIGATION GROUP

## LEADERS IN ERISA CLASS ACTION LITIGATION

KELLER ROHRBACK is the nation's leading law firm handling ERISA retirement plan litigation on behalf of Plaintiffs. Our ERISA Litigation Group has been instrumental in pioneering this cutting-edge field of law in the *IKON*, *Lucent* and *Enron* ERISA cases, the first large-scale ERISA 401(k) breach of fiduciary duty lawsuits of their kind. We are widely reported as an ERISA "powerhouse."

On behalf of our clients, Keller Rohrback has played a major role in establishing that ERISA's strict fiduciary duties apply to companies' investment of employees' retirement savings in the stock of the employers. Our efforts have resulted in numerous published decisions upholding Plaintiffs' ERISA claims, granting class certification, and approving several multi-million dollar settlements. In all, to date, Keller Rohrback has recovered over $750 million for employees on behalf of their retirement savings plans.

Federal courts throughout the country have recognized Keller Rohrback's qualifications to vigorously pursue ERISA class action claims. Thus, Keller Rohrback has served as lead or Co-Lead Counsel in almost every major ERISA breach of fiduciary duty case involving 401(k) and ESOP plans, including ERISA litigation against the following corporations:

*Founded in 1919, today Keller Rohrback has 58 attorneys and 90 staff members who provide expert legal services to our clients nationwide. We use cutting-edge technology and case management techniques in the preparation and trial of complex cases. Our excellent support staff includes in-house programming personnel and experienced paralegals who contribute significantly to our ability to effectively and efficiently litigate complex class action cases nationwide. The firm's ERISA Litigation Group regularly calls on firm attorneys in other practice areas for expertise in bankruptcy, contracts, employment law, executive compensation, corporate transactions, financial institutions, insurance coverage, mergers and acquisitions, professional malpractice, and securities transactions. The firm's in-house access to these resources distinguishes Keller Rohrback from other class action firms and also contributes to the firm's success.*

- *AIG*
- *BellSouth*
- *CIGNA*
- *CMS Energy*
- *Delphi*
- *Dynegy*
- *Enron*
- *Ford Motor Co.*
- *Fremont General Corp.*
- *Global Crossing*
- *The Goodyear Tire & Rubber*
- *HealthSouth*
- *Household Int'l*
- *Krispy Kreme Doughnut*
- *Lucent Technologies*
- *Marsh*
- *Merck*
- *Mirant*
- *Polaroid*
- *Providian*
- *Pfizer*
- *Southern Company*
- *Syncor*
- *Williams Companies*
- *WorldCom*
- *Xerox*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                              www.SeattleClassAction.com



 

## ERISA LITIGATION GROUP

## ERISA 401(k) and ESOP Cases

Keller Rohrback is proud to have an unparalleled track record of assisting our clients allege highly technical claims, including the following: (1) failure to prudently and loyally manage the plan and plan assets; (2) failure to provide complete and accurate information regarding company stock to Plan participants; and (3) failure to prudently monitor Plan fiduciaries. We are honored that courts nationwide have repeatedly praised Keller Rohrback's leadership and successful results in this highly complex and rapidly developing area of law.

*"[Keller Rohrback] has performed an important public service in this action and has done so efficiently and with integrity . . . [Keller Rohrback] has also worked creatively and diligently to obtain a settlement from WorldCom in the context of complex and difficult legal questions . . . [Keller Rohrback] should be appropriately rewarded as an incentive for the further protection of employees and their pension plans not only in this litigation but in all ERISA actions."* In re WorldCom, Inc. ERISA Litig., *59 Fed. R. Serv. 3d 1170, 33 Empl. Benefits Cas. (BNA) 2291 (S.D.N.Y. Oct. 18, 2004).*

*"The Court finds that [Keller Rohrback] is experienced and qualified counsel who is generally able to conduct the litigation as Lead Counsel on behalf of the putative class. Keller Rohrback has significant experience in ERISA litigation, serving as Co-Lead Counsel in the Enron ERISA litigation, the Lucent ERISA litigation, and the Providian ERISA litigation, and experience in complex class action litigation in other areas of the law. Mr. Sarko's presentation at the August 26, 2002 hearing before the Court evidences Keller Rohrback's ability to adequately represent the class."* In re Williams Cos. ERISA Litig., *No. 02-153 (N.D. Okla. Oct. 18, 2002) (order appointing Lead Counsel).*

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                             www.SeattleClassAction.com

KR    2

  **ERISA LITIGATION GROUP**

## Pioneering ERISA 401(k) and ESOP Cases

***Whetman v. IKON Office Solutions, Inc.***, No. MDL 1318 (E.D. Pa.) (Also cited as "*In re IKON Office Solutions, Inc. Securities Litigation.*"). The current wave of 401(k) company stock cases began with *Whetman v. IKON Office Solutions, Inc.*, No. 2-98-CV-89 (D. Utah). In a first-of-its-kind complaint, we alleged that company stock was an imprudent investment for the plan, that the fiduciaries of the plan failed to provide complete and accurate information concerning company stock to the participants, and that they failed to address their conflicts of interest. This case resulted in ground-breaking opinions in the ERISA 401(k) area of law on motions to dismiss, *Whetman v. IKON Office Solutions, Inc.*, 86 F. Supp. 2d 481 (E.D. Pa. 2000); class certification, *Whetman v. IKON Office Solutions, Inc.*, 191 F.R.D. 457 (E.D. Pa. 2000); approval of securities settlements with a carve-out for ERISA claims, *In re IKON Office Solutions Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000); and approval of ERISA settlements, *Whetman v. IKON Office Solutions, Inc.*, 209 F.R.D. 94 (E.D. Pa. 2002).

***In re Lucent Technologies, Inc. ERISA Litigation***, No. 01-CV-3491 (D.N.J.). Keller Rohrback was appointed Co-Lead Counsel in this class action brought on behalf of participants and beneficiaries of the Lucent defined contribution plans that invested in Lucent stock. The complaint alleged that the Defendants withheld and concealed material information from participants, thereby encouraging participants and beneficiaries to continue to make and to maintain substantial investments in company stock and the plans. The settlement provided for, among other relief, the payment of $69 million in cash and stock to the plan. Judge Joel Pisano approved the settlement on December 12, 2003.

***In re Enron Corp. ERISA Litigation***, No. H 01-CV-3913 (S.D. Tex.) (Also cited as "*Tittle v. Enron Corp.*"). Keller Rohrback served as Co-Lead Counsel in this class action filed in the Southern District of Texas on behalf of participants and beneficiaries of the Enron Corporation Savings Plan, a 401(k) plan and ESOP plan. On September 30, 2003, Judge Melinda Harmon denied Defendants' numerous motions to dismiss in a landmark decision that addressed in detail Defendants' obligations as ERISA fiduciaries, and upheld Plaintiffs' core ERISA claims. *See Tittle v. Enron Corp.*, 284 F. Supp. 2d 511 (S.D. Tex. 2003). Judge Harmon subsequently granted Plaintiffs' motion for class certification and affirmed Keller Rohrback as Co-Lead Counsel. *See Tittle v. Enron Corp.*, No. 01-3913, 2006 WL 1662596 (S.D. Tex. June 7, 2006). Plaintiffs have achieved settlements totaling more than $264 million in cash for the Enron plan participants.

***In re WorldCom, Inc. ERISA Litigation***, No. 02 Civ. 4816 (DLC) (S.D.N.Y.). Keller Rohrback serves as Lead Counsel in this class action filed in the Southern District of New York on behalf of participants and beneficiaries of the WorldCom 401(k) Salary Savings Plan. On June 17, 2003, Judge Denise Cote denied in part Defendants'

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                        www.SeattleClassAction.com

KR    3

  **ERISA LITIGATION GROUP**

motions to dismiss. *See In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003), and on October 4, 2004, granted Plaintiffs' motion for class certification. *See In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004). Settlements providing for injunctive relief and payments of over $48 million to the plan were approved on October 26, 2004 and November 21, 2005.

## *Groundbreaking ERISA 401(k) and ESOP Settlements*

Keller Rohrback's qualifications to lead ERISA 401(k) and ESOP class actions is nowhere more evident than in the highly favorable settlements it has achieved for the benefit of employees in several of its nationally prominent cases. In addition to the *Enron, WorldCom, IKON,* and *Lucent* settlements discussed above, these settlements include:

*In re BellSouth Corporation ERISA Litigation*, No. 02-CV-2440 (N.D. Ga.). On March 4, 2004, Judge J. Owen Forrester denied Defendants' motion to dismiss. *See Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004). On December 5, 2006, Judge Forrester approved a settlement that provided structural relief for the Plans valued at up to $90 million, plus attorneys fees and costs. *See In re BellSouth Corp. ERISA Litig.*, No. 02-CV-2440 (N.D. Ga. Dec. 5, 2006).

*In re CMS Energy ERISA Litigation*, No. 02-72834 (E.D. Mich.). On March 31, 2004, Judge George Caram Steeh denied Defendants' motions to dismiss. *See In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898 (E.D. Mich. 2004). On December 27, 2004, Judge Steeh granted plantiffs' motion for class certification. *See In re CMS Energy ERISA Litig.*, 225 F.R.D. 539 (E.D. Mich. 2004). Judge Steeh subsequently approved the $28 million settlement negotiated by the parties.

*In re Dynegy, Inc. ERISA Litigation*, No. H-02-3076 (S.D. Tex.). On March 5, 2004, the court denied, in part, Defendants' motions to dismiss. *See In re Dynegy, Inc. ERISA Litig.*, 309 F. Supp. 2d 861 (S.D. Tex. 2004). Subsequently, the parties reached a settlement that provided for the payment of $30.75 million in cash to the plan. On December 10, 2004, Judge Sim Lake approved the settlement. *See In re Dynegy, Inc. ERISA Litig.*, No. 02-3076 (S.D. Tex. Dec. 10, 2004).

*In re Global Crossing Ltd. ERISA Litigation*, 02 Civ. 7453 (GEL) (S.D.N.Y.). The *Global Crossing ERISA Litigation* settlement provided for, among other relief, the payment of $79 million to the plan. Judge Gerard Lynch approved the settlement on November 10, 2004. *See In re Global Crossing Ltd. ERISA Litig.*, No. 02-7453, 2004 WL 3019763 (S.D.N.Y. Dec. 29, 2004).

*In re HealthSouth Corp. ERISA Litigation*, No. CV-03-BE-1700-S (N.D. Ala.). On June 28, 2006, Judge Karon Bowdre approved a settlement in the amount of $28.875

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                        www.SeattleClassAction.com

KR  4

 **KELLER·ROHRBACK** L A W   O F F I C E S **ERISA LITIGATION GROUP**

million, with a possible additional $1 million from any HealthSouth recovery in the derivative action.

*In re Household International, Inc. ERISA Litigation*, No. 02 C 7921 (N.D. Ill.). On March 31, 2004, Judge Samuel Der-Yeghiayan denied, in part, Defendants' motions to dismiss. *See Cokenour v. Household Int'l Inc.,* No. 02-7921, 2004 WL 725973 (N.D. Ill. Mar. 31, 2004). The case subsequently settled for $46.5 million in cash to the plan. The court approved the settlement on November 22, 2004. *See Cokenour v. Household Int'l Inc.*, No. 02 C 7921 (N.D. Ill. Nov. 22, 2004).

*In re Mirant Corporation ERISA Litigation*, No. 1:03-CV-1027 (N.D. Ga.). On November 16, 2006, the court approved the settlement, including a payment of $9.7 million in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Polaroid ERISA Litigation*, No. 03-CV-8335 (S.D.N.Y.). On March 31, 2005, Judge William H. Pauley III granted in part and denied in part Defendants' motion to dismiss. *See In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005). On September 29, 2006, Judge Pauley granted Plaintiffs' motion for class certification. *See In re Polaroid ERISA Litig.,* 240 F.R.D. 65 (S.D.N.Y. 2006). The parties subsequently reached a settlement in the amount of $15 million, which was approved by the court on June 25, 2007.

*In re Providian Financial Corp. ERISA Litigation*, No. C-01-5027-CRB (N.D. Cal.). The *Providian ERISA Litigation* settlement provided for structural changes to the plan, as well as the payment of $8.6 million in cash to the plan. The court approved the settlement on June 30, 2003. *See In re Providian Fin. Corp. ERISA Litig.*, No. 01-5027, 2003 WL 22005019 (N.D. Cal. June 30, 2003).

*Smith v. Krispy Kreme Doughnut Corporation*, No. 1:05-CV-06187 (M.D.N.C.). The Krispy Kreme ERISA Litigation settlement provided for structural changes to the plan, as well as the payment of $4.75 million in cash. On January 10, 2007, Judge William L. Osteen approved the settlement.

*In re Southern Company ERISA Litigation*, No. 1:04-CV-1912-RWS (N.D. Ga.). On August 14, 2007, the court granted final approval of the settlement, including a payment of $15,000,000 in cash to the Plan for losses suffered by the certified Settlement Class.

*In re Visteon Corporation ERISA Litigation,* No. 05-71205 (E.D. Mich.). On March 9, 2007, Judge Aven Cohn approved a settlement in the amount of $7.6 million.

*In re Williams Companies ERISA Litigation*, No. 02-CV-153 (N.D. Okla.). On November 16, 2005, the court approved the settlement for $55 million in cash, plus

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                          www.SeattleClassAction.com
 KR 5

equitable relief in the form of a covenant that Williams will not take any action to amend

  **ERISA LITIGATION GROUP**

the Plan to (i) reduce the employer match thereunder below four percent prior to January 1, 2011, or (ii) require that the employer match be restricted in company stock prior to January 1, 2011.

## Pending ERISA Cases

In addition to the cases listed above, Keller Rohrback has been appointed lead or Co-Lead Counsel in numerous other ongoing ERISA 401(k) and ESOP class actions. Through these cases, Keller Rohrback has again and again demonstrated its expertise in ERISA law, and its ability to vigorously, creatively, and successfully pursue employees' rights under ERISA. Keller Rohrback's leading role in the development of this law is unique and distinguishes the firm from any other in the country. Notable pending cases include:

*In re AIG ERISA Litigation,* No. 04-CV-9387 (S.D.N.Y.). On December 12, 2006, the Honorable John E. Sprizzo issued an order in which he denied Defendants' motions to dismiss. See *In re AIG ERISA Litig.,* No. 04-9387 (S.D.N.Y. Dec. 12, 2006).

*In re Delphi Corporation Securities, Derivative & "ERISA" Litigation*, No. 05-CV-70882 (E.D. Mich.). On September 5, 2007, the Court preliminarily approved a settlement amount of $47 million, preliminarily certified a Settlement Class and scheduled a Fairness Hearing for November 13, 2007.

*In re Fremont General Corporation Litigation*, No. 2:07-cv-02693-FMC-FFM (C.D. Cal.). On August 17, 2007, Keller Rohrback was appointed sole Interim Lead Counsel.

*In re The Goodyear Tire & Rubber Company ERISA Litigation*, No. 5:03CV02180 (N.D. Ohio). Judge John R. Adams denied Defendants' motions to dismiss on July 6, 2006. *See In re The Goodyear Tire & Rubber Co. ERISA Litig.,* No. 03-2180, 2006 WL 1928470 (N.D. Ohio July 6, 2006).

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-0732 (S.D.N.Y.). On October 30, 2006, Judge Harold Baer, Jr. granted in part and denied in part Defendants' motion to dismiss. *See In re J.P. Morgan Chase Cash Balance Litig.*, 460 F. Supp. 2d 479 (S.D.N.Y. 2006). On May 30, 2007, Judge Baer granted in part and denied in part Plaintiffs' motion for class certification, and certified a class of participants with respects to Plaintiffs' age discrimination and ERISA notice claims. The Court appointed Keller Rohrback L.L.P. as class counsel along with its two Co-Lead Counsel firms. *See In re J.P. Morgan Chase Cash Balance Litig.*, No. 06-cv-0732, 242 F.R.D. 265 (S.D.N.Y. 2007).

*Lilly, et al. v. Oneida LTD, et al.*, No. 6:07-cv-0040 (N.D.N.Y.).

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com     www.SeattleClassAction.com     KR 6

  **ERISA LITIGATION GROUP**

*In re Marsh ERISA Litigation*, No. 04-CV-8157 (S.D.N.Y.). On December 14, 2006, the Honorable Shirley Wohl Kram issued an order in which she granted in part and denied in part the Defendants' Motions to Dismiss. *See In re Marsh ERISA Litig.*, No. 04-8157, 2006 WL 3706169 (S.D.N.Y. Dec. 14, 2006).

*In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, No. 3:05-CV-01151 (D.N.J.). On July 11, 2006, Judge Stanley R. Chesler granted in part and denied in part Defendants' motions to dismiss. *See In re Merck & Co., Inc., Sec., Derivative & "ERISA" Litig.,* No. 05-1151, 2006 WL 2050577 (D.N.J. July 11, 2006).

*Montoya, et al. v. ING Life Insurance and Annuity Company, et al.*, No. 07-CV-2574 (S.D.N.Y.).

*Nowak, et al. v. Ford Motor Company*, No. 06-cv-11718 (E.D. Mich.). On December 22, 2006, Keller Rohrback was appointed Interim Co-Lead Counsel and on May 8, 2007, the Consolidated Amended complaint was filed.

*In re Pfizer ERISA Litigation*, No. MDL-1688 (S.D.N.Y.).

*In re Syncor ERISA Litigation*, No. 03 CV 2446 (LGB) (C.D. Cal.). On August 23, 2004, Judge Baird denied, in part, Defendants' motions to dismiss. *See In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004). Judge Baird subsequently granted Plaintiffs' motion for class certification on March 28, 2005. The case recently settled for $4 million, but was dismissed on summary judgment before the settlement could be approved. Plaintiffs' appeal to enforce the settlement is pending in the Ninth Circuit Court of Appeals.

*In re Xerox Corporation ERISA Litigation*, No. 02-CV-1138 (AWT) (D. Conn.). On April 17, 2007, Judge Alvin W. Thompson denied in all significant parts the Defendants' motions to dismiss. *In re Xerox Corp. ERISA Litig.*, 483 F. Supp. 2d 206 (D. Conn. 2007).

## Representative Securities Fraud Cases

In addition to its work in the ERISA arena, Keller Rohrback also has served as lead or Co-Lead Counsel in a number of securities fraud class action cases where it has represented purchasers of securities.

*In re 2TheMart.Com Inc. Securities Litigation*, No. 99-1127 DOC (ANx) (S.D. Cal.). Keller Rohrback was appointed Co-Lead Counsel in this securities fraud class action and achieved a settlement of $2.7 million.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                    www.SeattleClassAction.com

KR    7

  **ERISA LITIGATION GROUP**

***In re Anicom Inc. Securities Litigation***, No. 00 C 4391 (N.D. Ill.). Keller Rohrback was one of three counsel representing the State of Wisconsin Investment Board in this securities fraud class action. Counsel achieved settlements on behalf of the class and other parties in excess of $39 million.

***In re Apple Computer, Inc. Derivative Litigation***, No. C-06-04128 (N.D. Cal.). Keller Rohrback serves on the Plaintiffs' Management Committee in this federal derivative shareholder action against nominal Defendant Apple Computer, Inc. and current and former officers and members of Apple's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 1993 and 2001, which practice diverted millions of dollars of corporate assets to Apple executives.

***In re Autodesk, Inc. Derivative Litigation***, No. 06-7185 (N.D. Cal.). Keller Rohrback has been appointed to Chair the Plaintiffs' Executive Committee in this federal derivative shareholder action pending in the Northern District of California. Plaintiff brings claims on behalf of nominal Defendant Autodesk, Inc., and certain current and former Autodesk officers and directors. These Defendants are alleged to have, among other things, breached their fiduciary obligations to Autodesk by engaging in the practice of backdating certain broad-based employee stock options, which practice has diverted millions of dollars of corporate assets and is forcing Autodesk to record additional compensation expenses.

***In re Foundry Networks, Inc. Shareholder Derivative Litigation***, No. 06-05598 (N.D. Cal.). Keller Rohrback L.L.P. has been appointed Co-Lead Counsel in this federal derivative shareholder action against nominal Defendant Foundry Networks, Inc., and current and former officers and members of Foundry's Board of Directors. Plaintiffs allege, among other things, breach of fiduciary duty, unjust enrichment, and gross mismanagement arising from the practice of backdating stock options granted between 2000 and 2003, which practice has diverted millions of dollars of corporate assets to Foundry executives.

***Getty v. Harmon, et al.***, No. C98-0178 (W.D. Wash.). This securities class action was brought on behalf of all people who purchased unregistered securities from Defendants. The suit was settled in favor of the Plaintiffs in the amount of $7 million.

***IKON Securities Litigation***, No. 98 CV-5483 (E.D. Pa.). Keller Rohrback served as Co-Lead Counsel representing the City of Philadelphia and eight other lead Plaintiffs. Class Counsel achieved the highest securities fraud settlement in the history of the Court by settling with Defendant IKON Office Solutions, Inc. for $111 million.

***Lasky v. Brown (United Companies Securities Litigation)***, No. CV99-1035-B-M2 (M.D. La.). Keller Rohrback served as Co-Lead Counsel in this securities fraud class action, and secured a $20.5 million settlement.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                        www.SeattleClassAction.com

 8

  **ERISA LITIGATION GROUP**

*In re Scientific-Atlanta, Inc. Securities Litigation*, No. 1:01-CV-1950-RWS (N.D. Ga.). Keller Rohrback L.L.P. serves as Co-Lead Counsel in this case, in which Plaintiffs allege that Defendants engaged in a course of fraudulent conduct by misrepresenting and omitting material information pertaining to Scientific-Atlanta's financial results and by engaging in extensive channel stuffing in order to enable the company to meet its stated earnings expectations.

*In re WorldPort Communications, Inc.*, No. 1-99-CV-1817 (N.D. Ga.). Keller Rohrback played an active role in the prosecution of this securities fraud class action and secured settlements totaling $5,100,000.

*In re Zoran Corp. Derivative Litig.*, No. 06-05503 (N.D. Cal.). Keller Rohrback serves as sole Lead Counsel in this federal derivative shareholder action against Zoran Corporation and certain current and former officers and directors. Plaintiff alleges, among other things, breach of fiduciary duty, unjust enrichment, corporate waste, and violation of federal securities laws arising from the practice stock option backdating. In one of the most thorough decisions issued to date, Judge Alsup denied in significant part Defendants' motion to dismiss. *See In re Zoran Corp. Derivative Litig.*, No. 06-0553, 2070 WL 1650948 (N.D. Cal. June 5, 2007).

## Other Representative Cases

*Erickson, et al. v. Bartell Drug Co.*, No. C00-1213L (W.D. Wash.). This landmark case, won on summary judgment, established that a private employer excluding prescription contraception services from an otherwise extensive health insurance plan unlawfully discriminates under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act.

*Ferko, et al v. NASCAR*, No. 4:02-CV-50 (E.D. Tex.). Keller Rohrback was counsel for Plaintiff in a lawsuit that charged NASCAR with breach of contract and unlawful monopolization. The suit also claimed that NASCAR and another Defendant, International Speedway Corporation ("ISC"), engaged in a conspiracy to restrain trade in violation of the antitrust laws. Keller Rohrback represented the shareholders of Speedway Motorsports, Inc. ("SMI"), a publicly traded company that owns six motorsports facilities, including Texas Motor Speedway ("TMS"). In May 2004, the parties reached a settlement agreement, pursuant to which, among other things, SMI agreed to purchase North Carolina Speedway from ISC for $100.4 million. The settlement was approved by the United States District Court for the Eastern District of Texas.

*In re Carpet Antitrust Litigation*, No. 1:95-CV-1494 (N.D. Ga.). This antitrust class action alleged a nationwide price-fixing conspiracy among the manufacturers and

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                        www.SeattleClassAction.com

KR

9

  **ERISA LITIGATION GROUP**

sellers of polypropylene carpet and was brought on behalf of purchasers of such carpet. Plaintiffs negotiated a successful settlement.

*In re Commercial Tissue Products Antitrust Litigation*, No. MDL 1189 (N.D. Fla.). This antitrust case involved allegations of a nationwide price-fixing conspiracy among the major manufacturers of facial tissue, toilet paper, paper towels, and related paper products used in "away from home" settings, such as office buildings, hotels, restaurants, and schools. Parties entered into a settlement agreement valued at $56.2 million in cash and coupons.

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, No. MDL 1203 (E.D. Pa.). These cases involve numerous Plaintiffs in Washington and other states who seek medical monitoring and/or personal injury compensation in relation to their ingestion of the prescription diet drugs Pondimin and Phentermine (*i.e.*, Fen-Phen) or Redux. Keller Rohrback serves as Class Counsel for a certified medical monitoring class of Washington patients who ingested these diet drugs. In addition, Judge Louis C. Bechtle, the federal judge who supervised the national settlement and litigation, appointed Lynn Lincoln Sarko, Keller Rohrback's managing partner, to serve as a member of the MDL 1203 Plaintiffs' State Liaison Counsel Committee. Keller Rohrback has represented, and continues to represent, numerous Plaintiffs in pursuing individual personal injury claims through the American Home Products' Nationwide Class Action Diet Drug Settlement or through individual lawsuits brought in state or federal courts.

*In re the Exxon Valdez*, No. A89 095 (D. Alaska). Keller Rohrback represents fishermen, Alaska natives, municipalities, and other injured Plaintiffs in this mass tort lawsuit arising out of the March 24, 1989, oil spill in Prince William Sound, Alaska. After a three-month jury trial, Plaintiffs obtained $5 billion in punitive damages—the largest punitive damages verdict in U.S. history. Keller Rohrback played a leadership role during discovery and at trial, and was chosen to serve as Administrator of both the Alyeska and Exxon Qualified Settlement Funds. Litigation, including an appeal, continues.

*In re First USA Bank*, No. C97-1482D 9 (W.D. Wash.). This class action was filed on behalf of owners of credit cards issued by First USA Bank who signed up for "introductory rate" credit cards that were subject to false and deceptive "repricing." A settlement in this class action resulted in an automatic depricing benefit of over $50 million, plus over $36 million in benefits from other settlement-related offers.

*In re Linerboard Antitrust Litigation*, MDL Docket No. 1261 (E.D. Pa). The class actions in this litigation were resolved with the recovery of more than $202 million for the benefit of a class of businesses that purchased corrugated boxes and sheets. The combined settlements are the largest ever obtained in a price-fixing class action in the

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                          www.SeattleClassAction.com
KR  10

  **ERISA LITIGATION GROUP**

Eastern District of Pennsylvania and among the largest obtained in such a case nationally.

***In re Monosodium Glutamate Antitrust Litigation***, No. MDL No. 00-1328 (D. Minn.). Keller Rohrback represents the Plaintiff Class in this case pending in the United States District Court for the District of Minnesota. So far, $124 million has been recovered for the benefit of a class of businesses which purchased food flavor enhancers from suppliers in the U.S., Japan, Korea, and Taiwan. Businesses which participated in the recovery received nearly 200% of the amounts they were overcharged.

***In re Microsoft Corp. Antitrust Litigation***, No. MDL 1332 (D. Md.). Keller Rohrback served on the Executive Committee of Plaintiffs' counsel in this class action challenging Microsoft's monopolistic practices. A class of direct purchasers of operating system software achieved a settlement of $10.5 million in the United States District Court for the District of Maryland.

***In re Phillip Morris Securities Litigation***, No. 94 Civ. 1494 (TCP) (E.D.N.Y.). This shareholder derivative class action alleged misrepresentations regarding various inventory and trade loading practices used to distort the timing of sales. The Plaintiff class in this and a related case received in excess of $100 million in settlement.

***Salloway v. Malt-O-Meal Company***, No. PI-98-008931 (State of Minnesota, Hennepin County District Court). This nationwide product liability class action was brought on behalf of all people who consumed Defendant's salmonella-contaminated cereal. Plaintiffs negotiated a successful settlement.

***Wholesale Vitamins Price Fixing***, Case No. 00-631-CIV (S.D. Fla.). Keller Rohrback played an extensive role in trial preparation in this case, one of the largest and most successful antitrust cases in history. Chief Judge Thomas Hogan of the United States District Court for the District of Columbia certified two classes of businesses who directly purchased bulk vitamins and were overcharged as a result of a ten year global price-fixing and market allocation conspiracy. Through settlement and verdict, recoveries were achieved, including four major settlements between certain vitamin Defendants and Class Plaintiffs. One landmark partial settlement totaled $1.1 billion.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com

KR  11

  **BIOGRAPHIES**

## *Lynn Lincoln Sarko*



Lynn Lincoln Sarko, the managing partner of Keller Rohrback L.L.P. since 1991, leads the firm's nationally recognized Complex Litigation Group. An accomplished trial lawyer, he regularly serves as lead counsel in multi-party and class actions involving ERISA, breach of fiduciary duty and antitrust issues, and professional organizations have honored him for his work in high profile public cases. Mr. Sarko first came to Seattle for a federal clerkship. He returned after serving as an Assistant U.S. Attorney in Washington D.C. Courts. After serving as trial counsel in the Exxon Valdez Oil Spill case, which resulted in a $5 billion punitive damages verdict, he was appointed by the court as Administrator for all funds recovered. Mr. Sarko has served as lead or co-lead counsel in numerous leading ERISA cases, including the largest and most complex – the *Enron, WorldCom,* and *Global Crossing* cases, and numerous other 401(k) and ESOP cases including: *In re Lucent Technologies ERISA Litigation; In re Xerox ERISA Litigation; In re Dynegy, Inc. ERISA Litigation; In re Williams Cos. ERISA Litigation; In re BellSouth Corp. ERISA Litigation; In re Household International ERISA Litigation; In re Polaroid ERISA Litigation;* and *In re Marsh ERISA Litigation.*

Mr. Sarko's ERISA litigation practice has focused on prosecuting matters raising sophisticated 401(k) and ESOP plan issues, including: preemption; fiduciary breach; fiduciary misrepresentation claims; imprudent investment claims; blackout period and mapping violations; plan asset diversification; prohibited transaction allegations; cash balance litigation; directed trustee litigation; Section 404(c) defenses; and ERISA class action issues. He regularly appears in federal courts from coast to coast, maintaining an active national ERISA litigation practice.

In addition to his work as lead or co-lead counsel in leading ERISA cases, Mr. Sarko has previously prosecuted a variety of class actions involving high profile matters including the Exxon Valdez Oil Spill, the Microsoft civil antitrust case, Vitamins price-fixing cases, the MDL *Fen/Phen Diet Drug Litigation,* as well as notable public service lawsuits such as *Erickson v. Bartell Drug Co.,* establishing a woman's right to prescription contraceptive health coverage. Aided in part by his M.B.A. in accounting, Mr. Sarko has also litigated numerous complex cases involving financial and accounting fraud, including actions against several of the nation's largest accounting and investment firms.

*Continued on next page*

*All other bios listed alphabetically*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com



 

## BIOGRAPHIES

## *Lynn Lincoln Sarko (continued)*

**Education and Admissions**

Mr. Sarko received his undergraduate, M.B.A. and law degrees at the University of Wisconsin, where he served as the editor-in-chief of the law review and was selected by the faculty as the outstanding graduate of his class. He is admitted to practice in Washington State; Wisconsin; the District of Columbia; United States District Courts in Arizona, Colorado, D.C., Washington and Wisconsin; United States Courts of Appeal for the Second, Fourth, Seventh, Ninth, and Tenth Circuits, and for the District of Columbia; as well as the United States Supreme Court.

**Memberships**

He is a member of the King County Bar Association, the Washington State Bar Association, and the American Bar Association.

## *Laurie Ashton*

Laurie Ashton is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Her practice emphasizes bankruptcy, commercial, ERISA, and environmental litigation. Ms. Ashton has been very active in the Arizona State Bar, having served on the Ethics Committee for six years, and frequently lectures on bankruptcy issues and other matters. Additionally, Ms. Ashton has taught semester courses in Advanced Chapter 11 Bankruptcy and Lawyering Theory and Practice at the ASU College of Law, and for several years running, has been a guest lecturer on Chapter 11 at Harvard Law School. She is the co-author of *Arizona Legal Forms: Limited Liability Companies and Partnerships*, 1996-2002. Following law school Ms. Ashton served as law clerk for the Honorable Charles G. Case, U.S. Bankruptcy Court, for the District of  Arizona for two years. Ms. Ashton graduated from Arizona State University College of Law, where she has twice returned as an Adjunct Professor to teach semester courses in Lawyering Theory and Practice and Advanced Chapter 11. Ms. Ashton is admitted to practice in Arizona and Colorado.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                        www.SeattleClassAction.com



2

 

## BIOGRAPHIES

## *Gretchen Freeman Cappio*



Gretchen Freeman Cappio is a member of Keller Rohrback's Complex Litigation Group practicing in the areas of class action & complex litigation, consumer protection, and employment litigation. She and her co-counsel have represented the plaintiff class in several cutting-edge complex cases, including *Erickson v. Bartell Drug Co.*, 141 F. Supp. 2d 1266 (W.D. Wash. 2001), in which the Honorable Robert S. Lasnik ruled that an employer violated Title VII of the Civil Rights Act when its coverage failed to cover prescription contraceptives on an equal basis as other prescription drugs. Ms. Cappio graduated from the University of Washington School of Law where she served as the Executive Comments Editor of *The Pacific Rim Law & Policy Journal*. She earned her B.A. degree *magna cum laude* from Dartmouth College, where she graduated Phi Beta Kappa and with honors in Religion. Ms. Cappio is an active member of the Washington State Bar Association. Ms. Cappio serves as a pro bono attorney for the Northwest Immigrant Rights Project, and represents immigrant survivors of domestic violence.

## *David Y. Chen*



David Chen was most recently founding COO of Biotrue, a bioinformatics startup, where he managed overall operations including legal affairs. He was previously an attorney in private practice and assistant general counsel at Epoch Partners, an investment bank sponsored by Charles Schwab and acquired by Goldman, Sachs. Mr. Chen also practiced M&A, securities and general corporate law at Skadden, Arps, Slate, Meagher & Flom. He began his legal career as an Honors Program attorney with the Civil Rights Division of the U.S. Department of Justice, where he developed, investigated and prosecuted individual cases and patterns or practices of employment discrimination and represented the U.S. Department of Labor in defensive matters. Mr. Chen received his A.B. in Public Policy from Duke University and his J.D. from Stanford University Law School where he was an Associate Editor of the *Stanford Law Review.*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                www.SeattleClassAction.com

KR  3

 

# BIOGRAPHIES

## *T. David Copley*

T. David Copley's practice is focused on class action and other complex litigation, including mass tort, antitrust, breach of fiduciary duty, securities, employment and consumer protection cases. Mr. Copley was one of those named 1995 Trial Lawyer of the Year for his successful work in the Exxon Valdez Oil Spill Litigation. He graduated from Northwestern University School of Law, where he served as an editor of the *Northwestern University Law Review*. He earned his B.A. at the University of Iowa, taking his degree with Distinction and Honors in Political Science and English and as a member of Phi Beta Kappa. Mr. Copley is admitted to practice in the states of Washington and Arizona, in the United States District Courts of Western Washington, Eastern Washington, Arizona, the Northern District of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.



## *Shane P. Cramer*

Shane Cramer's practice focuses primarily on ERISA, securities fraud, and shareholder derivative litigation. Shane graduated from the University of Washington School of Law in 2003. He received his B.A. in Society & Justice and Sociology from the University of Washington in 2001, and is a member of Phi Beta Kappa. While at the University of Washington, Shane served as an extern at the United States Attorney's Office for the Western District of Washington and at the Environmental Protection Agency. He is admitted to practice in Washington and Arizona, and earned the second highest score out of 743 applicants on the July 2004 Arizona bar examination.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                      www.SeattleClassAction.com

KR    4

  **BIOGRAPHIES**

## *Tyler L. Farmer*



Prior to joining Keller Rohrback, Tyler Farmer was a member of the Trial Practice Group in the Silicon Valley and Washington, D.C. offices of Jones Day. Over his career, he has represented a broad range of clients in state and federal courts across the country. At the trial level, his practice has encompassed such diverse matters as shareholder derivative suits, securities class actions, corporate takeover disputes, complex product liability actions, and pro bono representation of an individual seeking compensation for undisclosed termite infestation of a newly purchased property. Mr. Farmer has briefed a wide array of pre-trial and trial motions in state and federal courts and has a track record of successfully briefing and arguing discovery motions under California law.

In addition, Mr. Farmer brings particular experience to matters involving corporate internal investigations. He has been part of teams that conducted corporate internal investigations and responses to government investigations on behalf of both Audit Committees and compliance departments. In connection with these efforts, Tyler has presented investigation results to Boards of Directors, outside auditors, and governmental agencies. Mr. Farmer has also advised clients on the creation and implementation of document retention policies, data acquisition and transfer compliance, and strategies relating to the preservation and production of electronically stored information.

Mr. Farmer worked for the U.S. Department of Justice in the American Embassy during his second year of law school, which he spent in Notre Dame's Concannon Programme of International Law in London, England. Prior to attending law school, Tyler spent two years as an Americorps volunteer, teaching middle school in Pensacola, FL and working as a full-time residential staff member at a homeless shelter in Phoenix, AZ. He received both his B.A. and J.D. from Notre Dame University.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | info@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                      www.SeattleClassAction.com

 5

 

# BIOGRAPHIES

## Juli E. Farris



Juli Farris focuses on securities fraud, breach of fiduciary duty, and antitrust litigation in state and federal courts. She has made significant contributions in cases such as *In Re Catfish Antitrust Litigation*, *IKON Securities Litigation*, *Anicom Securities Litigation*, *United Companies Securities Litigation*, *In re Worldcom ERISA Litigation*, and most recently, stock option backdating cases against companies such as Apple Computer Inc., Zoran Corporation, and others. Prior to joining Keller Rohrback in 1991, Ms. Farris clerked for Judge E. Grady Jolly of the Fifth Circuit of the United States Court of Appeals and practiced law at the Washington, D.C. office of Sidley & Austin (now Sidley, Austin, Brown & Wood). She earned her B.A. in English and J.D. from Stanford University, where she was a Note Editor of the *Stanford Law Review*. Ms. Farris is admitted to practice in the state and federal courts in Washington, California, and the District of Columbia.

## Raymond J. Farrow



Ray Farrow's practice focuses on complex litigation with an emphasis on antitrust, securities law, and ERISA litigation. Mr. Farrow graduated with high honors from the University of Washington School of Law where he was Articles Editor of the *Washington Law Review*. Prior to law school, Mr. Farrow was a member of the Economics faculty at Seattle University, the University of Washington, and Queen's University in Canada. He earned his B.A. in Economics from the University of Manchester in the U.K. and M.A. degrees in Economics from the University of Essex (U.K.) and Princeton University. Mr. Farrow is licensed to practice in Washington State.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com

www.ERISAfraud.com                                    www.SeattleClassAction.com

KR    6

 

# BIOGRAPHIES

## *Laura R. Gerber*



Laura R. Gerber's practice focuses on complex litigation with an emphasis on ERISA litigation, breach of fiduciary duty, and excessive fee litigation. Prior to joining the firm, she was a consulting attorney on land reform projects in foreign countries. Ms. Gerber graduated from the University of Washington School of Law. While in law school, she concurrently received an M.P.A. degree from the Daniel J. Evans School of Public Affairs at the University of Washington and was a member of the Moot Court Honor Board. She received her B.A. in History and Economics from Goshen College. Ms. Gerber is licensed to practice in Washington.

## *Gary Gotto*



Gary Gotto is a member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Mr. Gotto currently serves in leadership positions in the *Enron ERISA Litigation*, *CMS Energy Corp. ERISA Litigation*, *Dynegy ERISA Litigation*, *Global Crossing ERISA Litigation*, and the *WorldCom ERISA Litigation* and has held leadership and management positions in both *Whetman v. IKON Office Solutions, Inc. Securities and ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Gotto has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in cases in which defendants in ERISA 401(k) litigation are also debtors in bankruptcy, including the *Enron ERISA Litigation*, *WorldCom ERISA Litigation*, and *Global Crossing, Ltd. ERISA Litigation*. He chaired the Arizona State Bar Subcommittee on Revising the Limited Partnership Act and co-authored *Arizona Legal Forms: Limited Liability Companies and Partnerships*. Mr. Gotto speaks and teaches regularly on a number of topics, including an annual real estate bankruptcy case study presented at Harvard Law School. He earned his J.D. from Arizona State University *summa cum laude*, where he was a member of the Order of the Coif. and the Special Projects Editor of the *Arizona State Law Journal*. Mr. Gotto received his B.A. from the University of Pennsylvania *cum laude*. He is admitted to practice in the state of Arizona.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                    www.SeattleClassAction.com

KR    7

 

## BIOGRAPHIES

### Gary D. Greenwald

Gary Greenwald practiced in Columbus, Ohio from 1975 through 2006 where he was the senior litigation partner for the firms of Schottenstein, Zox, & Dunn and Shayne & Greenwald. He has a broad range of experience as a commercial litigator, having tried more than 200 cases in the federal and state courts across the United States. His trial experience includes securities litigation, ERISA breach of fiduciary duty claims, trademark litigation, trade secrecy claims, professional malpractice, and a wide range of contract and real estate disputes. He spent five years as an Adjunct Professor of Trial Practice at the Ohio State University College of Law and has been a frequent speaker on the subject of Employee Stock Ownership Plans ("ESOPs"). He received his B.A. from Miami University and his J.D. from Ohio State University College of Law.



### Amy N. L. Hanson

Amy N. L. Hanson's practice is focused on class action and other complex litigation, including products liability, breach of fiduciary duty, consumer protection, antitrust, and employment protection cases. Ms. Hanson has successfully represented plaintiff classes and individuals on a variety of issues in both state and federal courts, including *Rozema v. Marshfield Clinic,* 977 F. Supp. 1362 (W.D. Wis. 1997) (class action antitrust)*; Wright v. Jeckle,* 104 Wn. App. 478, 16 P.3d 1268 (2001)(class action consumer protection and breach of fiduciary duty), *rev. denied* 144 Wn.2d 1011, 31 P.3d 1185 (2001), *subsequent appeal,* 121 Wn. App. 624, 90 P.3d (2004); *In re CMS Energy ERISA Litig.,* 225 F.R.D. 539 (E.D. Mich. 2004) (class action breach of fiduciary duty)*; and Shaffer v. McFadden,* 155 Wn.2d 1010, 122 P.3d 912, *rev. denied* 155 Wn.2d 1010; 122 P.3d 912 (2005) (jurisdictional and forum selection clause issues).



Ms. Hanson earned her J.D. from the University of Wisconsin, where she began litigating her first class action antitrust case as a 2L with Keller Rohrback L.L.P. through the law school's Consumer Litigation Clinic. She earned her B.A. degree *summa cum laude* in Economics and Political Science from the University of Minnesota. She is licensed to practice in Washington and Wisconsin and in the United States District Court of Western Washington, Eastern Washington, Eastern Michigan, and the Court of Appeals for the Ninth Circuit.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com          www.SeattleClassAction.com          KR    8

  **BIOGRAPHIES**

## Ron Kilgard



Ron Kilgard is of member of Keller Rohrback P.L.C., based in Phoenix, Arizona. Most notable among the many cases he has litigated is the *Whetman v. IKON Office Solutions, Inc. ERISA Litigation*, MDL No. 1318 (E.D. Pa.), in which Mr. Kilgard served as one of the lead attorneys. The *IKON ERISA Litigation* was one of the leading ERISA 401(k) breach of fiduciary duty class actions in the country, providing landmark published decisions on class certification and other central issues pertaining to ERISA 401(k) breach of fiduciary duty class action litigation. The ERISA issues in the *IKON Securities Litigation*, which were actively litigated for more than three years in the United States District Court for the Eastern District of Pennsylvania, were fundamentally the same as those presented in subsequent ERISA 401(k) litigation against IKON, involving the alleged imprudence of investments in employer securities in the same company's 401(k) plan and materially misleading communications with plan participants related thereto. Mr. Kilgard currently serves in leadership positions in the *Enron ERISA Litigation* and *BellSouth ERISA Litigation*. In addition to his ERISA 401(k) class action expertise, Mr. Kilgard has expertise in complex Chapter 11 bankruptcy litigation and issues, which has proved invaluable in ERISA cases in which defendants also are debtors in bankruptcy.

Mr. Kilgard is a Phoenix native. He received an undergraduate degree from Harvard College and a Master's degree from Harvard Divinity School, concentrating in Hebrew Bible and other ancient Near Eastern languages and literatures (Babylonian-Assyrian, Egyptian, etc.), before returning home to Arizona for law school. Mr. Kilgard graduated from Arizona State as the Editor-In-Chief of the law review and was selected by faculty as the outstanding graduate of his class. Upon earning his law degree, Mr. Kilgard clerked for the Hon. Mary Schroeder on the Ninth Circuit Court of Appeals before entering private practice. In over twenty years of practice, Mr. Kilgard has litigated a broad array of commercial and personal injury/wrongful death cases for both plaintiffs and defendants, including construction cases for Bechtel Corporation, personal injury/wrongful death cases involving AIDS-tainted blood, insurance bad faith cases, and insurance receivership cases. Mr. Kilgard is asked by courts to serve as a special master in complex or contentious cases requiring individualized management. In recent years he has been extensively involved in litigating ERISA breach of fiduciary duty class action cases, especially those involving issues of company stock. Mr. Kilgard is a frequent speaker at seminars, both for lawyers and judges.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                            www.SeattleClassAction.com

KR    9

  **BIOGRAPHIES**

## Cari Campen Laufenberg

Cari Campen Laufenberg's practice focuses on ERISA, breach of fiduciary duty litigation, and consumer fraud litigation. She is actively involved in, among other cases, the *Marsh ERISA Litigation*, the *Southern Company ERISA Litigation* and *Goodyear Tire & Rubber Company ERISA Litigation*. Ms. Laufenberg has made significant contributions in ERISA cases such as *In re Williams Companies ERISA Litigation*, *In re Mirant Corporation ERISA Litigation* and *In re HealthSouth Corporation ERISA Litigation*. She earned her J.D. and M.P.A. from the University of Washington and received her B.A. from the University of California, San Diego. Ms. Laufenberg serves as a pro bono attorney for the Northwest Immigrant Rights Project, representing immigrant survivors of domestic violence, and is a member of the King  County Bar Association, the Washington State Bar Association, the American Bar Association, the Federal Bar Association and Washington Women Lawyers. She is licensed to practice in Washington State.

## Elizabeth A. Leland

Beth Leland's practice focuses on ERISA and securities fraud litigation. She is actively involved in, among other cases, the *Apple Computer Shareholder Derivative Litigation*, *Hansen Natural Corporation Derivative Litigation*, *Scientific-Atlanta Securities Litigation*, and the *Xerox ERISA Litigation*. Ms. Leland has made significant contributions in ERISA and securities cases such as the *Anicom Securities Litigation*, *BellSouth ERISA Litigation, Dynegy ERISA Litigation*, *IKON Securities Litigation, United Companies Securities Litigation*, and the *Visteon ERISA Litigation*. She is an active member of the King County, Washington State, and American Bar Associations, including the American Bar Association's Section of Labor & Employment Law. She earned her B.A. in Business Administration with concentrations in Finance and  Business Economics from the University of Washington and graduated *cum laude* from the University of Puget Sound School of Law. Ms. Leland is admitted to practice in Washington State and Federal Courts, as well as the Ninth and other Circuits across the country.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                   www.SeattleClassAction.com

KR    10

  **BIOGRAPHIES**

## *Tana Lin*



Tana Lin's practice focuses on employment and ERISA litigation. Prior to joining Keller Rohrback's Complex Litigation Group, Ms. Lin practiced as a civil rights attorney and criminal defense lawyer. She began her legal career as a trial attorney with the Public Defender Service for the District of Columbia. She later became a senior trial attorney with the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice and, subsequently, the Chicago District Office of the United States Equal Employment Opportunity Commission. Ms. Lin has prosecuted employment discrimination cases against governmental entities such as the Louisiana State Police and private corporations such as Wal-Mart. Ms. Lin was also the litigation coordinator for the Michigan Poverty Law Program where she developed and implemented impact projects to address systemic problems affecting the poor on issues such as access to public benefits and appropriate educational services. She also served as a co-mediator for federal agency employee disputes through the Interagency Project on Sharing Neutrals. Ms. Lin received her A.B. with Distinction in Government from Cornell University; she earned her J.D. from New York University School of Law, where she was a Root-Tilden-Snow Scholar. She is admitted to practice in the District of Columbia, Illinois, Michigan, and Washington.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                                    www.SeattleClassAction.com

KR  11

  **BIOGRAPHIES**

## Derek W. Loeser

Derek Loeser is a partner in the firm's Complex Litigation Group. His practice focuses on ERISA class action cases, and he serves as one of the lead counsel in many of the firm's nationally prominent ERISA breach of fiduciary duty class actions. His efforts have contributed to a numerous favorable published decisions and substantial recoveries on behalf of the firm's clients. In addition to his work on cases that have been resolved, including Enron and WorldCom, Mr. Loeser currently is serving in a leadership capacity in several cases, including cases against *AIG, Fremont, Ford,* and *JP Morgan/Chase*. Mr. Loeser is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff attorney, and is a frequent speaker at national ERISA conferences. Before  joining Keller Rohrback in 2002, he clerked for the Hon. Michael R. Hogan, United States District Court, District of Oregon, and was a trial attorney in the Employment Litigation Section of the Civil Rights Division of the United States Department of Justice in Washington, D.C. Mr. Loeser obtained his B.A. from Middlebury College, where he graduated summa cum laude, with highest departmental honors, and as a member of Phi Beta Kappa. He graduated with honors from the University of Washington School of Law. Mr. Loeser was named in 2007 as a "Super Lawyer" among civil litigators and recognized in 2005 and 2006 as a "Rising Star" by *Washington Law and Politics* magazine in its annual review of the State's legal profession.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                                www.SeattleClassAction.com
KR 12

 

## BIOGRAPHIES

### Gretchen S. Obrist



Prior to joining Keller Rohrback, Gretchen Obrist worked for two years as a law clerk to the Hon. John C. Coughenour, United States District Judge for the Western District of Washington in Seattle, where she worked on civil and criminal matters ranging from commercial litigation to employment, civil rights, and constitutional cases to antitrust and securities fraud actions. Ms. Obrist received both her B.S. and her J.D. from the University of Nebraska—Lincoln. She graduated from law school Order of the Coif and was the Editor-in-Chief of the *Nebraska Law Review*. During law school, Ms. Obrist worked at a public defender's office, where she represented clients before the county mental health board and worked on felony proceedings and appeals. She also conducted law and policy analysis and drafted proposed legislation for the Nebraska Domestic Violence Sexual Assault Coalition. Prior to law school, Ms. Obrist worked on legal issues generated by welfare reform at the Nebraska Appleseed Center for Law in the Public Interest, where she assisted project attorneys with individual and class litigation, prepared and delivered testimony to the state legislature, developed educational materials for both welfare clients and the advocacy community, and worked toward system responsiveness to the intersection between poverty and intimate partner violence. Ms. Obrist is licensed to practice in Washington State and is a member of the King County Bar Association, the American Bar Association, and the American Constitution Society.

### Erin M. Riley



Erin Riley's practice focuses on ERISA and breach of fiduciary duty litigation. Ms. Riley graduated *cum laude* from the University of Wisconsin School of Law, where she was a managing editor of the *Wisconsin Law Review*. She received her B.A. in French and History from Gonzaga University, where she graduated *cum laude.* Ms. Riley is licensed to practice in both Washington and Wisconsin, and is a member of the American Bar Association's Section of Labor & Employment Law and the Employee Benefits Committee as a Plaintiff Attorney.

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com

KR  13

 

# BIOGRAPHIES

## Karin B. Swope

Karin Swope practices in the firm's nationally recognized complex litigation group. Prior to joining the firm, Karin litigated complex commercial cases, primarily in the areas of intellectual property, and commercial disputes. She also has significant experience in responding to government enforcement activities, including white collar criminal prosecutions, federal civil enforcement actions, and government investigations, and has counseled clients on internal corporate investigations. She clerked for the Hon. John C. Coughenour, United States District Court, District of Western Washington, and for the Hon. Robert E. Cowen, United States Court of Appeals for the Third Circuit. She earned her B.A. in English and Political Science from Amherst College and her J.D. from Columbia University



School of Law , where she was Executive Articles Editor for the *Columbia Human Rights Law Review*.

## Britt L. Tinglum

Britt Tinglum is a partner at Keller Rohrback L.L.P. and has held a leadership role in several nation-wide class actions, including *In re Enron ERISA Litigation*, *In re Ikon Office Solutions*, *Inc.* and *Lucent Technologies, Inc. ERISA Litigation*, in which her firm was appointed co-lead counsel. Ms. Tinglum is also actively engaged in the prosecution of a variety of other complex class actions, including antitrust and consumer fraud and accounting fraud. She received both her undergraduate and J.D. from the University of Wisconsin.



Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                    www.SeattleClassAction.com

KR    14

 

**BIOGRAPHIES**

## Margaret E. Wetherald

Margie Wetherald is a partner of Keller Rohrback L.L.P. and serves on the firm's executive committee. Throughout her practice, Ms. Wetherald has handled complex litigation in multiple state and federal jurisdictions with a concentration on commercial insurance coverage, breach of fiduciary duty, and class action litigation. Ms. Wetherald has also handled mass tort litigation involving transmission of AIDS to hemophiliacs through blood products, exposure to contaminated groundwater and hepatitis. She received her undergraduate degree from Mount Holyoke College *cum laude* and as a member of Phi Beta Kappa. She graduated from Cornell Law School. Ms. Wetherald taught at the Columbus School of Law at Catholic University in Washington, D.C. from 1983 to 1985. Ms. Wetherald has practiced in Seattle since 1985 with two  years in Washington, D.C. from 1992–1994. She is admitted to practice in the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, the United States District Courts for Eastern and Western Washington and in the State Courts in Washington and Oregon.

## Amy Williams-Derry

Amy Williams-Derry joined Keller Rohrback's Complex Litigation Group in 2005 with an extensive background in federal court and commercial litigation. Ms. Williams-Derry has litigated complex securities, class action, employment, intellectual property, consumer, real property, corporate, and environmental disputes. She has litigated cases at both the trial and appellate levels, and has successfully represented clients in mediation and arbitration settings, including before the National Labor Relations Board, National Association of Securities Dealers, and New York Stock Exchange. She has also served as lead or co-lead counsel in a number of high-profile ERISA actions, including the *In re Polaroid ERISA Litigation*, *In re JP Morgan Chase Cash Balance Litigation*, and *In re Delphi Securities and ERISA Litigation.* For the past  five years, Ms. Williams-Derry has been voted a "Rising Star" among civil litigators by Washington Law and Politics magazine in its annual review of the State's legal profession.

Ms. Williams-Derry attended Brown University, where she received her A.B., with honors, in 1993. She received her J.D. from the University of Virginia School of Law in 1998, where she was the Editor-in-Chief of the *Virginia Environmental Law Journal.*

Keller Rohrback L.L.P.  1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback  P.L.C.  3101 North Central Avenue Suite1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                                                www.SeattleClassAction.com

KR    15

  **BIOGRAPHIES**

**Additional Keller Rohrback attorneys working with the ERISA Litigation Group:**

| | | |
|---|---|---|
| Ian S. Birk | Glen P. Garrison | David J. Russell |
| Stephen R. Boatwright* | Mark A. Griffin | Mark D. Samson* |
| Karen E. Boxx | Irene M. Hecht | Frederick W. Schoepflin |
| John H. Bright | Scott C. Henderson | William C. Smart |
| Jason P. Chukas | Benjamin J. Lantz | Thomas A. Sterken |
| Alicia Corbett* | Heidi Lantz | Ryan J. Straus |
| Rob J. Crichton | John Mellen | Laurence R. Weatherly |
| Chloethiel W. DeWeese | Robert S. Over | Michael Woerner |
| Maureen M. Falecki | Amy Phillips | Benson D. Wong |
| Daniel S. Friedberg | Lorraine Lewis Phillips | |

*Admitted to practice in the State of Arizona only.

Keller Rohrback L.L.P. 1201 Third Avenue Suite 3200 Seattle, WA 98101 | 206.623.1900 | infowa@kellerrohrback.com
Keller Rohrback P.L.C. 3101 North Central Avenue Suite 1400 Phoenix, AZ 85012 | 602.248.0088 | infoaz@kellerrohrback.com
www.ERISAfraud.com                www.SeattleClassAction.com

 16





# Firm Resume

December 13, 2007

COHEN MILSTEIN
HAUSFELD & TOLL™

For decades, Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has represented individuals, small businesses, institutional investors, and employees in many of the major class action cases litigated in the United States for violations of the antitrust, securities, environmental, consumer protection, civil rights/discrimination, ERISA and human rights laws. Cohen Milstein is also at the forefront of numerous innovative legal actions that are expanding the quality and availability of legal recourse for aggrieved individuals and businesses both domestic and international.  Over its history, Cohen Milstein has obtained many landmark judgments and settlements for individuals and businesses in the United States and abroad. The firm's most significant past cases include:

- <u>In re Vitamins Antitrust Litigation</u>, MDL No. 1285 (D.D.C.).  Cohen Milstein served as co-lead counsel for two certified classes of businesses that directly purchased bulk vitamins and were overcharged as a result of a ten year global price-fixing and market allocation conspiracy.  Chief Judge Hogan approved four major settlements between certain vitamin defendants and Class Plaintiffs, including a landmark partial settlement of $1.1 billion.  In a later trial before Chief Judge Hogan concerning four Class Plaintiffs' remaining unsettled Vitamin B4 (choline chloride) claims, a federal jury in Washington unanimously found Japan's second largest trading company, Mitsui & Co., Ltd., its wholly-owned U.S. subsidiary Mitsui & Co. (U.S.A.), Inc., DuCoa, LP, a choline chloride manufacturer based in Highland, Illinois, and DuCoa's general partner, DCV, Inc. liable for participating in the conspiracy and ordered them to pay $49,539,234, which is trebled to $148,617,702 under the federal antitrust laws.  The case was subsequently settled against those defendants.

- <u>Dukes v. Wal-Mart Stores, Inc.</u>, No. C-01-2252 (N.D. Cal.).  Cohen Milstein is one of the co-lead counsel in this discrimination case.  In June 2004, U.S. District Court Judge Martin Jenkins ruled that six current and former Wal-Mart employees from California may represent all female employees of Wal-Mart who worked at its U.S. stores anytime after December 26, 1998 in a nationwide sex discrimination class action lawsuit (appeal pending).  As the largest civil rights class action ever certified against a private employer, the Judge described the case as "historic in nature, dwarfing other employment discrimination cases that came before it."  The action charges that Wal-Mart discriminates against its female retail employees in pay and promotions.  The class in this case includes more than 1.5 million current and former female employees of Wal-Mart retail stores in America, including Wal-Mart discount stores, super centers, neighborhood stores, and Sam's Clubs.

- <u>In re Lucent Technologies Securities Litigation</u>, Civ. Action No. 00-621 (JAP) (D.N.J.).  A settlement in this massive securities fraud class action was reached in late March 2003.  The class portion of the settlement amounts to over $500 million in cash, stock and warrants and ranks as the second largest securities class action settlement ever completed.  Cohen Milstein represented one of the co-lead plaintiffs in this action, a private mutual fund.

- <u>Nate Pease, et al. v. Jasper Wyman & Son, Inc., et al.</u>, Civil Action No. 00-015 (Knox County Superior Court, Me.).  In 2004, a state court jury from Maine found three blueberry processing companies liable for participating in a four-year price-fixing

1



and non-solicitation conspiracy that artificially lowered the prices defendants paid to approximately 800 growers for wild blueberries. The jury ordered defendants Cherryfield Foods, Inc., Jasper Wyman & Son, Inc., and Allen's Blueberry Freezer, Inc. to pay $18.68 million in damages, the amount which the growers would have been paid absent the defendants' conspiracy. After a mandatory trebling of this damage figure under Maine antitrust law, the total amount of the verdict for the plaintiffs is just over $56 million. The Firm served as co-lead counsel.

• <u>In re StarLink Corn Products, Liability Litigation</u>, MDL No. 1403. (N.D. Ill.). Cohen Milstein successfully represented U.S. corn farmers in a national class action against Aventis CropScience USA Holding and Garst Seed Company, the manufacturer and primary distributor of StarLink corn seeds. StarLink is a genetically modified corn variety that the United States government permitted for sale as animal feed and for industrial purposes, but never approved for human consumption. However, StarLink was found in corn products sold in grocery stores across the country and was traced to widespread contamination of the U.S. commodity corn supply. The Firm, as co-lead counsel, achieved a final settlement providing more than $110 million for U.S. corn farmers, which was approved by a federal district court in April 2003. This settlement was the first successful resolution of tort claims brought by farmers against the manufacturers of genetically modified seeds.

• <u>In re Diet Drug Litigation (Fen-Phen)</u>, MDL No. 1203 (E.D. Pa.). As a member of the Plaintiffs' Management Committee and Sub-Class Counsel, Cohen Milstein played a major part in the success of the Fen-Phen diet drug litigation and settlement *(In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* MDL 1203). CMHT and other plaintiffs' counsel achieved the largest settlement ever obtained in a mass tort case - $3.75 billion – on behalf of millions of U.S. consumers who used Pondimin (fenfluramine) or Redux (dexfenfluramine), either alone or in combination with phentermine, diet drugs that are associated with heart valve damage.

• <u>Snyder v. Nationwide Mutual Insurance Company</u>, No. 97/0633 (Sup. Ct. N.Y. Onondaga Cty.). Cohen Milstein served as one of plaintiffs' principal counsel in this case on behalf of persons who held life insurance policies issued by Nationwide through its captive agency force. The action alleged consumer fraud and misrepresentations. Plaintiffs obtained a settlement valued at more than $85 million. The judge praised the efforts of Cohen Milstein and its co-counsel for having done "a very, very good job for all the people." He complimented "not only the manner" in which the result was arrived at, but also the "time … in which it was done."

• <u>Oncology & Radiation Associates, P.A. v. Bristol Myers Squibb Co., et al.</u>, No. 1:01CV02313 (D.D.C.). Cohen Milstein has been co-lead counsel in this case since its inception in 2001. Plaintiffs alleged that Bristol-Myers Squibb unlawfully monopolized the United States market for paclitaxel, a cancer drug discovered and developed by the United States government, which Bristol sells under the brand name Taxol. Bristol's scheme included a conspiracy with American BioScience, Inc., a generic manufacturer, to block generic competition. Cohen, Milstein's investigation and

2



prosecution of this litigation on behalf of direct purchasers of Taxol led to a settlement of $65,815,000 that was finally approved by U.S. District Judge Emmet G. Sullivan on August 14, 2003 and preceded numerous Taxol-related litigations brought by the Federal Trade Commission and State Attorneys General offices.

- <u>Kruman v. Christie's International PLC, et al.</u>, Docket No. 01-7309.  A $40 million settlement on behalf of all persons who bought or sold items through Christie's or Sotheby's auction houses in non-internet actions was approved in this action.  Cohen Milstein served as one of three leading counsel on behalf of foreign plaintiffs.  The Court noted that approval of the settlement was particularly appropriate, given the significant obstacles that faced plaintiffs and plaintiffs' counsel in the litigation.  The settlement marked the first time that claims on behalf of foreign plaintiffs under U.S. antitrust laws have been resolved in a U.S. court, a milestone in U.S. antitrust jurisprudence.

- <u>In re Infant Formula Consumer Antitrust Litigation</u> (multiple state courts).  Cohen Milstein instituted price-fixing cases on behalf of indirect-purchasers in 17 states under state antitrust laws against three companies who conspired to drive up the price of infant formula.  The cases resulted in settlements of $64 million for purchasers of infant formula.

- <u>Domestic Air Transportation Antitrust Litigation</u> (N.D. Ga.) Plaintiffs alleged a conspiracy among major airlines to set prices. In one of the largest consumer class actions ever brought to a successful conclusion, Cohen Milstein was one of the lead counsel and obtained a settlement of travel discounts and cash totaling $458 million for the class of individuals and businesses.

- <u>In re The Exxon Valdez Litigation</u>, No. A89-095 Civ. (D. Ak.).  The firm was selected from dozens of law firms around the country by federal and state judges in Alaska to serve as co-lead counsel for plaintiffs in the largest environmental case in United States history that resulted in a jury verdict of more than $5 billion (reversed and remanded for revised punitive damages award; further proceedings pending).

- <u>Holocaust Litigation</u>.  In the historic Swiss Banks litigation, CMHT served, *pro bono,* as co-lead counsel for Holocaust survivors against the Swiss banks that collaborated with the Nazi regime during World War II by laundering stolen funds, jewelry and art treasures.  Cohen Milstein obtained a $1.25 billion settlement, leading the presiding judge to call the firm's work "indispensable."  *See In re Holocaust Victim Assets Litig.*, Case No. CV 96-4849 (ERK) (MDG) (Memorandum of Chief Judge Korman dated July 26, 2002).  The Firm was also a lead counsel in litigation by survivors of World War II-era forced and slave labor in litigation against the German companies that profited from using the labor of concentration camp inmates.  This litigation, which resulted in an unprecedented settlement of $5.2 billion, was resolved by multinational negotiations involving the defendants, plaintiffs' counsel, and the governments of several countries for approximately two million claimants.

Cohen Milstein has contributed over 37,000 hours of time to human rights and *pro bono* cases since 1996.  As an example, the Firm represented eight survivors and/or

COHEN MILSTEIN
HAUSFELD & TOLL

families of the victims of the September 11, 2001 attack on the Pentagon before the Federal compensation fund. Cohen Milstein has obtained a substantial recovery for each, including the highest recovery to date, $6.8 million, for an injured individual.

- Roberts v. Texaco, Inc., 94-Civ. 2015 (S.D.N.Y.). Cohen Milstein represented a class of African-American employees in this landmark litigation that resulted in the then-largest race discrimination settlement in history ($176 million in cash, salary increases and equitable relief). The Court hailed the work of class counsel for, *inter alia*, "framing an imaginative settlement, that may well have important ameliorative impact not only at Texaco but in the corporate context as a whole …".

- Conanan v. Tanoue, No. 00-CV-3091 (ESH). Cohen Milstein represented African-American employees at the Federal Deposit Insurance Corporation (FDIC) in this race discrimination suit, which settled for $14 million. The settlement provides the largest payment made in an employment discrimination class action based on race against a federal agency.

- Trotter v. Perdue Farms, Inc., Case No. 99-893 (RRM) (JJF) (MPT), D. Del. This suit on behalf of hourly workers at Perdue's chicken processing facilities – which employ approximately 15,000 people – forced Perdue to pay employees for time spent "donning and doffing," that is, obtaining, putting on, sanitizing and removing protective equipment that they must use both for their own safety and to comply with USDA regulations for the safety of the food supply. The suit alleged that Perdue's practice of not counting donning and doffing time as hours worked violated the Fair Labor Standards Act and state law. In a separate settlement with the Department of Labor, Perdue agreed to change its pay practices. In addition, Perdue is required to issue retroactive credit under one of its retirement plans for "donning and doffing" work if the credit would improve employees' or former employees' eligibility for pension benefits. CMHT was co-lead counsel.

In addition, Cohen Milstein is an innovator in new areas of the law. Cohen Milstein was in the forefront of filing antitrust claims on behalf of indirect purchasers in 1993 and 1994, when it filed state-court actions in 18 states on behalf of indirect purchasers of infant formula. This was the first effort to systematically and simultaneously pursue treble damages claims on behalf of indirect-purchasing consumers in all states where antitrust laws permitted such claims. This approach, and variations of it, have since become the accepted model for pursuing antitrust damages on behalf of indirect-purchasing consumers. The Firm also has been in the forefront of the development of international antitrust theory and litigation of claims. As the global economy has produced worldwide conglomerates, so, too, has the nature of antitrust violations changed. For example, in *Kruman v. Christie's International PLC, et al.* Docket No. 01-7309 and *In re Bulk Vitamins Antitrust Litigation*, MDL 1285 (D.D.C.), both the parties and the anticompetitive actions were played out on a world, rather than domestic, stage. The firm also represents and won Lead Plaintiff status for domestic and foreign investors in a foreign company's bonds, in a PSLRA litigation being pursued in the United States, *In re Parmalat Securities Litigation*, Master Docket 04 Civ 0030 (LAK) (S.D.N.Y.). The Firm has affiliated offices around the world, in the United Kingdom, Italy, South Africa, Panama and Australia.



Cohen Milstein has also served as lead or co-lead counsel, or on Plaintiffs' Executive Committee(s), in many dozens of antitrust, securities, consumer protection or product liability, civil rights, and human rights class action cases.

COHEN MILSTEIN
HAUSFELD & TOLL

### History

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. was established in March 1986 and is based in Washington, D.C. with offices in New York, Philadelphia, Chicago, San Francisco and London.  From 1969 until 1986, the Firm was the Washington, D.C. office of the Philadelphia law firm currently known as Kohn, Swift & Graf, P.C..

Cohen Milstein has had one of the most varied and extensive plaintiffs' practices in the United States, and it has played a prominent role in major litigations since 1969.  These cases include:

In re North Atlantic Air Travel Antitrust Litigation, Civ. Action No. 84-1103 (D.D.C.); the Firm, as co-lead counsel, obtained a class settlement of $30 million in coupons for air travelers between the United States and England.

In re Screws Antitrust Litigation, MDL No. 443 (D. Mass.); the Firm, as co-lead counsel, obtained a class settlement of approximately $50 million.

Ocean Shipping Antitrust Litigation, MDL No. 395 (S.D.N.Y); the Firm, as co-lead counsel, obtained a class settlement of approximately $50 million.

In re Corrugated Container Antitrust Litigation, MDL No. 310 (S.D. Tex.); the Firm was one of a handful of firms involved in the successful trial of this massive antitrust case which was eventually settled for approximately $366 million.

Murphy, Derivatively On Behalf of Nominal Defendant National Health Laboratories Incorporated v. Perelman, Case No. 659511 (Cal. Sup. San Diego Cty.); as one of co-lead counsel in the derivative action, the firm and others obtained a global settlement of class and derivative litigation for $65 million.

In re Flat Glass Antitrust Litigation, MDL No.1200, (W.D. Pa.); the Firm as co-lead counsel obtained a total of $ 61.7 million in settlement funds on behalf of glass shops, window manufacturers, and others who directly purchased the affected products from the defendants.

Buspirone Antitrust Litigation, MDL No. 1413 (S.D.N.Y.); as one of four co-lead counsel, the Firm and others obtained a $90 million settlement for the class.

Masonite Hardboard Siding Litigation, Civ. Action No. 996787 (Cal. Super. Ct.); the Firm, as one of the lead counsel, obtained a settlement valued at hundreds of millions of dollars.

Polybutylene Pipe Litigation, Civ. Action No. W 2004-017770COA-R3-CV (W.D. Tenn.); the Firm helped obtain a settlement valued at $900 million.

Biben v. Card, No. 84-0844-CV-W-6 (W.D. Mo.); the Firm, as one of two co-lead counsel, negotiated settlements for $11.9 million, which was 93% of class members' damages.



In re Newbridge Networks Securities Litigation, Civ. Action No. 90-1061 (D.D.C.); the Firm, as co-counsel, obtained a cash and stock class settlement valued at approximately $20 million.

Jiffy Lube Securities Litigation, Civ. Action No. Y-89-1939 (D. Md.); the Firm, as co-lead counsel, obtained class settlements for a total of $12 million.

In re Saxon Securities Litigation, Civ. Action No. 82 Civ. 3103 (S.D.N.Y.); the Firm, as co-lead counsel, obtained a class settlement of approximately $20 million.

Grossman v. Waste Management, Civ. Action No. 83 Civ. 2167 (N.D. Ill.); the Firm, as co-lead counsel, obtained a class settlement of approximately $13 million.

In re Warner Communications Securities Litigation, 618 F. Supp. 735 (S.D.N.Y. 1986); the Firm was one of plaintiffs' counsel in this case where a class settlement of $18.4 million was obtained.

In re Tandon Securities Litigation, No. CV86-4566 (C.D. Cal.); the Firm played a major role in this class action where settlement was valued at approximately $16 million.

Immunex Securities Litigation, No. C92-548WD (W.D. Wash.); the firm was one of lead counsel where the largest securities class action settlement in Seattle -- $14 million – was recovered.

In re Caremark Securities Litigation, Case No. 94 C 4751 (N.D. Ill.); the Firm, as co-lead counsel, obtained a class settlement of $25 million.

In re Commercial Explosives Antitrust Litigation, Consolidated Case No. 2:96md 1093S (D. Utah); the Firm, as co-lead counsel, obtained a settlement of $77 million.



**Awards & Recognition**

**50 Most Powerful People in DC**
GQ Magazine
September, 2007
Michael Hausfeld named #40.

**Beacon of Justice Award**
From the National Legal Aid and Defender Association
Summer 2007
For Cohen Milstein's work on the Guatanamo cases.

**Fierce Sister Award**
Summer 2007
For Cohen Milstein's work on the comfort woman case.

**500 Leading Plaintiffs' Lawyers in America**
Lawdragon
January-February, 2007

**Top Antitrust Plaintiffs' Firm**
Competition Law 360
February 14, 2007
Cohen Milstein named #1

**International World-shakers**
The Lawyer (UK)
February 8, 2007
Michael Hausfeld named as one of top 40 international lawyers "making waves" in the UK

Joseph Sellers has been selected by his peers to be included in the upcoming 2007 edition of **The Best Lawyers in America**® in the specialty of Civil Rights Law.

**500 Leading Litigators in America**
LawDragon
Spring 2006
Michael Hausfeld, Steven Toll and Joseph Sellers are named to the list.

**The Plaintiffs' Hotlist**
The National Law Journal
October 9, 2006

**100 Most Influential Lawyers**
The National Law Journal
June 19, 2006
Michael Hausfeld is named as one of "the most influential lawyers in America."

**Runner up for Matter of the Year**
Global Competition Review
February, 2005
On Empagran matter, praised for ingenuity in how the case was prosecuted



**Attorney Profiles - Partners**

**Herbert E. Milstein**

Herbert E. Milstein began practicing law with Jerry S. Cohen in 1970 – the birth of the Firm.
Mr. Milstein has been lead or principal counsel in many of the best known securities class
actions litigated during the past 37 years.  He is the senior member of the Securities
Fraud/Investor Protection practice group.

Mr. Milstein is the author of numerous articles on topics involving class action litigations and the
Federal securities laws.  He recently authored an article on current issues involving federal
securities laws.  He also wrote a separate article in the book entitled *The Burger Years*.  He is the
author of a monograph on the attorney-client privilege.

As an adjunct Professor of Law at Georgetown University Law Center from 1980-1987, he
taught complex litigation and continues to lecture on securities litigation and class actions at law
schools and seminars sponsored by the American Bar Association, state bar associations, and
continuing legal education organizations.  In 1985, he received a Silver Gavel award from the
American Bar Association for his distinguished example of public service.

Mr. Milstein formerly served on the staff of the Securities and Exchange Commission for five
and one-half years, and last held the position of Chief Enforcement Attorney, Division of
Corporate Regulation.  From 1976-1980, Mr. Milstein served as Equity Receiver for National
American Life Insurance Company, appointed by Judge Charles R. Richey, in *SEC v. National
Pacific Corp.*  For that work, the Chairman of the SEC said Mr. Milstein and the Firm served
"with distinction."

Formerly the President of the National Association of Securities and Commercial Law Attorneys
(NASCAT), he also served as Treasurer of that organization for six years. He is a member of the
American Law Institute, and a member and former Chairman of the Executive Council of the
Securities Law Committee of the Federal Bar Association.

Mr. Milstein is currently on the Board of Directors of several organizations, including the
Appleseed Foundation and The Studio Theatre of Washington, DC.

Mr. Milstein graduated from Harvard College (*cum laude*, 1958) and Columbia University
School of Law (LL.B., 1961).

Mr. Milstein is admitted to practice in the District of Columbia and Massachusetts.

**Michael D. Hausfeld**

Michael Hausfeld, one of the country's top civil litigators, joined the Firm in 1971. He is the
head of the Antitrust and International practice groups.

Mr. Hausfeld's career has included some of the largest and most successful class actions in the
fields of human rights, discrimination and antitrust law.  He long has had an abiding interest in



social reform cases, and was among the first lawyers in the U.S. to assert that sexual harassment was a form of discrimination prohibited by Title VII; he successfully tried the first case establishing that principle.  He represented Native Alaskans whose lives were affected by the 1989 Exxon Valdez oil spill; later, he negotiated a then-historic $176 million settlement from Texaco, Inc. in a racial-bias discrimination case.

In *Friedman v. Union Bank of Switzerland*, Mr. Hausfeld represented a class of victims of the Holocaust whose assets were wrongfully retained by private Swiss banks during and after World War II.  The case raised novel issues of international banking law and international human rights law.  He successfully represented the Republic of Poland, the Czech Republic, the Republic of Belarus, the Republic of Ukraine and the Russian Federation on issues of slave and forced labor for both Jewish and non-Jewish victims of Nazi persecution during World War II.  He currently represents Jubilee 2000, Khulumani, and other NGOs in litigation involving abuses under apartheid law in South Africa, and is pursuing a RICO litigation against the tobacco industry with regard to the sale of and representations on "light" cigarettes.

Mr. Hausfeld has a long record of successful litigation in the antitrust field, on behalf of both individuals and classes, in cases involving monopolization, tie-ins, exclusive dealings and price fixing.  He is or has been co-lead counsel in antitrust cases against manufacturers of genetically engineered foods, managed healthcare companies, bulk vitamin manufacturers, technology companies and international industrial cartels.  He is actively involved in ongoing investigations into antitrust cases abroad, and was the only private lawyer permitted to attend and represent the interests of consumers worldwide in the 2003 closed hearings by the EU Commission in the Microsoft case.

Chief Judge Edward Korman (E.D.N.Y.), has noted that Mr. Hausfeld is one of the two "leading class action lawyers in the United States."  He has been profiled in, and recognized by, many articles and surveys.  Most recently, a *Forbes* magazine article reported on Mr. Hausfeld's work to establish an international alliance for the protection of consumers and investors worldwide. He was named one of thirty master negotiators in *Done Deal: Insights from Interviews with the World's Best Negotiators*, by Michael Benoliel, Ed.D.  *The Wall Street Journal* profiled him and his practice, and he has been recognized by *The National Law Journal* as one of the "Top 100 Influential Lawyers in America."  He has been described by one of the country's leading civil rights columnists as an "extremely penetrating lawyer", and by a colleague (in a *Washington Post* article) as a lawyer who "has a very inventive mind when it comes to litigation.  He thinks of things most lawyers don't because they have originality pounded out of them in law school." *The New York Times* referred to Mr. Hausfeld as one of the nation's "most prominent antitrust lawyers," and *Washingtonian Magazine* has listed Mr. Hausfeld in several surveys as one of Washington's 75 best lawyers, saying he "consistently brings in the biggest judgments in the history of law" and that he is "a Washington lawyer determined to change the world -- and succeeding."

His most recent awards include the 2002 B'Nai Brith Humanitarian of the Year award; the Simon Wiesenthal Center Award for Distinguished Service; and the U.S. Department of Energy's Human Spirit Award, presented "in tribute to a person who understands the obligation to seek truth and act on it is not the burden of some, but of all; it is universal."

COHEN MILSTEIN
HAUSFELD & TOLL™

He is a frequent speaker on antitrust, human rights and international law, most recently participating in a panel discussion at the Spring Meeting of the ABA Section of Antitrust Law entitled "International Antitrust: Developments After Empagran and Intel" and at the School of Oriental and African Studies (SOAS) Annual Meeting in London entitled "Human Rights in An Integrated World: The Apartheid Reparations Litigation in the USA." He taught Masters Degree courses at Georgetown University Law Center from 1980 to 1987, and was an Adjunct Professor at the George Washington University Law School from 1996 to 1998 and now sits on its Board of Directors.

Mr. Hausfeld is a graduate of Brooklyn College, receiving a B.A. in Political Science with a minor in Russian History (*cum laud*e, 1966) and the National Law Center, George Washington University (J.D., *with honors*, 1969). He was a member of the Order of the Coif and the Board of Editors for the George Washington Law Review (1968-69).

Mr. Hausfeld is admitted to practice in the District of Columbia.

**Steven J. Toll**

Steven J. Toll joined the Firm in 1979 and has been lead or principal counsel in some of the most highly publicized stock fraud cases over the past 28 years. He has been Managing Partner of the Firm since 1997 and is Head of the Securities Fraud/Investor Protection practice group. Mr. Toll was profiled in the February 1996 *Washington Business Journal* as one of five attorneys that stand out as the "cream of the crop" in the Washington D.C. legal community. In the Fall 2006 edition of LawDragon, he was named as one of the 500 Leading Lawyers in America.

In July 2005, Mr. Toll was lead trial counsel in one of the few securities class actions to go to trial involving Globalstar, a satellite manufacturer. Mr. Toll successfully argued the motions before and during trial and ultimately achieved a settlement of $20 million shortly before the case was scheduled to go to the jury. In approving the settlement, U.S. District Judge Kevin Castel remarked that Mr. Toll and his colleagues had "done a terrific job in presenting the case for the plaintiffs."

Some of Mr. Toll's other notable cases include those against Lucent Technologies, which was settled in 2001 for approximately $575 million, at the time, the second largest securities class action settlement ever achieved; *Southmark Securities Litigation*, where he helped achieve a settlement of $70 million from the company's auditors, Drexel Burnham and Michael Milken; *Norman v. Salomon Smith Barney,* where he negotiated a $50 million settlement on behalf of customers of Salomon's Guided Portfolio Management Program, who alleged that Salomon invested their money in companies in order to boost Salomon's investment banking business, *In re ECI Telecom Securities Litigation* (E.D.Va.)(telecom company accused of presenting false revenue and earnings figures; recovery of $22.75 million); *Gilat Securities Litigation* (company accused of misreporting revenue for a period of years -- recovery of $20 million).

Mr. Toll also served as co-lead counsel in one of the most publicized frauds of the 1990s -- Cascade International (S.D. Fla.) where the mastermind of the fraud, Victor Incendy, is still a fugitive from justice. The case settled on the eve of trial against Raymond James Inc. -- the only securities class action ever successfully litigated against a brokerage firm for its role as a research analyst.



He is currently leading the Firm's team serving as co-lead counsel in one of the most highly publicized fraud cases of this era, the securities fraud class action involving Parmalat, the Italian dairy manufacturer; the case is known as Europe's "Enron," because of the similarities of the fraudulent schemes and the non-existence of billions of dollars of assets that had been recorded on Parmalat's financial statements. He is also heading up numerous securities fraud cases against other public companies.

He has written for and spoken at various conferences about securities law issues, including, *inter alia, The Plaintiffs' Perspective, Securities Regulation and the New Law,* National Legal Center for the Public Interest, No. 1, Sept. 1996; *The Sarbanes-Oxley Bill Provides No Assistance To Investors Seeking To Recovery From Corporate Fraud,* ABA Annual Meeting, August 2002; and *The Analyst Cases Involving Merrill Lynch, and Its Internet Analyst Henry Blodget, and Salomon Smith Barney and Its Telecommunications Analyst Jack Grubman,* Mass Torts Made Perfect (presented January 2003).

Mr. Toll is an honors graduate of the Wharton School of the University of Pennsylvania (B.S., Accounting, *cum laude,* 1972). He graduated from Georgetown University Law Center (J.D., 1975) where he was Special Project Editor of the Tax Lawyer.

Mr. Toll is admitted to practice in Virginia and the District of Columbia.

### Lisa M. Mezzetti

Lisa Mezzetti, a Partner at Cohen Milstein, joined the Firm in 1984, and is a member of the Securities Fraud/Investor Protection and the Consumer Protection practice groups.

In her securities work, Ms. Mezzetti represented the corporate plaintiff in a private litigation alleging damages from the purchase of a healthcare technology company; in a separate matter, she represented 1,900 plaintiffs in a series of 25 federal court suits concerning municipal bonds. Her shareholder class actions include *In re VeriSign Securities Litigation* (settled for approximately $78 million); *Murphy, Derivatively On Behalf of Nominal Defendant National Health Laboratories Inc. v. Perelman* (Cal. Super. San Diego Cty.) (global settlement of class and derivative litigations for total of $65 million); *Flecker v. Hollywood Entertainment Corp.* (D. Or.) ($15 million settlement, reached the day before trial was to begin); *Biben v. Card* (W.D. Mo.)(93% of class members' damages recovered in settlement); and currently, *In re Parmalat Securities Litigation* (S.D.N.Y.), which is litigating the alleged largest fraud in European corporate history. She also has represented parties in securities arbitrations (both as claimant's counsel or defense counsel for the broker) and defended clients in investigations and enforcement actions of the Securities and Exchange Commission.

In consumer cases, Ms. Mezzetti is or was one of the lead counsel in *In re Lupron Marketing and Sales Practices Litigation* (D. Mass.) (brought against pharmaceutical companies on pricing policies and methods; combined $150 million settlement); *Howard v. Ford Motor Co.* (Cal. Sup. Ct.) (order of the Court on equitable count required prospective recall of 1.7 million cars; settled immediately before scheduled second jury trial); and *Fischl v. Direct Merchants Credit Card Bank, N.A.* (Henn. Cnty. Minn.) (brought by credit card consumers, alleging improper charges

3

COHEN MILSTEIN
HAUSFELD & TOLL™

and payment processes; settlement included credits for overpayments and changes in business practices). She has litigated class actions under the ERISA laws, and brought one of the first class actions filed under the federal Family and Medical Leave Act.

Ms. Mezzetti is a public arbitrator for the National Association of Securities Dealers, hearing disputes between customers and brokers. She speaks at legal education seminars and has been quoted in the media on issues concerning both consumer law and securities class actions. Ms. Mezzetti was a panelist at the Federal Trade Commission's Workshop on Consumer Class Actions and at the annual conference of the Association of Trial Lawyers of America on unfair trade practices and deceptive trade practices statutes. The transcript of the FTC workshop, and her related article, *The Coupon Can Be the Ticket: The Use of "Coupon" and Other Non-Monetary Redress in Class Action Settlements* (co-authored with Whitney Case) are published at 18.4 Geo. J. Legal Ethics 1431 (2005). She also speaks on corporate governance issues at conferences of institutional investors, and was a guest panelist on a Washington, D.C. cable television show concerning hiring and working with stock brokers and financial advisors.

Before joining Cohen Milstein, Ms. Mezzetti was a litigation associate of Shea & Gould of New York City.

Ms. Mezzetti serves as a member of the Boards of Directors of The International Alliance for Women (a worldwide organization that supports and promotes women entrepreneurs, professionals and executives) and The Financial Women's Association of New York. She has served on the D.C. Advisory Board of The Joffrey Ballet of Chicago.

Ms. Mezzetti graduated from the Columbus School of Law, Catholic University of America in 1980, where she served as a Vice-Chancellor of the Moot Court Board. In 1986, she received a Master of Laws degree, with a specialty in Securities Regulation, from Georgetown University Law Center. Her bachelor's degree was awarded by Stonehill College (B.A, English., *magna cum laude*, 1977).

Ms. Mezzetti is admitted to practice in the District of Columbia and New York.

**Andrew N. Friedman**

Andrew Friedman, a Partner at the Firm, joined Cohen Milstein in 1985. He is the head of the Consumer Protection practice group and a member of the Securities Fraud/Investor Protection practice group.

In the consumer protection area, Mr. Friedman is litigating numerous class actions including cases relating to various insurance companies' failure to deliver promised benefits to thousands of persons who held flood insurance policies and suffered damage to their houses in September 2003 from Hurricane Isabel, *Howell v. State Farm Insurance* (D. Md.) and defective automobile engine coolants, *In re General Motors Dex-Cool Products Liability Litigation* (S.D. Ill). He has been instrumental in securing significant recoveries on behalf of thousands of consumers. He was one of the principal counsel in *Snyder v. Nationwide Mutual Insurance Company* (Sup. Ct., Onondaga Cnty, N.Y.), a class action that resulted in a settlement valued at between $85 million and $103 million. As one of two co-lead counsel in a class action against Thomson Consumer

4

COHEN MILSTEIN
HAUSFELD & TOLL

Electronics, Mr. Friedman reached a court-approved agreement that made up to $100 million available for persons who paid for unreimbursed repairs to televisions.

Mr. Friedman also has been involved in many successful securities class actions. In July, 2005, Mr. Friedman served as one of lead trial counsel at the trial of a certified class action in *In re Globalstar Secururites Litigation* in the United States District court for the Southern District of New York. Near the end of the second week of trial, a cash settlement of $20 million was reached for the benefit of the certified class. The settlement was approved by Judge P. Kevin Castel, who was highly complimentary of counsel:

> This case has been litigated by top trial lawyers, each of whom, as to both lead counsel and the other counsel in the case, have been exceptionally fine in their presentation of the evidence. Mr. Toll, Mr. Friedman, Mr. Shalov, their colleagues Mr. Devore, Ms. Peterson, have all done a terrific job in presenting the case for the plaintiffs.

In addition, Mr. Friedman served as one of co-lead or principal counsel in *Norman Frank et al. v. David L. Paul* (recovery of over $18 million); *In re Jiffy Lube Securities Litigation* (D. Md.) (recovery of over $12 million); and *In re Immunex Securities Litigation* (W.D.Wash.) (recovery of $14 million, then the largest securities class action settlement in Seattle). Mr. Friedman was one of the Firm's attorneys selected by the County of Cuyahoga, Ohio to prosecute a lawsuit that sought to recover losses from the County's Secured Assets Fund Earnings Program (S.A.F.E.). The lawsuit alleged that broker/dealers and a financial institution assisted the County in engaging in unsuitable and inappropriate investments and trading activity. The case settled favorably for $9.5 million.

Mr. Friedman has been a speaker on numerous panels and legal education seminars on various topics, including securities class actions and accounting fraud. He was featured in a November 15, 1997 *Washington Post* article about securities class actions and profiled in the April 14, 2000 edition of *The Washington Business Journal*.

Prior to joining Cohen Milstein, Mr. Friedman served as an attorney with the U.S. Patent and Trademark Office.

Mr. Friedman graduated from Tufts University with a B.A. in Psychology (1980, *magna cum laude*, Phi Beta Kappa) and is a 1983 graduate of the National Law Center, George Washington University.

Mr. Friedman is admitted to practice in the District of Columbia and New York.

**Richard S. Lewis**

Richard Lewis, a Partner at the Firm, joined Cohen Milstein in 1987 and is the head of the Unsafe Drugs & Environmental Health Threats practice group, for both domestic and international matters.

He has been appointed to serve as co-lead counsel in mass tort and class action cases including *In re StarLink Corn Products* (N.D. Ill) (settlement of $110 million) and *In re PPA* (asserting

COHEN MILSTEIN
HAUSFELD & TOLL

claims by users of unsafe over-the-counter medicines). He has also been appointed to the MDL Steering Committee in *In re Prempro Products Liability Litigation* (E.D. Ark.).

In addition, Mr. Lewis served as lead counsel in numerous actions to obtain medical monitoring relief for communities exposed to toxic chemicals from hazardous waste disposal practices or unsafe drugs. These include *In re Diet Drug Litigation* (Fen-Phen) (E.D. Pa), which resulted in a $4 billion settlement providing medical monitoring in addition to individual personal injury awards in the hundreds of thousands of dollars, and *Harman v. Lipari,* a Superfund case that resulted in a settlement providing medical monitoring for thousands of residents who lived on or played near a landfill. He has litigated both individual and class childhood lead poisoning cases and he is presently lead counsel in a case against the lead pigment industry, *City of Milwaukee v. NL Industries Inc*. Mr. Lewis is also handling mass tort cases involving Vioxx, Celebrex, Bextra and Hormone Therapy, and environmental cases in India and Zambia.

Mr. Lewis graduated from Tufts University with a B.A. in English (*cum laude*, 1976), and earned his Master's in Public Health degree from the University of Michigan (1981) and his law degree from the University of Pennsylvania (J.D., *cum laude*, 1986). He was Comments Editor for the University of Pennsylvania Law Review (1985-86) and authored the Comment, *O.C.A.W. v. American Cyanamid: The Shrinking of the Occupational Safety and Health Act*, U. Pa. L. Rev. (July, 1985). After law school, he was a law clerk for the Honorable Stanley S. Brotman, U.S. District Court for the District of New Jersey.

Mr. Lewis is admitted to practice in the District of Columbia.

**Daniel S. Sommers**

Daniel Sommers, a Partner at the Firm, joined Cohen Milstein in 1988. He has served as the head of the firm's Securities Fraud/Investor Protection practice group and currently is the chief operating lawyer for that group.

During his career at Cohen Milstein, Mr. Sommers served as lead or co-lead counsel or otherwise played a significant role in numerous securities fraud class actions in federal courts throughout the United States. Many of those cases resulted in multi-million dollar recoveries for individual and institutional investors. For example, these cases include: Steiner *v. Southmark Corporation* (N.D.Tex.) (over $70 million recovery ); *In re PictureTel Inc. Securities Litigation* (D.Mass.) ($12 million recovery); *In re Physician Corporation of America Securities Litigation* (S.D. Fla.) ($10.2 million recovery); *In re Gilat Satellite Securities Litigation* (E.D.N.Y.) ($20 million settlement); *In re Pozen Inc. Securities Litigation* (M.D.N.C.) ($11.2 million settlement, approval pending); *In re Nextel Communications Securities Litigation* (D.N.J.) (up to $27 million recovery); *In re PSINet Inc. Securities Litigation* (E.D. Va.) ($17.8 million recovery); *In re Cascade International Inc. Securities Litigation*, (S.D. Fla.) (global settlement of approximately $10 million); and *In re ECI Telecom Securities Ltd. Litigation* (E.D.Va.) ($21.75 million). He currently is actively involved in the prosecution of the *In re Fannie Mae Securities Litigation* (D.D.C.).

Mr. Sommers is also experienced in non-class action litigation. He represented TBG Inc., a multi-billion dollar privately-held overseas corporation, in a multi-party, complex action alleging

COHEN MILSTEIN
HAUSFELD & TOLL™

fraud in a corporate acquisition and represented individuals in connection with investigations brought by the United States Securities and Exchange Commission.  He also has represented publicly traded corporations in the prosecution and defense of claims.  Mr. Sommers has litigated cases covering a wide-range of industries including the financial services, computer software, pharmaceutical, insurance, real estate and telecommunications industries among others. He also has substantial experience in cases presenting complex accounting and auditing issues.

Mr. Sommers is a frequent commentator on the federal securities laws and corporate governance issues and addresses institutional investor groups and others on these topics as illustrated below:

- Guest panelist on "It's Your Business," a nationally syndicated television program, where he spoke on investor lawsuits.
- Panelist at the George Washington University Law School, where he spoke on the practice of law from the plaintiff's perspective.
- Addressed the California State Association of County Retirement Systems, to whom he spoke on corporate governance and fiduciary duties and liabilities.
- Spoke at a District of Columbia Bar Association program in 2005 where he addressed "Attorney Liability in the Post-Enron, Post Sarbanes-Oxley Era."
- Panelist at a 2006 presentation to Illinois-based institutional investors on the topic of "The Growing Emphasis on Fiduciary Responsibility:  Implications For Illinois Pension Funds and the Emergence of Guiding Principles."
- Addressed the Professional Liability Underwriting Society in 2007 on the topic of "Global Companies, Global Risk: Exposure Arising Outside the U.S."

In 2007, Mr. Sommers was appointed to serve as the chairman of the Investor Rights Committee of the Corporation, Finance and Securities Law Section of the District of Columbia Bar.  In addition, he is a member of the Securities Litigation Committee of the American Bar Association and is a member of the National Association of Public Pension Attorneys.

He is a 1983 graduate of Union College, earning a B.A. in Political Science (*magna cum laude*), and a 1986 graduate of the George Washington University Law School.  Mr. Sommers is admitted to practice in federal courts including the United States District Courts for the Districts of New Jersey, Maryland, Eastern District of Michigan and the District of Columbia as well as the United States Courts of Appeals for the District of Columbia, Fourth, Ninth, Tenth and Eleventh Circuits.  Mr. Sommers is also admitted to practice before the Supreme Court of the United States.

Mr. Sommers is a member of the bar of the states of New York and New Jersey as well as the District of Columbia.

**Daniel A. Small**

Dan Small, a Partner at Cohen Milstein, joined the Firm in 1988 and is a member of the Antitrust practice group.

COHEN MILSTEIN
HAUSFELD & TOLL™

Among the antitrust cases on which Mr. Small is currently working are: *In re Microsoft Antitrust Litigation* (D. Md.), in which he serves as chair of the experts committee and *Rasmussen v. General Motors* (Cir. Ct., Milwaukee Cty., Wisc.) (and related cases in eight other states), a state-wide class action alleging conspiracy among auto manufacturers and distributors to maintain dual price systems between the United States and Canada.  He was co-lead counsel for the end-user plaintiffs in *In re Buspirone Antitrust Litigation* (S.D.N.Y.), a case alleging monopolization and market allocation claims against a brand name drug manufacturer for delaying generic entry to the market that settled for $90 million.  Mr. Small also was lead counsel for the plaintiffs in *Pease, et al. v. Jasper Wyman & Son, et al.* (Super. Ct., Knox Cty., Me), a price-fixing class action brought on behalf of Maine wild blueberry growers.  The case was tried in November 2003, and the jury returned an $18.68 million verdict for the Class, which after trebling and other additions, resulted in a $56 million judgment.

Mr. Small's substantial appellate experience includes briefing and arguing *Free v. Abbott Laboratories* in the United States Supreme Court.  The case presented the issue of whether a supplemental jurisdiction statute overruled *Zahn v. International Paper Co*.  The Court split 4-4, with Justice O'Connor recusing herself.  Mr. Small successfully briefed and argued appeals before the Seventh Circuit Court of Appeals in *In re Brand Name Prescription Drug Antitrust Litigation* (7th Cir. 1997) on the issue of whether the district court had subject matter jurisdiction, and in *Paper Systems, Inc. v. Nippon Paper Industries Co., Ltd*. (7th Cir. 2002) holding that the federal direct purchaser rule does not immunize a defendant from liability for the direct sales of its co-conspirators.  Mr. Small also briefed and argued the appeal in *Mack v. Bristol-Myers Squibb* (Fla. 1st DCA 1996), the first opinion construing the Florida Deceptive and Unfair Trade Practices Act to permit indirect purchasers to sue for damages for antitrust violations.

He has been a speaker at events organized by the American Antitrust Institute, the Conference Board, the American Bar Association and the District of Columbia Bar, among others.

Mr. Small is a 1981 graduate of Colgate University, receiving a B.A. (*cum laude*) in History.  He graduated from the American University's Washington College of Law in 1986 and joined Cohen Milstein after serving as Law Clerk to the Honorable Roger Vinson, U.S. District Judge for the Northern District of Florida (1986 to 1988).

Mr. Small is admitted to practice in Maryland and the District of Columbia.

**Joseph M. Sellers**

Joseph Sellers, a Partner at the Firm and head of the Civil Rights & Employment practice group, joined Cohen Milstein in 1997.

Mr. Sellers has represented victims of discrimination and other illegal employment practices individually and through class actions. He has tried several civil rights class actions to judgment before juries and has argued more than 25 appeals in the federal and state appellate courts, including the United States Supreme Court. He has served as class counsel, and typically lead counsel, in more than 30 civil rights and employment class actions.



Those cases have included: *Beck. v. Boeing Company* (W.D. Wash.), which included a class of more than 28,000 women employees at Boeing facilities in Washington state alleging sex discrimination in pay and overtime decisions; *Conway, et al. v. Deutsch* (E.D. Va.), for a class of all female undercover case officers at the CIA alleging sex discrimination in promotions and job assignments; *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.), where the Court has certified the largest class in such a case: more than 1.5 million women employees at Wal-Mart stores, alleging sex discrimination in promotions and pay decisions; *Johnson, et al. v. Freeh* (D.D.C.), for a class of African-American FBI special agents alleging racial discrimination in promotion and job assignments; *Keepseagle v. Venamen* (D.D.C.), for a class of Native American farmers and ranchers denied equal credit opportunities by USDA; *Neal v. Director, D.C Dept. of Corrections* (D.D.C.), the first sexual harassment class action tried to a jury, for a class of women correctional employees and women and men subject to retaliation at the D.C. Department of Corrections; and *Trotter, et al. v. Perdue Farms* (D.Del.), for a company-wide collective action brought under the Fair Labor Standards Act for violations of federal wage and hour law.

Throughout his career, Mr. Sellers has also been active in legislative matters. He has testified more than 20 times before Committees of the United States Senate and House of Representatives on various civil rights and employment matters. He worked on the passage of the Civil Rights Act of 1991 and the Americans with Disabilities Act of 1990.

Mr. Sellers has trained lawyers at the U.S. Equal Employment Opportunity Commission and the U.S. Department of Justice on the trial of civil rights cases and has lectured extensively throughout the country on various civil rights and employment topics. He was an Adjunct Professor at the Washington College of Law at American University, where he taught Employment Discrimination law, and at the Georgetown University Law Center, where he taught a course on Professional Responsibility.

He served on the Clinton/Gore Transition Team in 1992 and 1993. He headed the teams reviewing the operations of the EEOC, the Office of the Assistant Attorney General for Civil Rights, and various sections of the Civil Rights Division of the Department of Justice. He also served as a Co-Chair of the Task Force of the D.C. Circuit on Gender, Race and Ethnic Bias and was appointed by panels of the D.C. Circuit Court of Appeals and the U.S. District Court for the District of Columbia.

At the request of the Ford Foundation and the American Bar Association, Mr. Sellers delivered a series of lectures and designed and delivered a mock trial on civil rights law to Chinese judges, lawyers and government officials.

Mr. Sellers has been recognized as one of the top lawyers in Washington and as one 10  the top plaintiffs' employment lawyers in the country  He is a professionally-trained mediator and has served as the President of the Washington Council of Lawyers.

Prior to joining Cohen Milstein, Mr. Sellers served as head of the Employment Discrimination Project of the Washington Lawyers' Committee for Civil Rights and Urban Affairs for over 15 years.



Mr. Sellers received a J.D. from Case Western Reserve School of Law (1979), where he served as Research Editor of the *Case Western Reserve Law Review*, and a B.A. in American History and Literature from Brown University (1975).

Mr. Sellers is admitted to practice in the District of Columbia.

**Mark S. Willis**

Mark Willis joined the Firm in 1989 and is a Partner in the Securities Fraud/Investor Protection practice group. Mr. Willis heads the Firm's international securities practice as well as its domestic client development work.

Mr. Willis focuses his practice on investor protection issues, including the enforcement of the federal securities laws. In that role he works with a number of European and domestic institutional investors on investor protection and corporate governance matters. He currently acts as co-lead counsel in the *In re Parmalat Securities Litigation* (S.D.N.Y.), the largest fraud in European corporate history that is frequently referred to as Europe's "Enron". Mr. Willis represents Italian, French and Belgian institutions in that action. He also represented Brussels-based KBC Asset Management in the *In re Royal Dutch/Shell Securities Litigation*. Among other notable cases, Mr. Willis litigated against Caremark International in which Caremark was accused of federal Medicare fraud, subsequently pled guilty and paid the U.S. Government a fine of approximately $160 million and $25 million in a civil settlement. Mr. Willis also litigated against National Health Labs, which resulted in a $65 million settlement, and settled claims against Nextel Communications and Motorola.

Mr. Willis has written extensively on corporate, securities and investor protection issues, often with an international focus. He authored Chapter 60 of *Securities Law Techniques*, titled *Admission of Securities to Official Listing on Stock Exchanges Within the European Union and the Subsequent Disclosure Obligations* (1998). He published a related article in the Fall 1997 issue of the International Law News, *A Brief Overview of the European Union's Efforts to Harmonize the Requirements for Listing Securities*. He also authored Chapter 196 of *Business Organizations with Tax Planning*, titled *Company Laws of the European Union* (1998). Mr. Willis wrote about investor protection issues in an article published in the July/August 2003 edition of *Professional Investor*, a United Kingdom-based journal for institutional investors and investment professionals. A second article, co-authored by Mr. Willis, appeared in the same publication's May 2005 edition. He was also the co-author of the Comment entitled *Corporation Code Sections 309 and 1203: California Redefines Directors' Duties Towards Shareholders*, Pepperdine Law Review, Volume 16, No. 4 (1989).

Mr. Willis has been a frequent speaker at institutional investor conferences on the issues of investor protection through the federal securities laws and the importance of using corporate governance measures to force companies to put the interests of their shareholders first. In addition to numerous forums in the United States, Mr. Willis was invited to address these topics at institutional investor conferences held in London and Paris in January 2003 and spoke at similar conferences in Munich and Milan in the Spring of 2005. He also addressed corporate governance issues at the Annual Conference of the National Council on Teacher Retirement in October 2004.

COHEN MILSTEIN
HAUSFELD & TOLL™

Mr. Willis obtained a Masters in International Law, with an emphasis in securities regulation, from the Georgetown University Law Center in 1993. He graduated from Pepperdine University School of Law in 1989 where he was a member of the Moot Court Team and won the Dalsimer Moot Court Competition. Mr. Willis received his B.A. in English History from Brigham Young University in 1986.

Mr. Willis is admitted to practice in the District of Columbia and Massachusetts.

**Marc I. Machiz**

Marc Machiz, a Partner at Cohen Milstein, joined the Firm in 2000 and is the head of the Employee Benefits (ERISA) practice group. He is the resident Partner of the Philadelphia office.

Mr. Machiz litigates ERISA class actions involving a range of benefits cases including inappropriate pension plan investments, the inappropriate investment in company stock by 401(k) plans, discharges to interfere with pension rights and illegal plan terminations including, among others, *Hans v. Tharaldson et al.*(D.N.D.) (purchase by ESOP of employer stock allegedly imprudently and for more than adequate consideration); *Mehling, et al. v. New York Life Insurance Co., et al*., (E.D. Pa.) (investment in allegedly overpriced mutual funds proprietary to the sponsor) and *In re Williams Company ERISA Litigation* (N.D. Okla) (investment by 401(k) plan in allegedly inflated company stock); *In re Dynegy ERISA Litigation* (S.D. Texas ) (same); Simpson v. Firemen's Fund Insurance Co. (N.D. Cal.) (discharge of disabled employees allegedly to interfere with their attainment of health benefits); *Stoeffels v. SBC Communications, Inc.*, (S.D. Texas).(termination of retiree telephone concession alleged to be a pension plan); *Wagener v. SBC Communications Inc. Pension Plan* (D.D.C.) (alleged failure to pay promised pension benefits); *Zhu v. Fujitsu*, N.D. Cal.(alleged vesting violation); *Banyai v. Mazur* (S.D.N,Y.) (alleged illegal transfer of fund assets). Mr. Machiz has submitted amicus curiae briefs to the Supreme Court and lower courts on behalf of the Pension Rights Center and the National Association of Insurance Commissioners. He consults with the AFL-CIO on state legislation to expand healthcare coverage so as to minimize the chance that such legislation will be held preempted, and he represents Fiduciary Counselors. Inc. in evaluating the adequacy of both ERISA and Securities settlements on behalf of plans participating in settlements with their plans sponsors and the officers of the plan sponsors, including evaluation of settlements in the the Enron Securities litigation.

He joined the Plan Benefits Security Division ("PBS") of the Office of the Solicitor of Labor as a trial attorney in 1978, and was appointed Assistant Counsel for Fiduciary Litigation in 1982. At the start of 1984, he joined Beins, Axelrod and Osborne, P.C. practicing general labor and ERISA law on behalf of unions and multiemployer plans. In 1986 he returned to the Department of Labor as Counsel for General Litigation at PBS, and from 1988 to 2000 held the position of Associate Solicitor, heading the Division. As Associate Solictor, Mr. Machiz was the Department of Labor's chief ERISA lawyer charged with responsibility for all enforcement litigation brought by the Secretary of Labor under the statute, which governs the vast majority of privately sponsored health, welfare and pension plans. He was also responsible for all legal advice under the statute provided to the Pension & Welfare Benefits Administration, which administers Title I of ERISA.

COHEN MILSTEIN
HAUSFELD & TOLL™

Mr. Machiz worked to institute the Department's innovative amicus program which aggressively advocated the Department's views throughout the judicial system on a wide range of ERISA issues ranging from the need to limit ERISA preemption of state worker and consumer protection laws to the need to strengthen participants' rights and remedies under the Act.

Mr. Machiz's expertise in ERISA has been recognized by his colleagues in the ERISA bar, who made him a Charter Fellow of the American College of Employee Benefits Counsel. Mr. Machiz is a frequent speaker on ERISA issues for the ABA, ALI-ABAPLI, and private seminars, and has served as plaintiffs' co-chair of a subcommittees of the Employees Benefits Committee of the ABA's Labor Section. He is also a member of the *BNA Pension and Benefits Reporter* Advisory Board.

Mr. Machiz has authored several articles including *Understanding DOL's New Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation*, Pension & Benefits Reporter, Vol. 31, No. 2, January, 2004; and *ESOPS, ERISA, and Employer Stock: A Litigator's Approach*, ATLA Commercial Litigation Section Newsletter, Volume 7, Number 3 (Spring/Summer 2001).

He attended the University of Pennsylvania, where he earned a B.A. in History, and received his law degree from the University of California at Berkeley (Boalt Hall) in 1978.

Mr. Machiz is admitted to practice in the District of Columbia and Pennsylvania.

**Christine E. Webber**

Christine Webber, a Partner at the Firm and a member of the Civil Rights & Employment Practice group, joined Cohen Milstein in 1997. She is the Partner in charge of the law clerk and summer associate program.

Ms. Webber represents plaintiffs in class action employment discrimination and Fair Labor Standards Act cases. Ms. Webber's current docket includes *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.), a certified class action for over 1.6 million current and former female employees of Wal-Mart with complaints of discrimination in pay and promotion; *Hnot v. Willis* (S.D.N.Y.), representing a class of women at the vice-president level and above challenging sex discrimination in compensation and promotions; and *Jenkins v. BellSouth* (N.D. Ala.), representing a proposed class of African-American employees challenging race discrimination in promotions and compensation.

She represented plaintiffs in *Beck v. The Boeing Co.* (W.D. Wash.), a class action alleging sex discrimination in compensation and promotions which settled in 2004 for $72.5 million. She was counsel in Trotter *v. Perdue* (D. Del.), representing plaintiffs who were wrongly denied payment of overtime wages, and obtaining a $10 million settlement. She is also representing workers in a similar case against Tyson Foods, Inc.

In 2004, Ms. Webber was named one of the Top Lawyers in Washington, D.C. by *Washingtonian Magazine* and named as one of the 2007 Washington, D.C. *Superlawyers* in the Civil Rights category.

12

COHEN MILSTEIN
HAUSFELD & TOLL

Prior to joining Cohen Milstein, Ms. Webber received a Women's Law and Public Policy fellowship and worked for four years at the Washington Lawyers' Committee for Civil Rights and Urban Affairs in their Equal Employment Opportunity Project.  She worked on a variety of employment discrimination cases, and focused in particular on the sexual harassment class action *Neal v. Director, D.C. Department of Corrections, et al.*  Ms. Webber participated in the trial of this ground-breaking sexual harassment class action in 1995.  Ms. Webber also tried the race discrimination case *Cooper v. Paychex* (E.D. Va.), and successfully defended the plaintiffs' verdict before the Fourth Circuit.

Ms. Webber is a member of the National Employment Lawyers' Association (NELA) and co-chair of their Class Action Committee. She speaks regularly at CLE programs on employment discrimination class actions, including presentations for NELA, and most recently participated in a panel on Evidentiary Issues and Jury Instructions in Employment Discrimination Litigation for ALI-ABA's program at Georgetown University Law Center in February 2007.

She graduated from Harvard University with a B.A. in Government (*magna cum laude*, 1988) and the University of Michigan Law School (J.D., *magna cum laude*, 1991, Order of the Coif). Following law school, Ms. Webber clerked for the Honorable Hubert L. Will, United States District Judge for the Northern District of Illinois.

Ms. Webber is admitted to practice in Illinois and the District of Columbia.

**Richard A. Koffman**

Richard Koffman, a Partner at the Firm, joined Cohen Milstein in 2003 and is a member of the Antitrust practice group.  He is also a member of the firm's *Pro Bono* Committee.

He is currently serving as counsel for plaintiffs in, among other cases, *In re Rubber Chemicals Antitrust Litigation* (N.D. Ca.); *In re Polyester Staple Antitrust Litigation* (W.D.N.C.); and *In re Urethane Antitrust Litigation* (D. Kan.).

Mr. Koffman came to Cohen Milstein after four years as a senior trial attorney with the Antitrust and Civil Rights Divisions of the United States Department of Justice.  Prior to joining the Department of Justice, he spent seven years in private practice, with Fine, Kaplan and Black in Philadelphia (working primarily on antitrust class actions and other complex commercial litigation) and then with Bernabei & Katz in Washington, D.C. (handling employment discrimination cases).  While at Fine Kaplan, Mr. Koffman was actively involved in litigating several successful antitrust class actions on behalf of plaintiffs and classes, including *In re Nasdaq Market-Makers Antitrust Litigation* (S.D.N.Y.) (settled for more than $1 billion); *In re Polypropylene Carpet Antitrust Litigation* (N.D. Ga.); *In re Commercial Explosives Antitrust Litigation* (D. Utah); and *In re Drill Bits Antitrust Litigation* (S.D. Tex.).

Immediately after law school, he served as a judicial clerk for Judge James B. McMillan of the Western District of North Carolina, and for Judge Anthony J. Scirica of the U.S. Court of Appeals for the Third Circuit.

COHEN MILSTEIN
HAUSFELD & TOLL™

Mr. Koffman is the author of *It's Not The First Time: Fudging the Truth in Discovery Proceedings Didn't Start with Clinton*, *Legal Times*, August 24, 1998.

He is a graduate of Yale Law School (J.D., 1990), where he was a Senior Editor of the Law Journal, and Wesleyan University, from which he received a B.A., *with honors,* in English (1986).

Mr. Koffman is admitted to practice in the District of Columbia.

**Agnieszka M. Fryszman**

Agnieszka Fryszman, a Partner at the Firm, joined Cohen Milstein in 1998 and is a member of the International Human Rights and Antitrust practice groups.

She currently represents Indonesian villagers in a lawsuit against Exxon Mobil over torture and extrajudicial killings allegedly committed by the defendant's security forces (a unit of the Indonesian military). For the past several years, she has represented the former "comfort women," women and girls who were forced into sexual slavery by the government of Japan during World War II. Her past successes include cases brought by survivors of Nazi-era forced and slave labor against the German and Austrian companies that allegedly used and profited from slave labor, which were resolved by international negotiations that resulted in multi-billion dollar settlements.

In the Antitrust practice group, she represents small businesses that have been victims of alleged price-fixing in the polyester staple and rubber chemicals markets.

She has represented, *pro bono*, a number of victims of the September 11 attack on the Pentagon and obtained significant recoveries, including one of the highest awards for an injured survivor, from the Victim's Compensation Fund. She also represents, *pro bono*, individuals indefinitely detained without charge by the United States at Guantanamo Bay.

Before joining the Firm, Ms. Fryszman was Democratic counsel to the United States House of Representatives Committee on the Judiciary, Subcommittee on Commercial and Administrative Law. She also served as counsel to Representative Henry Waxman, Ranking Member on the House Government Reform and Oversight Committee.

Ms. Fryszman graduated from Brown University with a B.A. in International Relations and Georgetown University Law Center (J.D., *magna cum laude,* 1996, Order of the Coif), where she was a Public Interest Law Scholar.

Ms. Fryszman is admitted to practice in the District of Columbia and New Jersey.

**Charles E. Tompkins**

Charles Tompkins, a Partner at Cohen Milstein, joined the Firm in 1999 and is a member of the Antitrust and Civil Rights & Employment practice groups, with an emphasis on obtaining redress on behalf of employees who have not been paid all of the wages they are owed.

14

COHEN MILSTEIN
HAUSFELD & TOLL

In the antitrust field, Mr. Tompkins currently represents Registered Nurses employed by hospitals in Albany, Chicago, Detroit, Memphis, and San Antonio in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws. Mr. Tompkins also is serving as a member of the co-lead counsel team in *In Re Air Cargo Antitrust Litigation* (E.D.N.Y.), a multi-billion dollar antitrust action alleging that the world's major cargo airlines colluded in setting the amounts of various surcharges they imposed on their customers, and *In Re Air Transportation Antitrust Litigation* (N.D. Cal.), a federal antitrust action challenging a conspiracy among airlines to fix the amount of the fuel surcharge imposed on flights to and from Heathrow airport in London. Mr. Tompkins was a member of the trial team that, following a two-week jury trial, obtained a $56.4 million judgment on behalf of Maine wild blueberry growers who alleged their suppliers fixed the prices of wild blueberries. Mr. Tompkins also was a member of the team that litigated the federal antitrust action *Paper Systems, Inc. v. Mitsubishi Corp. et al.* (E.D.Wisc.), which settled for $20 million on the eve of trial.

In the employment field, Mr. Tompkins has represented a wide variety of employees, and twice obtained summary judgment on behalf of nationwide classes of Auto Damage Adjusters whose employer, GEICO, refused to pay them overtime. See *Robinson-Smith v. GEICO* (D.D.C.); *Lindsay v. GEICO* (D.D.C.). GEICO began paying overtime shortly after the adjusters' victory, and the United States Department of Labor has since cited *Robinson-Smith* in an official opinion letter. Mr. Tompkins also was part of the legal team that obtained a $10 million settlement on behalf of chicken-processing workers who were not paid for the time they spent putting on and taking off their required safety equipment, *Trotter v. Perdue Farms, Inc., et al.* (D. Del.). Perdue Farms changed its practices as part of a global settlement and now pays its employees for this time. Mr. Tompkins also is a member of the team litigating *Dukes v. Wal-Mart Stores, Inc.* (N.D.Cal.), the largest certified Title VII class action in history, in which female employees of Wal-Mart seek redress for unfair gender discrimination, and *Hnot v. Willis, et al.* (S.D.N.Y.), in which a certified class of over one hundred female insurance brokerage executives allege sexual discrimination in compensation and promotions. Mr. Tompkins also serves, on a *pro bono* basis, as a consultant for the Immigrant and Refugee Rights Project at the Washington Lawyers Committee for Civil Rights And Urban Affairs, providing guidance and oversight in litigations brought on behalf of immigrant workers subject to wage and hour violations.

Mr. Tompkins has significant appellate appearance. He second-chaired the argument of *Free v. Abbott Laboratories* before the United States Supreme Court; briefed and successfully argued *Lindsay v. GEICO* before the United States Court of Appeals for the District Of Columbia Circuit; and briefed and argued *Manchester v. Primerica Financial Services, et al.*, which was successfully settled prior to the issuance of a decision, before the United States Court of Appeals for the Eleventh Circuit.

Mr. Tompkins is the author of "Damages Issues in Fair Labor Standards Act Collective Action Litigation," which is scheduled to appear in Volume 10, Issue Number 2, of the Employee Rights and Employment Policy Journal of the Chicago-Kent School of Law; and the co-author, with Michael Hausfeld and Kalpana Kotagal, of "Innovation, Economics and the Law: The Health Care Industry's Exposure to Antitrust Liability," to be published by the ABA Antitrust Law Section in 2007. He has been asked on several occasions to lecture on employment law matters by both the American Bar Association and the National Employment Law Association.



Prior to joining Cohen Milstein, Mr. Tompkins was an associate with the Washington, D.C. office of Akin, Gump, Strauss, Hauer & Feld, L.L.P. He graduated *magna cum laude* from Colgate University and received his J.D. from the University of Virginia School of Law. He is licensed to practice in New York and the District of Columbia.

## Julie Goldsmith Reiser

Julie Goldsmith Reiser, a Partner at the Firm, joined Cohen Milstein in 1999 and has specialized in complex litigation involving violations of the federal securities laws and employment discrimination.

Currently, she is working on *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.) class action which has been certified for 1.5 million current and former female employees of Wal-Mart on complaints of discrimination in pay and promotion, and *In re Parmalat Securities Litigation* (S.D.N.Y.), a securities fraud class action alleging artificial inflation in the price of Parmalat's securities. She has also been involved in the litigation and successful settlement of *Beck v. The Boeing Co.* (W. D. Wash.), which alleged sex discrimination in compensation and promotions; *In re P-Com Securities Litigation* (N.D.Cal.) ($16 million settlement); and *In re Sabratek Securities Litigation* (N.D.Ill.) ($15.3 million settlement).

Ms. Reiser co-authored *Companies in the Cross Hairs: When Plaintiffs Lawyers Choose Their Targets, They Look for These Employment Practices,* The Legal Times, February 21, 2005. In 1999, she co-authored *Antitrust Introduction for the General Practitioner*, a chapter in the Washington Lawyer's Practice Manual.

Prior to joining Cohen Milstein, Ms. Reiser worked in Seattle, Washington where she focused primarily on guardianship and healthcare litigation. She was President of the Board of Directors of Seattle Works and chaired the Nominating Committee for the Board of Directors of the Eastside Domestic Violence Program. She also served a term as a Trustee for the Pacific Northwest Ballet. In 1997, Ms. Reiser worked as a Legal Intern for U.S. Senator Patty Murray.

Julie Reiser graduated from Vassar College (B.A. with honors 1992) and the University of Virginia Law School (J.D. 1997). While in law school, she was a member of the Virginia Journal of Law and Social Policy.

Ms. Reiser is admitted to practice in Washington State and the District of Columbia.

## Victoria S. Nugent

Victoria Nugent, a Partner at the Firm, joined Cohen Milstein in 2000 and is a member of the Consumer Protection practice group.

Ms. Nugent has focused on consumer protection and public health litigation throughout her career, including *In re StarLink Product Liability Litigation* (N.D. Ill.), representing farmers who sued Aventis Cropscience after an unapproved variety of genetically modified corn was detected in the U.S. corn supply and drove down prices for all U.S. corn exports. More than $100 million was recovered for the class in a landmark settlement. She is currently working on *In re General Motors Dex-Cool Products Liability Litigation* (S.D.Ill.), representing car owners seeking to enforce product warranties for an extended life coolant and *Howell v. State Farm* (D.Md.),

COHEN MILSTEIN
HAUSFELD & TOLL

representing flood policy holders who were denied the full benefits of their government-backed insurance policies following Hurricane Isabel.  Ms. Nugent has argued cases before the high courts of Georgia, Nebraska and the District of Columbia, as well as the federal D.C. Circuit Court of Appeals.

Before joining Cohen Milstein, Ms. Nugent worked for seven years at Public Citizen, a national consumer advocacy organization.  During that time, she worked on many legislative and regulatory campaigns addressing issues that ranged from automobile safety to international trade policy.  In 1998, Ms. Nugent received a two-year fellowship sponsored by the National Association for Public Interest Law (NAPIL).  As a NAPIL Fellow, she worked at Trial Lawyers for Public Justice (TLPJ), where she helped develop and prosecute impact litigation in the areas of arbitration, banking, credit and insurance.

Ms. Nugent received her undergraduate degree in History from Wesleyan University in 1991 and graduated from Georgetown University Law Center in 1998.

Ms. Nugent is admitted to practice in the District of Columbia and Maryland.

### Benjamin D. Brown

Benjamin Brown, a Partner at the Firm, joined the firm in 2005 and is a member of the Antitrust practice group.  He has extensive experience in complex litigation and class actions.

He is currently serving as counsel for plaintiffs in, among other cases, *In re Aspartame Antitrust Litigation* (E.D. Pa.); *Brookshire Bros., Ltd., et al. v. Chiquita Brands Int'l., Inc., et al.* (S.D. Fla.); *In re Rubber Chemicals Antitrust Litigation* (N.D. Ca.); *In re Pressure Sensitive Labelstock Antitrust Litigation* (M.D. Pa.); and *John Boyd, et al. v. AWB Limited, et al.* (S.D.N.Y.).

Mr. Brown came to Cohen Milstein after four years as a trial attorney with the Antitrust Division of the United States Department of Justice.  While there, Mr. Brown led and assisted in numerous investigations, litigations and trials involving anticompetitive conduct and mergers.  Mr. Brown also prosecuted criminal cases as a Special Assistant United States Attorney in the Eastern District of Virginia.  Prior to joining the Department of Justice, he spent three years as a litigator in private practice:  first with Heller Ehrman White & McAuliffe in San Francisco, California, working on complex commercial litigation, including class actions, and then with Covington & Burling in Washington, D.C., handling insurance coverage and antitrust litigation.  Prior to practicing, Mr. Brown served as a judicial law clerk for Chief Judge Juan R. Torruella of the U.S. Court of Appeals for the First Circuit.

Since 2005, Mr. Brown has served as a state editor for the ABA's annual survey of state class action law.  He also co-authored a chapter on private antitrust recovery actions for the forthcoming 2008 Global Competition Review's Antitrust Review of the Americas.  He has been interviewed regarding antitrust class actions by CNBC and various NBC affiliates, and by radio networks including ABC and the AgriBusiness Network.

COHEN MILSTEIN
HAUSFELD & TOLL

Mr. Brown is a graduate of Harvard Law School (J.D., *cum laude*, 1997), where he was an editor and executive board member of the Harvard Civil Rights - Civil Liberties Law Review, and the University of Wisconsin - Madison (B.A.in Philosophy, with distinction, Phi Beta Kappa, 1992).

Mr. Brown is admitted to practice in California and the District of Columbia.

**Avi S. Garbow**

Avi Garbow, a Partner at the Firm, joined Cohen Milstein in 2005 and is a member of the Securities Litigation practice group and Co-Chair of the International Human Rights practice group.

In the securities field, Mr. Garbow focuses his practice on representing both domestic and international investors. Mr. Garbow is currently involved in several major securities fraud actions, including *In re Parmalat Securities Litigation* (S.D.N.Y.) and *In re Converium Holding AG Securities Litigation* (S.D.N.Y.), and also provides counsel to the independent fiduciary of the Enron employees stock ownership plans in connection with the Enron federal securities class action.

Prior to joining the Firm, Mr. Garbow was a Junior Partner at Wilmer Cutler Pickering Hale and Dorr in their Securities and Litigation Departments , where he focused on complex civil and criminal litigation, with an emphasis on internal investigations and financial fraud matters. Mr. Garbow also served over ten years in government as a federal prosecutor in the Justice Department's Environmental Crimes Section, a Special Assistant United States Attorney, and a Special Assistant to the Assistant Adminstrator for Enforcement at the U.S. Environmental Protection Agency. Mr. Garbow has also served as an instructor at the Justice Department's National Advocacy Center. He received special commendations from both the Department of Justice and the Environmental Protection Agency for his trial work.

Mr. Garbow serves as Co- Chair of the American Bar Association's International Human Rights Committee. He has also done work on behalf of the Robert F. Kennedy Memorial Center for Human Rights, and serves on the Board of Directors for International Rights Advocates (an international human rights organization) and Urban Ecology Institute (an environmental, and community development organization) .

He is a graduate of the University of Virginia School of Law (J.D., 1992) (where he was the recipient of the Robert F. Kennedy Award for Public Service), the University of Virginia Graduate School of Arts and Sciences (M.A. in Marine Affairs, 1994), and the University of Michigan (B.A., *magna cum laude*, 1988). He is also a former firefighter.

Mr. Garbow is a member of the Virginia and District of Columbia bars.

**William P. Butterfield**

William Butterfield, a Partner of the firm, is a member of the Antitrust practice group.

COHEN MILSTEIN
HAUSFELD & TOLL™

For several years, Mr. Butterfield has been leading plaintiffs' discovery efforts in *In Re New Motor Vehicles Canadian Export Antitrust Litigation*, MDL 1532.  He is also working on *In Re Hydrogen Peroxide Antitrust Litigation*, (E.D. Pa.), *In Re OSB Antitrust Litigation*, (E.D. Pa.), and *In Re Methyl Methacrylate (MMA) Antitrust Litigation*, (E.D. Pa.).

Previously, Mr. Butterfield was one of the principal attorneys involved in nationwide litigation challenging lending practices conducted by one of the nation's largest sub-prime lenders.  In that case, Mr. Butterfield worked extensively with the FTC, and was responsible for generating nationwide media and Congressional attention to lending practices conducted by Associates Finance.  Plaintiffs and the FTC eventually settled with Citigroup (which had acquired Associates Finance) for $240 million (*In Re Citigroup Loan Cases*, J.C.C.P. 4197).  Mr. Butterfield was also a principal attorney for the plaintiff classes in *In re Prudential Securities Limited Partnerships Litigation*, MDL No. 1005 (S.D.N.Y.), which settled for $137 million, and *In re PaineWebber Securities Litigation*, 94 Civ. 8547 (S.D.N.Y.), which settled for $200 million.

Mr. Butterfield is recognized as a leader in the field of electronic discovery.  He has developed electronic document management solutions since the early 1990s, when he helped design and led the implementation of an electronic document repository to manage more than 15 million pages of documents produced in *In re Prudential Securities Limited Partnerships Litigation*, MDL No. 1005 (S.D.N.Y.).  That system was recognized by Senior U.S. District Judge Milton Pollack as one of the most innovative and sophisticated high-tech document management/litigation support systems available @ 163 F.R.D. 200, 208 (S.D.N.Y. 1995).  In 2005, Mr. Butterfield testified before the U.S. Judicial Conference Rules Committee regarding proposed electronic discovery amendments to the Federal Rules of Civil Procedure.  He speaks at conferences internationally on electronic discovery issues.  Mr. Butterfield is also a member of The Sedona Conference, a nonprofit research and educational institute dedicated to the advanced study of law and policy.  His comments appeared recently in an article entitled, "E-Discovery:  Business is Booming and Lawyers are getting in on the Trend."  *Lawyers Weekly*, March 14, 2006.

Mr. Butterfield has also served as an adjunct professor at American University, Washington College of Law, where he taught a course in commodities law and regulation.

Before joining CMHT, Mr. Butterfield was a partner at Finkelstein, Thompson & Loughran, where he focused on antitrust, securities, consumer and banking litigation.  While at FT&L, he also served extensively as outside counsel for federal banking agencies, where he investigated and litigated claims in connection with failed financial institutions.  Mr. Butterfield has also defended individuals and companies in federal courts and administrative tribunals in matters involving securities and commodities fraud, insider trading, takeover litigation, broker-dealer violations and registration issues.  He began his legal career as an assistant prosecuting attorney for Montgomery County, Ohio.

Mr. Butterfield graduated from the University of Toledo, College of Law in 1978, and earned his undergraduate degree from Bowling Green State University in 1975.

COHEN MILSTEIN
HAUSFELD & TOLL

Mr. Butterfield is admitted to practice in the District of Columbia and is an inactive member of the Ohio bar.

**Carol V. Gilden**

Carol Gilden, a Partner at Cohen Milstein, is a member of the Securities Fraud/Investor Protection practice group. She is the resident Partner at the Firm's Chicago office.

Prior to joining Cohen Milstein, Ms. Gilden served as the head of Much Shelist's securities class action practice and as the Firm's Vice Chair of the Class Action Department. She also worked as an enforcement attorney with the Midwest Regional Office of the Securities and Exchange Commission.

Ms. Gilden has served as co-lead counsel in the Sears/Sears Acceptance Corp. Securities Litigation, Sara Lee Securities Litigation, 99 Cents Only Stores Securities Litigation, Quokka Sports Securities Litigation and the City of Chicago's case against on-line travel providers. Ms. Gilden also served on the Executive Committees of the Global Crossing Securities Litigation (settlements of $448 million) and the Merrill Lynch & Co. Research Reports cases ($125 million settlement). Among other notable cases, Ms. Gilden served as co-lead counsel in the ML Lee Securities Litigation and Smith Kline Litigation which settled for $33 million and $30 million respectively, as well as lead counsel in *Pacha et. al. v. McKesson Corporation, et.al.*, a private action which settled for a confidential sum, and as liaison counsel and a litigation team member in the Waste Management Litigation, which settled for $220 million. Under her leadership, the firm also served as active members of the litigation teams in the *AOL Time Warner Securities Litigation* ($2.5 billion settlement) and *Salomon Analyst Litigation/In re AT&T* ($75 million settlement).

In addition to her work on behalf of clients, Ms. Gilden publishes scholarly articles and course materials, and lectures at key industry conferences and seminars. She is an author and co-author of articles published by the National Law Journal, *Courts Grapple with Lead-Counsel Auctions*; IICLE on Illinois Causes of Action, *Shareholder Derivative Suits*; the American Bar Association, *The Impact of Central Bank on Securities Fraud Litigation: The Plaintiffs' Perspective*; Illinois Bar Journal, *Proposed Rule 225: A Death Warrant for Class Actions in Illinois* and Practising Law Institute on Class Actions Litigation: Prosecution and Defense Strategies *A Hybrid 23(B)(2) Rule For Hybrid Class Actions? New Developments In The Use Of Rule 23(B)(2) In Class Certification*. In January 2005, Ms. Gilden testified against Proposed Rule 225 before the Illinois Supreme Court's Rules Committee.

Ms. Gilden is a regular presenter at conferences and seminars around the country and has spoken at seminars sponsored by the American Bar Association, Chicago Bar Association, Practising Law Institute, Illinois CPA Foundation, Hines Insurance Symposium, the Ohio and Wisconsin Bar Associations, and the National Association of Shareholders and Consumer Attorneys, as well as at other symposiums.

Ms. Gilden was selected as an "Illinois Super Lawyer" in 2005, 2006, 2007 and 2008 by Law & Politics, which published its selections in Chicago magazine (May 2005, February 2006,

COHEN MILSTEIN
HAUSFELD & TOLL

February 2007 and February 2008 issues).  Only 5 percent of Illinois attorneys are awarded this honor.

Ms. Gilden also is a frequent commentator in the national media on various class action topics. She frequently appears on CNBC, including on a special segment titled *I Want My Money Back*, where she was described as "one of the top investor advocacy attorneys in the country." She also has been featured on the ABC news programs *World News Tonight*, *World News Now* and *Good Morning America*¸ as well as has made multiple appearances on *First Business Morning News*. Ms. Gilden recently appeared on the cover of *Chicago Lawyer* in connection with a feature article on The Ebb and Flow of Securities Class Actions.

Ms. Gilden is the President of the National Association of Shareholder and Consumer Attorneys (NASCAT), which is the preeminent trade association for securities class action attorneys, and serves on its Executive Committee. Prior to becoming President, she first served as Treasurer, then President-Elect for NASCAT. Ms. Gilden is the first woman in NASCAT's 18-year history to be elected Treasurer, President-Elect and subsequently, President. Ms. Gilden is also Vice President of the Institute for Law and Economic Policy (ILEP). She also was a member of Illinois Attorney General Lisa Madigan's Prescription Drug Transition Working Group. Ms. Gilden is a member of the American Bar Association, Illinois State Bar Association, Chicago Bar Association and the Association of Securities and Exchange Commission Alumni.

Ms. Gilden is a graduate of the University of Illinois (B.S., Business Administration, 1979). She graduated from Chicago-Kent College of Law (J.D., *with honors*, 1983) where she was a member of the Chicago-Kent Law Review.

Ms. Gilden is admitted to practice in Illinois, the federal district court for the Northern District of Illinois and the U.S. Court of Appeals for the Seventh Circuit.

**Robert G. Eisler**

Robert Eisler, a Partner at Cohen Milstein, joined the Firm in 2007 and is a member of the Antitrust practice group.   He is the resident partner in the New York office.  Prior to joining Cohen Milstein, Mr. Eisler was a partner at Lieff Cabraser Heimann and Bernstein.

Mr. Eisler has extensive experience in complex litigation at the trial and appellate levels, particularly in the prosecution of antitrust class actions.  He has served as lead or co lead counsel in many cases in the state and federal courts, including In re Buspirone Antitrust Litigation, ($90 million settlement), In re Oxycontin Antitrust Litigation, and In re Ciprofloxacin Hydrochloride Antitrust Litigation. Mr. Eisler is currently involved in the prosecution of numerous major antitrust actions throughout the United States.

Mr. Eisler is a 1986 graduate of LaSalle University, and a 1989 graduate of Villanova Law School.

He is admitted to practice in New York and Pennsylvania.

**Michael P. Lehmann**



Michael P. Lehmann has joined Cohen Milstein as a partner and will head our new San Francisco office. Mr. Lehmann brings to the firm 29 years of experience as a business litigator, with a practice that ranged from class action litigation to business litigation on behalf of individual clients to extensive regulatory work before federal, state and international bodies to domestic and international arbitration.

Prior to joining Cohen Milstein, Mr. Lehmann had worked since graduating from law school at what became Furth Lehmann LLP, where he eventually served as Managing Partner and in recent years has served as lead counsel for direct or indirect purchaser classes in numerous antitrust cases.

**Lynda J. Grant**

Lynda J. Grant joined Cohen Milstein in 2007 as a Partner in our New York office, and will concentrate her efforts in the securities practice area.

Ms. Grant is an accomplished lawyer with over 20 years of experience at Labaton Sucharow representing shareholders and limited partners.  Throughout this time, her practice has consisted of class and derivative actions, ranging from large securities fraud cases to those seeking to enjoin unfair buy outs, acquisitions and mergers.  Ms. Grant has also represented employees and pensioners in ERISA class actions.  Her clients have included individual shareholders and limited partners, sophisticated hedge fund managers, major state, local and city pension funds, and union funds.

Ms. Grant's early career centered on representing limited partners and REIT holders in high-profile matters.  In that capacity, she acted as Lead or Co-Lead Counsel in such cases as:  *The Gillette Family Trust v. Insignia Financial Group, Inc., Inc. et al.* (the "Shelter Properties" Action); *Warren Heller v. McNeil Partners, L.P., et al.*; *Irving Zakin v. William Dockser, et al.* (the "CRITEF" Action): *Joan King v. Oxford Tax Exempt Fund II Corporation, and William Wallace v. Devon Associates, et al.* (the "Growth Hotel Investors" Action); and *Carlstrom v. Arvida/JMB Managers, Inc.*, (in which she helped to obtain a preliminary injunction after trial, which stopped a $160 million defensive recapitalization).  She also commenced the action,  *In Re Estate Associates Limited Partnership Litigation*, which eventually resulted in a $184 million jury verdict.  Subsequently, Ms. Grant was part of a team which successfully tried the action *Gelfman, et al. v. Weeden Investors, L.P.*, and helped obtain an injunction in the action *In re MONY Group Inc. Shareholder Lit.*, temporarily stopping the $1.5 billion buyout of MONY Insurance Co. by AXA Financial.  Ms. Grant also successfully tried the books and records action captioned *Forsythe, et al. v. CIBC Employee Private Equity Fund (U.S.) L.P. et al.*

More recently, she was instrumental in obtaining a $67.5 million settlement for the class in *In re St. Paul Securities Litigation*, was part of a team which settled the action *In re DHB Industries, Inc. Class Action Litigation*, for $40 million and significant corporate governance reforms, and obtained an $8 million settlement in *In re Van der Moolen Securities Litigation*.  She was one of the Lead Counsel in the action *In re Marsh ERISA Litigation*, and *In re St. Paul Travelers Sec. Litig. II*, and numerous other actions.

22

COHEN MILSTEIN
HAUSFELD & TOLL

Ms. Grant is a member of the American Bar Association, and serves as a co-chairperson of the Class and Derivative subcommittee on securities litigation.  Her article "CAFA: Is the Remedy Worse than the Illness?"  was published in the *ABA Class and Derivative Action* newsletter.  She is also a regular speaker on securities and class action related topics, having recently served as a panelist on the ABA program entitled Class Certification: Looking Beyond the Pleadings, and at the ABA Annual Convention in 2006, on the panel entitled, "It's a Small World After All:  The Increasing Influence of Foreign and Multinational Class Actions."  Late last year, she also spoke at a conference in Sydney, Australia regarding the international reach of the federal securities laws. Recently she moderated an ABA Panel concerning the impact of the IPO decision, and was a panelist for a telephone presentation regarding the extraterritorial effect of the federal securities laws.  Given her vast experience in representing investors, Ms. Grant has earned the distinction of being named as one of the top female attorneys in the corporate governance area.

Ms. Grant received a J.D. from Cornell University Law School, and is admitted to practice in New York, and the United States District Courts for the Southern and Eastern Districts of New York.



COHEN MILSTEIN
HAUSFELD & TOLL

**Attorney Profiles – Of Counsel & Associates**

**Sahar F. Aziz**

Sahar Aziz, an Associate at Cohen Milstein, joined the Firm in 2007 and is a member of the Civil Rights & Employment practice group.

Ms. Aziz currently is involved in *Dukes v. Wal-Mart Stores, Inc.* (N.D. Cal.), a class action which has been certified for over 1.6 million current and former female employees of Wal-Mart on complaints of discrimination in pay and promotion ;  *M.H. Fox, et al. v. Tyson Foods, Inc.*, a class action on behalf of chicken-processing workers who were not paid for the time they spent putting on and taking off their required safety equipment ;  and *O'Connor v. BASF Corp.*, which alleges a nationwide pattern of age discrimination in layoffs from BASF, a major chemical company based in Germany, with North American headquarters in New Jersey.   Ms. Aziz  is also involved in a mediation involving a group of female employees alleging a pattern and practice of discrimination in pay and promotion.  Ms. Aziz represents  pro bono an asylum seeker from Afghanistan.

Prior to joining the Firm, Ms. Aziz was an Associate at Wilmer, Cutler, Pickering, Hale & Dorr LLP in the Securities and Litigation Departments. At WilmerHale, Ms. Aziz worked on white collar crime investigations, securities litigation, and an international human rights case.  Prior to joining WilmerHale, Ms. Aziz clerked for the Honorable Andre M. Davis on the United States District Court for the District of Maryland.

Ms. Aziz graduated from the University of Texas at Arlington (B.S. in Management Information Systems, *magna cum laude*, 1997), the University of Texas Graduate School College of Liberal Arts (M.A. in Middle Eastern Studies, 2004), and the University of Texas School of Law (J.D., *cum laude*, 2004). At the University of Texas School of Law, Ms. Aziz served as an Associate Editor on the Texas Law Review, participated in the Immigration Clinic, and organized an academic conference entitled "Islam and the Law: The Question of Sexism." She authored two Notes, *The Laws on Providing Material Support to Terrorist Organizations: The Erosion of Constitutional Rights or a Legitimate Tool for Preventing Terrorism?*, 9 Tex. J. on C.L. & C.R. 45 (Winter 2003), and *Linking Intellectual Property Rights in Developing Countries with Research and Development, Technology Transfer, and Foreign Direct Investment Policy: A Case Study of Egypt's Pharmaceutical Industry*, 10 ILSA J Int'l & Comp L 1 (Fall 2003). While in law school, Ms. Aziz interned at the American Civil Liberties Union of Texas where she conducted community outreach regarding post September 11 civil rights and national security issues. Ms. Aziz also interned at the Commercial Law Development Program at the United States Department of Commerce where she focused on international development projects in Egypt.

Ms. Aziz is a member of the National Employment Lawyers Association. Ms. Aziz is fluent in Arabic and proficient in Spanish.

Ms. Aziz is admitted to practice in Texas and the District of Columbia.

**R. Joseph Barton**

COHEN MILSTEIN
HAUSFELD & TOLL™

Joseph Barton joined Cohen, Milstein, Hausfeld & Toll P.L.L.C. as an associate in 2001 and is a member of the Antitrust, Securities and Employee Benefits practice groups. Prior to joining the firm, Mr. Barton served as a judicial law clerk to the Honorable Lenore C. Nesbitt, United States District Judge for Southern District of Florida (2000-2001). Since joining the firm, Mr. Barton has been actively involved in a diverse number of class action cases.

Mr. Barton has been actively involved in a number of employee benefit cases. For example, in *Beam v. HSBC Bank*, No. (W.D.N.Y.) (settlement of $9.25 Million) which challenged the sale of stock for $25 million by the family shareholders to the Azon Corporation ESOP, Mr. Barton briefed and argued the motions for summary judgment, resulting in denial of defendants' motions and granting plaintiffs' motion for partial summary judgment. In *Simpson v. Fireman's Fund Insurance Company* (N.D. Cal.), Mr. Barton represented a class of active and terminated employees alleging that FFIC's policy of terminated persons on disability violated the discrimination provisions of ERISA, and obtained a settlement which included restoring their right to benefits for a period of years and also reimbursement of past expenses. Additionally, Mr. Barton has also been involved in a number of cases alleging breach of fiduciary duty by investing the 401k plan in company stock. Mr. Barton is currently working on a case against certain insiders at Tharaldson Motels who sold stock to the ESOP for $500 million, *Hans v. Gary Tharaldson et al.* (D.N.D.) and a case against SBC Communications (now AT&T), *Stoffels et al. v. SBC Communications* (W.D. Tex.) alleging that their provision and subsequent elimination of cash payments via a program known as Telephone Concession constituted a defined benefit pension plan under ERISA and violated ERISA. At the hearing on the class certification motion, in *Stoffels*, the Court complimented Mr. Barton on the quality of his advocacy and subsequently certified the class as requested.

Mr. Barton has been active in a number of securities fraud lawsuits including *In re Physician Corporation of America Securities Litigation* (S.D. Fla.) (settlement of $10.2 million)*, and *In re MCI Securities Litigation* (D.D.C.) (settlement of $4.5 million) and also represented a small class of former Sterling shareholders who received Uniroyal stock in a merger in *Avery v. Uniroyal Technology Corp.,* (M.D. Fla.) (settlement of $2.3 million). Mr. Barton currently represents limited partners of Lipper Convertibles, a now-defunct hedge fund, in a class action arbitration against the former general partners, *Levitt v. Lipper Holdings et al.* (AAA), and also in litigation against the outside auditor in federal district court, *Levitt v. PricewaterhouseCoopers* (S.D.N.Y.) alleging violations of the federal securities laws in connection with their investments in the Partnership which were allegedly overvalued for over 5 years.

Mr. Barton has also worked on a number of antitrust actions. Mr. Barton was a part of the team that engaged in intensive trial preparations in *In re High Fructose Corn Syrup Antitrust Litigation*, (C.D. Ill.) a class action alleging price-fixing by the manufacturers of high fructose corn syrup, which settled for more than $500 million shortly before trial. Mr. Barton is currently working on *In re Mercedes-Benz Antitrust Litigation* (D.N.J.), a class action alleging price-fixing of new Mercedes -Benz vehicles in the New York Region. In connection with the *Mercedes-Benz* litigation, Mr. Barton briefed and argued and obtained summary judgment on a matter of first impression that established that lessee-plaintiffs had standing to sue as direct purchasers under the federal antitrust laws.

25

COHEN MILSTEIN
HAUSFELD & TOLL

Additionally, Mr. Barton considers pro bono activities to be an important part of his practice. Along with the non-profit law firm Midwest Environmental Advocates, Mr. Barton provided pro bono representation to the grassroots citizens action group Clean Water Action Council of Northeastern Wisconsin, in objecting to a settlement by the United States Department of Justice and the State of Wisconsin concerning natural resource damages in the Fox River area of Wisconsin. Mr. Barton also represented a client in D.C. Superior Court against her former employer who refused to pay her wages and overtime, in which the Judge described Mr. Barton's representation as follows: "everything done on behalf of the Plaintiff has been professional, timely and thorough."

Mr. Barton received his undergraduate degree from the College of William & Mary (B.A. 1991) where he majored in History and minored in Classical Studies, and graduated *Order of the Coif* from the College of William & Mary, Marshall-Wythe School of Law (J.D. 2000). At law school, he received the Lawrence W. I'Anson Award for outstanding student scholarship, character and leadership, the William B. Spong Award for professionalism and ethics, the Robert R. Kaplan Award for excellence in legal writing and *Order of the Barristers* . He served on the editorial board of the *William & Mary Law Review* and was a staff member of the *William & Mary Bill of Rights Journal*. Mr. Barton was a member of the William & Mary National Trial Team and served as Vice-President of the William & Mary Chapter of the Association of Trial Lawyers of America.

Mr. Barton is the author of *Determining the Meaning of "Direct Evidence" in Discrimination Cases Within the Eleventh Circuit: Why Judge Tjoflat was (W)right*, 77 Fla. B.J. 42 (2003), *Drowning in a Sea of Contract: Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims*, 41 Wm. & Mary L. Rev. 1789 (2000), and *Utilizing Statistics and Bellwether Plaintiff Trials: What do the Constitution and the Federal Rules of Civil Procedure Permit?*, 8 Wm. & Mary Bill Rts. J. 199 (1999). Each of Mr. Barton's published articles has been cited by both courts and commentators.

Mr. Barton is admitted to practice in the State of California and the District of Columbia and is listed in the *Marquis' Who's Who in American Law*.

**Elizabeth A. Berney**

Elizabeth Berney joined the Firm as Of Counsel in 2005 and is a member of the Securities Fraud/Investor Protection practice group. Her work includes securities fraud class actions in federal courts throughout the country, including the *Parmalat* litigation in New York. For several of the firm's securities fraud cases, Ms. Berney has also led the investigations of witnesses which uncovered fraudulent activities.

Ms. Berney is the co-author of *Restoring Investor Trust in Auditing Standards and Accounting Principles*, published in the *Harvard Journal of Legislation* (Winter 2004). She also has written extensive materials for legal seminars and speeches. She served as a guest lecturer for a Cardozo Law School ethics class and a guest lecturer for a Harvard Law School corporations class regarding securities fraud, was a featured speaker and panelist for the Women's National Book Association, and appeared in a German television documentary. She is a member of the Federal Bar Council.

COHEN MILSTEIN
HAUSFELD & TOLL™

Prior to joining Cohen Milstein, Ms. Berney was an active member of the plaintiffs' legal teams in leading securities fraud, consumer, and human rights class actions including the Enron and Xerox shareholder litigations, the Ford Explorer/Firestone Tire litigation, and the Holocaust Assets cases.  From 2000-2005, Ms. Berney practiced law at another prominent plaintiffs' class action firm.  Previously, she worked at Dewey Ballantine in the tax and municipal bonds fields, where she obtained the rulings needed to finance construction of the Intrepid Museum; at Gilbert Segall and Young (now part of Holland & Knight), where she focused on foreign sovereign immunities and general commercial litigation; as in-house counsel for a college; and in her own legal and literary practice, where she negotiated agreements for computer companies and notable authors.

Ms. Berney is an avid amateur violinist.  She played violin in the Chicago Civic Orchestra while in law school, and, more recently, has played in COSMOS (the Chamber Orchestra of Science and Medicine).  She currently plays first violin in the New York City Bar Association Lawyers' Orchestra.

Ms. Berney is a graduate of Cornell University, where she earned a B.S. in industrial and labor relations with a minor in music (*with honors*, 1975), and the University of Chicago Law School (J.D., 1978).

Ms. Berney is admitted to practice in New York and Pennsylvania.

**Mark D. Bogen**

Mark Bogen focuses his practice on investor protection and consumer fraud issues.

Mr. Bogen received his law degree in 1983 from Loyola University School of Law in Chicago, Illinois. Prior to law school, he attended the University of Illinois, where he received a B.S.in 1980.

During the past 14 years, Mr. Bogen has written two weekly legal columns for the Sun-Sentinel newspaper located in Ft. Lauderdale, Florida. The Sun-Sentinel is a Tribune Company owned newspaper. Mr. Bogen, who is a former adjunct professor of business law, was also a legal correspondent for the local NBC affiliate in Palm Beach, Florida.

Mr. Bogen is admitted to practice law in the State of Florida and Illinois.

**Andrew B. Bullion**

Andrew Bullion joined Cohen Milstein as an Associate in February 2006 and is a member of the firm's Antitrust and International practice groups.  He has extensive complex litigation experience on both the plaintiff and defense sides.  Prior to joining the firm, Mr. Bullion spent several years as a litigator in private practice in Philadelphia, handling complex commercial matters, including class actions, as well as tort law and intellectual property matters.

27

COHEN MILSTEIN
HAUSFELD & TOLL<sup>p.l.l.c.</sup>

He is currently working on several national and international antitrust actions, including: *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), alleging price-fixing of rates for airfreight shipping services by dozens of major international flagship airlines; and the *In re Air Passenger Antitrust Litigation* (N.D.Ca.), alleging price-fixing by British Airways and Virgin Atlantic airlines of surcharges added to the price of passenger tickets for long-haul flights.

Mr. Bullion is a graduate of Villanova University School of Law (J.D. 1996) and Villanova University (B.A. 1989). During law school he clerked for the Federal Trade Commission's Bureau of Competition, and with Advokatfirman Vinge KB, Sweden's largest law firm.

Mr. Bullion is admitted to practice in Pennsylvania, New Jersey, and the District of Columbia.

### S. Douglas Bunch

Doug Bunch, an Associate at the Firm, joined Cohen Milstein in 2006 and is a member of the Securities practice group.

Mr. Bunch is currently working on several active securities fraud actions against issuers of securities for allegedly misleading investors, including *In re Pozen Securities Litigation* (M.D.N.C.), *Blatt v. Corn Products International, Inc.* (N.D. Ill.), and *Levitt v. PricewaterhouseCoopers, LLP* (S.D.N.Y.).

Mr. Bunch is a graduate of the William & Mary School of Law (2006), where he was a recipient of the Benjamin Rush Medal. A member of Phi Beta Kappa, he graduated *summa cum laude* from the College of William & Mary in 2002 with a Bachelor's degree in Government and Classical Studies. Mr. Bunch is also a 2003 graduate of Harvard University's Graduate School of Education, from which he holds a Master's degree in Administration, Planning, and Social Policy. At Harvard, he served as an intern in the Boston office of the U.S. Department of Education's Office for Civil Rights, where he worked closely with attorneys to enforce federal laws that protect students from discrimination on the basis of race, gender, age, and disability.

Mr. Bunch is actively involved in several nonprofit endeavors. He serves as Chairman of *Global Playground, Inc.*, an organization which promotes education in developing countries; as Executive Director of *Ascanius: The Youth Classics Institute*, which promotes the study of classics in the elementary school; and as a member of the Board of Directors of the *Northeast Conference on the Teaching of Foreign Languages*, which promotes the study of world languages more broadly.

Mr. Bunch is admitted to practice in New York and the District of Columbia.

### Whitney R. Case

Whitney R. Case joined Cohen Milstein as an Associate in 2005 and is a member of the Employee Benefits and Consumer Protection practice groups.

Ms. Case has been actively involved in a number of class action employee benefit cases, including a case against SBC Communications, Inc., which alleges widespread miscalculation of pension benefits owed to their employees in violation of ERISA. Ms. Case also represents

COHEN MILSTEIN
HAUSFELD & TOLL™

Tharaldson Motels, Inc. Employee Stock Ownership Plan in an action for breach of fiduciary duties against the Trustee and other fiduciaries.  In addition, Ms. Case is involved in a case alleging breach of fiduciary duty owed to participants in the TXU Corp. 401(k) Plan and a case against Qwest Communications alleging that it violated ERISA regarding certain benefits provided to its retirees.

In the area of consumer protection, Ms. Case represents homeowners whose properties were severely damaged by floods from Hurricane Isabel in a class action filed against eight insurance companies who allegedly mishandled class members' claims and ultimately failed to pay proceeds to which the policyholders were entitled.

Ms. Case is the author of *The Coupon Can Be the Ticket: The Use of "Coupon" and Other Non-Monetary Redress in Class Action Settlements*, 18 Geo. J. Legal Ethics 1431 (2005) (co-authored with Lisa Mezzetti).

Prior to joining the Firm, Ms. Case served as a summer associate and as a law clerk at the District of Columbia Bar's Board on Professional Responsibility.  She also studied International Law at University College in London, England and was a student attorney in the Domestic Violence Clinic at Georgetown University Law Center.

Ms. Case received her law degree from Georgetown University Law Center in 2005.  She received her undergraduate degree from Tulane University (B.A., Political Economy and French, *cum laude*, 2002) during which time she spent a year studying at Universite de Paris IV, La Sorbonne.

Ms. Case is admitted to practice in New York, New Jersey and the District of Columbia.

**Christopher J. Cormier**

Christopher J. Cormier joined Cohen Milstein in 2003 as an Associate in the Antitrust practice group.

Mr. Cormier is actively involved in antitrust actions alleging both concerted and unilateral anticompetitive conduct. For example, in *In re Urethane Antitrust Litigation (Polyether Polyol Cases)*, Civ. No. 04-md-1616-JWL (D. Kan.), he represents several manufacturers and a putative class of direct purchasers of several types of chemicals who were overcharged as a result of a nationwide price-fixing and market allocation conspiracy. One defendant, Bayer, already has settled for $55.3 million and is providing cooperation pursuant to its obligations under the settlement agreement. In *In re Endosurgical Products Direct Purchaser Antitrust Litigation*, CV 05-8809-JVS(MLGx) (C.D. Cal.), he represents a hospital system and a putative class of direct purchasers of certain medical instruments used in laparoscopic surgery who were overcharged as a result of Johnson & Johnson's monopolistic conduct, which included implementing sole source GPO contracts and tiered market share "discounts" to customers.

He also is involved in: *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Group L.P.*, Master File No. CV-05-6419 MRP (AJWx) (C.D. Cal.) (putative class action alleging monopolistic conduct in the pulse oximetry market); *In the Matter of the Arbitration Between*

COHEN MILSTEIN
HAUSFELD & TOLL™

*Animalfeeds International Corp., et al v. Stolt-Nielsen SA, et al.* (putative class arbitration alleging price-fixing and market allocation for parcel tanker shipping services); *Larsen v. Pioneer Hi-Bred International, Inc.*, No. LA-CV-032776 (Dist. Ct. for Dallas Cnty, Iowa) (putative state-wide class action alleging a price-fixing conspiracy for genetically modified soybean seeds); and *In re Cotton Yarn Antitrust Litigation*, Civ. No. 1:04MD1622 (M.D.N.C.) (putative class action alleging price-fixing of cotton yarn; $7.8 million settlement obtained from one defendant).

Mr. Cormier graduated from the University of Virginia (B.A., Government, 1999) and from the American University's Washington College of Law (J.D., *magna cum laude*, 2002). After his first year of law school, he served as a judicial intern to the Honorable Deborah K. Chasanow, United States District Court for the District of Maryland. During his second year of law school, he served as a legal intern in the Antitrust Division of the United States Department of Justice.

Prior to joining Cohen Milstein, he practiced at a large Baltimore-based law firm, where he focused primarily on commercial litigation.

Mr. Cormier is admitted to practice in Maryland and the District of Columbia.

**Joshua S. Devore**

Joshua Devore, an Associate at the Firm, joined Cohen Milstein in 2000 as a member of the Securities Fraud/Investor Protection practice group.

He is currently working on several securities fraud class actions (including the litigation on the collapse of the Italian dairy conglomerate Parmalat), and has been heavily involved in litigation regarding Wall Street research analysts. He has actively participated in a number of cases that resulted in substantial recoveries for investors, including In re *Lucent Technologies, Inc. Securities Litigation* (settlement of approximately $575 million); *In re Merrill Lynch Research Reports Securities Litigation* (settlement of $125 million); *In re VeriSign Corp. Securities Litigation* (settlement of $78 million); and *Norman v. Salomon Smith Barney* (settlement of $51 million on behalf of Guided Portfolio Management Account holders).

Mr. Devore has been the primary author of numerous briefs addressing complex and novel issues of the federal securities laws, leading to notable reported decisions such as *In re Parmalat Securities Litigation*, 376 F.Supp.2d 472 (S.D.N.Y. 2003), that affirmed claims of "scheme" liability against a corporation's outside investment banks, and *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), that reversed a dismissal on statute of limitations grounds and reset the standards for pleading loss causation. He was also a member of the trial team in *In re Globalstar Securities Litigation*, which settled for $20 million during trial after Plaintiffs had fully presented their case.

Mr. Devore is actively involved in the representation of the firm's institutional investor clients and personally developed and oversees the analysis of the firm's clients' investments in securities that may have been affected by fraud.

COHEN MILSTEIN
HAUSFELD & TOLL

Mr. Devore graduated from Rice University in 1997 with a B.A. in Chemistry, and obtained his law degree from Georgetown University Law Center in 2000. While at Georgetown, Mr. Devore served as an Executive Editor of the Georgetown International Environmental Law Review.  Mr. Devore is co-author of *State Court Class Actions: Trends and Issues, in National Institute on Class-Actions*, C-1 (ABA CLE 1999).

Mr. Devore is admitted to practice in the District of Columbia and Virginia.

**George F. Farah**

George Farah joined the Firm as an Associate in 2005 and is a member of the Antitrust, Unsafe Drugs & Environmental Health Threats, and Human Rights practice groups.

Mr. Farah is currently working on *City of Milwaukee v. NL, Inc.*, in which he and other attorneys represent the City of Milwaukee in a public nuisance lawsuit against the leading lead paint manufacturer. He is also currently working on *Schwartz Lee, et al. v. Deutsche Bank AG and Desdner Bank AG*, in which he and other attorneys represent survivors of Nazi-era forced and slave labor against German companies for failing to provide sufficient compensation for allegedly using and profiting from slave labor.

Prior to joining the Firm, Mr. Farah worked on several issue-oriented campaigns.  He is the founder of Open Debates, a nonprofit, nonpartisan Washington-based organization committed to reforming the presidential debate process.  Before attending law school, Farah worked to expose the harms of media concentration and the IMF's structural adjustment programs at Ralph Nader's Center for the Study of Responsive Law.

Mr. Farah is the author of the book *No Debate: How the Republican and Democratic Parties Secretly Control the Presidential Debates* from Seven Stories Press (April, 2004).  His articles have been published in *The Boston Globe*, *The Philadelphia Inquirer*, *The Denver Post*, *The Christian Science Monitor*, *Fort Lauderdale Sun-Sentinel, Extra! Magazine*, and other publications.

Mr. Farah has appeared on dozens of television programs, including "Nightline," "NOW with Bill Moyers," "20/20," "CBS Evening News with Dan Rather," "NBC Nightly News with Tom Brokaw," "CNN Lou Dobbs Tonight," and "Countdown with Keith Olbermann."  Mr. Farah has been interviewed on over 100 radio shows, including NPR's "To the Point," "Keep Hope Alive With Jesse Jackson," "Democracy Now!," "CounterSpin," and "Judicial Watch Report."

Farah has given several talks on the political process at colleges and universities, hosted numerous televised press conferences and was a Newsmaker at the National Press Club in 2004.

Mr. Farah is a graduate of Harvard Law School (J.D., 2005), and Princeton University (B.A., Woodrow Wilson School of Public and International Affairs, 2000).  Mr. Farah was the recipient of a Paul and Daisy Soros Fellowship, and a delegate to the 2005 International Achievement Summit.

COHEN MILSTEIN
HAUSFELD & TOLL™

Mr. Farah is admitted to practice in New York.

**Elizabeth S. Finberg**

Elizabeth Finberg is a member of the Securities Litigation Group. Throughout her career, she has litigated a variety of large and complex commercial cases on behalf of clients such as Sun Microsystems, PricewaterhouseCoopers and Teva Pharmaceuticals USA, Inc., among many others. Ms. Finberg was also a part of the Firm's *In re Lupron and Sales Practices Litigation* team, which garnered a settlement of $150 million on behalf of individual consumers. She has actively litigated a number of high-profile lawsuits, including, *In re Fannie Mae Securities Litigation*, *In re Converium Securities AG*, In *re UICI Securities Litigation*, *In re SourceCorp Securities Litigation*, *In re Integrated Electrical Services Securities Litigation*, *In re Compuware Securities Litigation*, *In re Uniroyal Securities Litigation*, *In re Sirius Satellite Radio Securities Litigation* and *In re Royal Ahold Securities Litigation*. Ms. Finberg is also an experienced appellate advocate, having briefed multiple cases in the United States Courts of Appeal for the Third, Fourth, Fifth and District of Columbia Circuits.

Prior to entering the field of law, Ms. Finberg served in the United States Air Force as a Russian linguist from 1979-1983. She was stationed in West Berlin, Germany (FDR) and received the Air Force Commendation Medal for distinguished service. Thereafter, she raised a family before attending law school.

She is a 1998 graduate of The American University's Washington College of Law, (J.D., 1998, *summa cum laude*) and served on the WCL Moot Court Executive Board. She is the recipient of the 1998 Morton F. McDonald Scholarship Award for Excellence in Legal Research and Writing. Ms. Finberg earned her undergraduate degree from Rollins College (A.B. in International Relations, 1995, *summa cum laude*), where she earned numerous awards for scholarship.

Ms. Finberg is a member of the Virginia and District of Columbia bars.

**Shelly L. Friedland**

Shelly L. Friedland joined the Firm's New York office in 2005 as an associate in the Antitrust practice group.

Ms. Friedland is currently involved in *In re Wellbutrin SR* (E.D. Pa.) , *In re Foundry Resins Antitrust Litigation* (S.D. Ohio), *In re Aspartame Antitrust Litigation* (E.D. Pa), and *In re K-Dur Antitrust Litigation* (D.N.J.) (representing indirect purchasers). Ms. Friedland also currently represents Registered Nurses employed by hospitals in Albany and Memphis in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws.

Prior to joining Cohen Milstein, Ms. Friedland was an associate in the litigation department at Kronish Lieb Weiner & Hellman (now known as Cooley Godward Kronish), where she practiced commercial litigation and white collar criminal law. While at Kronish Lieb, Ms. Friedland represented the family of a victim of the September 11 World Trade Center bombing in its

COHEN MILSTEIN
HAUSFELD & TOLL™

application to the federal Victim Compensation Fund, and a defendant seeking to overturn a wrongful murder conviction. Previously, she was an associate in the litigation department at Paul, Weiss, Rifkind, Wharton & Garrison.

Ms. Friedland received a bachelor's degree in economics from Columbia University (1987), graduating summa cum laude as a member of Phi Beta Kappa. She spent her junior year studying at the Hebrew University of Jerusalem. Ms. Friedland received her law degree from Harvard Law School (J.D., 1997, *cum laude*), where she was an editor of the Human Rights Law Journal.

Ms. Friedland is admitted to practice in New York State, and United States District Court, Southern District of New York, Eastern District of New York, and District of New Jersey.

**Reena Gambhir**

Reena Gambhir joined Cohen Milstein as an Associate in 2004 and is a member of the Antitrust and International practice groups.

Ms. Gambhir is currently working on, among other antitrust class actions, *In re: Hydrogen Peroxide Antitrust Litigation* (E.D.Pa.) and *In re Pressure Sensitive Labelstock Antitrust Litigation* (M.D.Pa) alleging price-fixing on behalf of purchasers. Among other international and *pro bono* matters, Ms. Gambhir represents a detainee being held at the U.S. government's detention facility in Guantanamo Bay, and residents of Bhopal, India who are exposed to the 1984 Union Carbide gas leak's uncontrolled remaining toxic waste.

Prior to joining the Firm, Ms. Gambhir served as a summer associate and also as a law clerk at the Public Defenders Service for the District of Columbia and the Washington Legal Clinic for the Homeless. In addition, she studied in the International Human Rights Law program at Oxford University, and was a student attorney in the International Human Rights Clinic at the George Washington University Law School. Prior to law school, Ms. Gambhir worked as a paralegal at an immigration law firm in Boston, Massachusetts.

Ms. Gambhir received a B.A. from Boston College in English Literature (*cum laude*, 1999) with a minor in American Gender and Race Studies. She received a Master of Arts in the Humanities from the University of Chicago (2000), and her law degree from the National Law Center, George Washington University (*with honors,* 2004), where she was a Thurgood Marshall Scholar.

Ms. Gambhir is admitted to practice in Massachusetts, admission pending in New York.

**Seth R. Gassman**

Seth R. Gassman joined the Firm as an Associate in 2007 as a member of the Antitrust practice group.

He is currently involved in, among other cases, *Molecular Diagnostics Laboratories v. Hoffman-La Roche, Inc.* (D.D.C.), in which purchasers are suing two companies for the unlawful

**COHEN MILSTEIN**
HAUSFELD & TOLL™

monopolization of an enzyme used in DNA amplification, human-genome research, and medical diagnostics, and *Weeks Marine, Inc. v. Bridgestone Corp., et al.* (S.D.N.Y.), which alleges that manufacturers and sellers of specialty hose used in connection with marine services conspired to rig bids, fix prices, and allocate markets and customers in the United States and around the world.

Mr. Gassman is the author of *Direct Democracy As Cultural Dispute Resolution: The Missing Egalitarianism Of Cultural Entrenchment*, 6 NYU Journal of Legislation and Public Policy 525 (2002-2003). He also provided extensive research assistance to Professor Oscar Chase in preparing the fourth edition of Civil Litigation in New York.

Before joining Cohen Milstein, Mr. Gassman worked for Cahill Gordon & Reindel, where he focused on complex civil and commercial litigation and antitrust. He also performed merger clearance and corporate counseling antitrust work related to several mergers.

Mr. Gassman graduated from New York University School of Law (J.D., 2003), where he was awarded the Newman Prize, and the University of California at Berkeley with a B.A. in English (1999).

Mr. Gassman is admitted to practice in New York.

**Besrat Gebrewold**

Besrat J. Gebrewold joined Cohen Milstein as an associate in 2007 and is a member of the Antitrust practice group.

Ms. Gebrewold will be working on *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), a multi-billion dollar antitrust action alleging that the world's major cargo airlines colluded in setting the amounts of various surcharges they imposed on their customers. Prior to joining the firm as an associate, Ms. Gebrewold worked as a paralegal in the firm's Antitrust, Unsafe Drugs & Environmental Health Threats, and Consumer Protection practice groups for four years and as a law clerk for three years. She also worked as a summer associate at Cohen Milstein in 2006.

Ms. Gebrewold has an LL.B from Addis Ababa University, Faculty of Law in Ethiopia, an LL.M in Common Law Studies from Georgetown University Law Center where she was a Fulbright Scholar. She received a J.D. from the American University Washington College of Law in May 2007 where she was a member of the *Journal of Gender, Social Policy & the Law*.

Ms. Gebrewold's admission to practice in Maryland and the District of Columbia is pending.

**Llezlie L. Green**

Llezlie Green, an Associate at Cohen Milstein, joined the Firm in 2004 and is a member of the Civil Rights & Employment practice group.

COHEN MILSTEIN
HAUSFELD & TOLL™

Ms. Green currently is involved in *Keepseagle v. Veneman* (D.D.C.), where plaintiffs allege the USDA discriminated in granting access to and servicing of farm loans to Native American farmers and ranchers; *Chase v. AIMCO*, alleging that the U.S.'s largest apartment management company violates the Fair Labor Standards Act by failing to pay its maintenance employees for time spent responding to emergency tenant service requests; and *Amos v. GEICO*, alleging *GEICO* discriminates against African-Americans through its use of occupation and level of education in setting automobile insurance rates.

Ms. Green is a member of the American Bar Association, the National Employment Lawyers Association and the Washington Council of Lawyers. She is co-chair of the ABA's Committee on Equal Opportunity in the Legal Profession.

Before joining Cohen Milstein, Ms. Green worked for Wilmer Cutler & Pickering, where she focused on complex litigation and securities investigations and worked on various civil rights and international human rights *pro bono* projects.  Ms. Green then clerked for the Honorable Alexander Williams, Jr. on the United States District Court for the District of Maryland.

Ms. Green graduated from Dartmouth College with a B.A. in Government (*cum laude*, 1997) and Columbia Law School (J.D., 2002), where she was a Harlan Fiske Stone Scholar.  At Columbia, Ms. Green was active in the Black Law Students Association, participated in the Human Rights Clinic, and served as an Articles Editor for the Columbia Human Rights Law Review.  She authored a Note, *Gender Hate Propaganda and Sexual Violence in the Rwandan Genocide: An Argument for Intersectionality in International Law*, 33 Colum. Hum. Rts. L. Rev. 733 (2002). While in law school, Ms. Green interned at the Center for Constitutional Rights and the NAACP Legal Defense and Educational Fund.

Ms. Green is admitted to practice in New York and the District of Columbia.

**Matthew K. Handley**

Matthew Handley is a member of the International and Securities Fraud/Investor Protection practice groups.

Mr. Handley focuses much of his practice on enforcement of the federal securities laws on behalf of both domestic and international investors.  He currently works on several active securities fraud actions, including *In re Converium Holding AG Securities Litigation* (S.D.N.Y.) and *In re Fannie Mae Securities Litigation* (D.D.C.).

Mr. Handley has been a frequent speaker at institutional investor conferences in Europe including the 2006 U.K. and Irish Pension Summit in Dublin and the 2006 European Pension Investment Forum.

Mr. Handley is also involved in the Firm's international civil and human rights actions, including representation of a class of Indian residents who have suffered from groundwater pollution and representation of disability groups against a nationwide builder for failing to design and build accessible apartments.



In his *pro bono* work, Mr. Handley has represented Nepali citizens in United States Immigration Court in political asylum proceedings and currently represents the families of Nepali laborers who were trafficked and killed while working in Iraq.

Prior to joining the Firm, Mr. Handley was a litigation associate at Covington & Burling in Washington, D.C.  He began his legal career as a law clerk for the Honorable William Wayne Justice, United States District Judge for the Eastern District of Texas.  Before attending law school, Mr. Handley served two years as a Peace Corps Volunteer in Nepal, working as a rural construction engineer.

Mr. Handley graduated from Princeton University with a B.S.E in Civil and Environmental Engineering (1997) and attended the University of Texas School of Law where he graduated with *high honors* in 2002 and was selected for the Order of the Coif and Chancellors Honor Society.  While at the University of Texas, he was an Articles Editor for the Texas Law Review and author of Why Crocodiles, Elephants, and American Citizens Should Prefer Foreign Courts: A Comparative Analysis of Standing to Sue, 21 Rev. Litig. 97 (2002).

Mr. Handley is admitted to practice in New York, the District of Columbia and the U.S. Court of Appeals for the Second Circuit.

**Karen L. Handorf**

Karen Handorf joined the Firm in 2007 as Of Counsel and is a member of the Employee Benefits (ERISA) practice group.

Ms. Handorf began her legal career at the Office of the Solicitor of Labor in 1975. In 1982, she joined the Plan Benefits Security Division (PBS) as a trial attorney where she litigated actions brought by the Secretary of Labor for violations of the fiduciary standards of the ERISA. In 1989, she was appointed Counsel for Decentralized and Special Litigation. As Counsel, Ms. Handorf was responsible for establishing and supervising the Department's amicus brief writing program which addressed a wide range of novel and difficult ERISA issues in both state and federal court. Through her supervision of the amicus brief writing program, Ms. Handorf was instrumental in shaping the law relating to preemption, remedies available under ERISA, and standards for evaluating fiduciary conduct with respect to ESOPs, termination annuities, and employer stock purchases. As Counsel, she was also responsible for supervising the Department's ERISA appellate litigation, district court litigation brought by regional offices of the Solicitor of Labor and administrative litigation involving the civil penalty provisions of ERISA. In 2001, she was appointed Deputy Associate Solicitor of PBS. As the Deputy Associate Solicitor, she was responsible for overseeing litigation brought by the Secretary of Labor and legal advice provided to the Employee Benefit Security Administration, which administers Title I of ERISA. In 2005, she returned to her position as supervisor of the ERISA appellate and amicus brief writing program, serving as Counsel for Appellate and Special Litigation. Ms. Handorf is a recipient of the Department of Labor Distinguished Career Service Award.

Ms. Handorf received her law degree from the University of Wisconsin Law School in 1975, where she received the International Academy of Trial Lawyers Award, the Mathys Memorial Award for Appellate Advocacy, and First Place, Milwaukee Bar Association Moot Court Prize.

COHEN MILSTEIN
HAUSFELD & TOLL™

Prior to law school, she attended the University of Wisconsin-River Falls where she received a B.S. in Speech and History.

Ms. Handorf is admitted to practice in Wisconsin.

### Andrea L. Hertzfeld

Andrea Hertzfeld, an Associate at Cohen Milstein, joined the Firm in 2004. She is a member of the International and Antitrust practice groups.

Ms. Hertzfeld currently is working on *Schwab v. Philip Morris, USA Inc., et. al.* (E.D.N.Y.), the largest class action lawsuit certified in history, alleging RICO violations by the major tobacco companies in the sale and advertisement of "light" cigarettes on behalf of approximately 50 million smokers. In addition, Ms. Hertzfeld is working on *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), alleging price-fixing of rates for airfreight shipping services by dozens of major international flagship airlines. She is also involved in, among other matters, the *In re Air Passenger Antitrust Litigation* (N.D.Ca), alleging price-fixing by British Airways and Virgin Atlantic airlines of surcharges added to the price of passenger tickets for long-haul flights and a related matter in the same court alleging similar price-fixing by Korean Air Lines and Asiana Airlines.  Ms. Hertzfeld also works on the *In re LCD-TFT Flat Panel Antitrust Litigation* currently pending in the Northern District of California.

Ms. Hertzfeld worked as a summer associate at Cohen Milstein in 2003. She received a B.A. with University Honors in Economics from Bowling Green State University (2000, *summa cum laude*), where she was a Frazier Reams Scholar and a member of Phi Beta Kappa. She received her law degree from Harvard Law School in 2004, where she served as an Article Editor on the Women's Law Journal.

Ms. Hertzfeld is admitted to practice in Ohio and the District of Columbia.

### Megan E. Jones

Megan E. Jones, an Associate at the Firm, joined Cohen Milstein in 2001 and is a member of the Antitrust practice group.

She is currently involved in, among other class actions: *In re Polyester Staple Antitrust Litigation* (D. Conn.); *In re EPDM Antitrust Litigation* (D. Conn.); and *ERC v. Archstone* (D. Md.).

Ms. Jones is the author of several publications and presentations including *Bankers Beware:  The Risks of Syndicated Credits,* in The North Carolina Banking Institute (1999); *Navigating the Sea of E-Commerce Regulation,* in Global E-Commerce Law and Business Report (2000); *A Legal Toolkit for E-Commerce in Latin America,* presented in Miami, FL (2000); and a live webcast interview on Internet Regulation, at www.wallstreetreporter.com (2000).

Prior to coming to the Firm, Ms. Jones litigated intellectual property matters and represented clients before Congress at a Washington, D.C. law firm.

She received her B.A. in English from North Carolina State University in Raleigh, N.C. in 1995 (*magna cum laude*) and her J.D. from the University of North Carolina at Chapel Hill School of Law in 1999. During law school, she served as Article and Notes Editor of the Journal of the North Carolina Banking Institute. In addition, she competed as a member of the National Civil Trial Team. Ms. Jones also clerked for the Committee on the Judiciary, U.S. House of Representatives.

Ms. Jones is admitted to practice in North Carolina and the District of Columbia.

**Matthew B. Kaplan**

Matt Kaplan joined the Firm in 2005 as an Associate in the Securities Fraud/Investor Protection practice group. Before coming to Cohen Milstein, Mr. Kaplan was a litigation associate with White & Case, LLP.

Prior to becoming an attorney Mr. Kaplan was a Foreign Service Officer with the U.S. Department of State. He was stationed in Venezuela, Colombia, The Bahamas and Nicaragua.

Mr. Kaplan is a graduate of Georgetown University's School of Foreign Service (B.S.F.S., with honors). He received his law degree from The George Washington University Law School (J.D., With Highest Honors, Order of the Coif).

Mr. Kaplan is admitted to practice in the District of Columbia and Virginia.

**Kathleen M. Konopka**

Kathleen Konopka joined Cohen, Milstein, Hausfeld & Toll in December 2006 as an associate in the Antitrust practice group.

Prior to joining the firm, Ms. Konopka served as an Assistant United States Attorney for the District of Columbia. In that capacity, she prosecuted criminal defendants in both the local and federal courts and defended the United States in civil litigation at both the trial and appellate levels. Ms. Konopka also conducted a large-scale review of the Federal Bureau of Investigation as an attorney advisor with the Department of Justice's Office of the Inspector General.

Ms. Konopka graduated from Northeastern University School of Law and Vassar College with a B.A. in Feminist Theory. She has also studied the impact of litigation on the enforceability of discrimination laws in Stockholm, Sweden.

Ms. Konopka is admitted to practice in Maryland and the District of Columbia.

**Kalpana Kotagal**

Kalpana Kotagal joined the firm as an associate in November, 2006 and is a member of the Antitrust practice group. Ms. Kotagal represents Registered Nurses employed by hospitals in Albany, Chicago, Detroit, Memphis, and San Antonio in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws.

COHEN MILSTEIN
HAUSFELD & TOLL™

Before attending law school, Ms. Kotagal worked in the environmental community as Assistant National Field Director of the United States Public Interest Research Group, running national legislative campaigns on energy and environmental issues, and as an organizer with Green Corps. She recently served as an advisor to a Congressional candidate.

While in law school, Ms. Kotagal was a summer associate at Cohen Milstein and served as law clerk in the Chambers of the Honorable J. Curtis Joyner, Eastern District of Pennsylvania. She was also involved in litigation under the Alien Tort Claims Act and RICO on behalf of Haider Mushin Saleh against contractors CACI and Titan for human rights abuses in Abu Ghraib prison. She served on the Editorial Board of the University of Pennsylvania Law Review as an Articles Editor.

Following law school, Ms. Kotagal clerked for the Honorable Betty Binns Fletcher, United States Court of Appeals for the Ninth Circuit.

Ms. Kotagal received her undergraduate degree from Stanford University (A.B., economics, B.S., earth systems, *with honors*, 1999) and was a Morris K. Udall Scholar. She received her law degree from the University of Pennsylvania (2005, *cum laude*), where she was a James Wilson Fellow.

Ms. Kotagal is the co-author, with Michael Hausfeld and Charles Tompkins, of "Innovation, Economics and the Law: The Health Care Industry's Exposure to Antitrust Liability," to be published by the ABA Antitrust Law Section in 2007.

Ms. Kotagal is admitted to practice in New York and the District of Columbia.

**Brent W. Landau**

Brent W. Landau, an Associate, joined Cohen Milstein in 2002 and is a member of the Antitrust practice group.

Mr. Landau currently is working on *Schwab v. Philip Morris USA, Inc., et al.* (E.D.N.Y.), alleging a RICO conspiracy and fraud in connection with the marketing and sale of "light" cigarettes; *In re Intel Corporation Microprocessor Antitrust Litigation* (D. Del.), alleging monopolization of the market for x86 microprocessors; and *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Group, L.P.* (C.D. Cal.), alleging monopolization of the market for pulse oximetry products.  Other cases in which he has been involved include *In re Vitamins Antitrust Litigation* (D.D.C.), where a 2003 trial resulted in a trial verdict in favor of the plaintiffs and the class of $49.5 million before trebling, the fifth largest that year; *Ferko v. National Association for Stock Car Auto Racing, Inc.* (E.D. Tex.), alleging anticompetitive conduct in the market for top-level stock car racing (a settlement in the case succeeded in bringing the inaugural second Nextel Cup Series race to Texas Motor Speedway); and *Meijer, Inc. v. 3M Co.* (E.D. Pa.), alleging monopolization of the market for invisible and transparent tape (an approximately $28 million settlement was approved in 2006).

Prior to joining the Firm, Mr. Landau served as a judicial law clerk to the Honorable Bruce W.



Kauffman, United States District Court for the Eastern District of Pennsylvania.

He is the author of *State Employees and Sovereign Immunity: Alternatives and Strategies for Enforcing Federal Employment Laws*, 39 Harv. J. on Legis. 169 (2002); *State Bans on City Gun Lawsuits*, 37 Harv. J. on Legis. 623 (2000); and *Sovereign Immunity and You: How New York State Employees Can Enforce Their Federal Employment Rights*, United University Professions Working Paper Series (Dec. 2005) (presented at November 2005 UUP conference on "Preserving the Rights of Public Employees").

Mr. Landau graduated from the State University of New York at Binghamton, where he received a B.A. in History and Philosophy (*summa cum laude*, 1998) and was a member of Phi Beta Kappa. He obtained his law degree from Harvard Law School (*cum laude*, 2001), where he was co-chairperson of the Tenant Advocacy Project and a supervising editor of the *Harvard Journal on Legislation*.

Mr. Landau is admitted to practice in Pennsylvania, New York, and the District of Columbia.

**Jason M. Leviton**

Jason M. Leviton, an Associate at Cohen Milstein, joined the Firm in 2004 as a member of the Securities Fraud/Investor Protection practice group. Prior to joining Cohen Milstein, Mr. Leviton was a securities class-action attorney with another well-known securities class action firm.

He has been involved in several major securities fraud cases at the Firm, including the class actions *In re Verisign Securities Litigation* (N.D. Cal.; settled for approximately $78 million); *Bovee v. Coopers & Lybrand, et al.* (S.D. Ohio; settled for $7.5 million); *In re Xybernaut Securities Litigation* (E.D. Va.; motions to dismiss denied); *Ong v. Sears, Roebuck, and Co.* (N.D. Ill; motions to dismiss denied and class certification pending); *Welmon, et al. v. Chicago, Bridge & Iron N.A., et al.* (motions to dismiss denied and class certification pending); and *In re SOURCECORP Securities Litigation* (N.D. Tex.; motion to dismiss denied against non-speaking defendant pursuant to SEC Rule 10b-5(a) and (c)).

In addition to his securities litigation practice, Mr. Leviton is also heavily involved in many of the Firm's client outreach efforts. These efforts include working on the Firm's monthly and quarterly reports to its clients and also with responding to Requests for Proposals from pension funds seeking securities litigation monitoring counsel.

Mr. Leviton attended Gonzaga University where he received both a B.A. in Philosophy (2000) and a J.D. (*cum laude*, 2003). While in law school, he won the Linden Cup Moot Court competition and was a member of the Editorial Board of the International Law Journal. Mr. Leviton also received a Master of Laws (Dean's Certificate, 2004) in Securities and Financial Regulations from Georgetown University Law Center. While at Georgetown, he was the inaugural LL.M. student selected for an externship with the SEC's Division of Enforcement.

Mr. Leviton is admitted to practice in the District of Columbia, State of Washington, and Florida.



## James E. McGovern

James McGovern focuses his practice on investor protection issues.  Since joining Cohen Milstein, he has worked on several well-known securities fraud cases, including cases currently pending against WorldCom and Parmalat.  Prior to joining Cohen Milstein, Mr. McGovern was an associate at Latham & Watkins where he worked on complex litigation and FIFRA arbitrations.

Mr. McGovern received his law degree from Georgetown University Law Center where he graduated magna cum laude (2002) and was selected for the Order of the Coif.  Prior to law school, he attended American University where he received a B.A., International Studies (1994) and a M.B.A., Finance (1998), with high honors.

Mr. McGovern is admitted to practice in Maryland and the District of Columbia.

## Melissa M. McGuane

Melissa McGuane, an associate at the Firm, joined the Chicago office of the Firm in 2007 as a member of the Securities Fraud/Investor Protection practice group.

Ms. McGuane currently is involved in a number of securities fraud cases at the Firm, including *Ong v. Sears, Roebuck, and Co., et al.* (N.D. Ill.) and the City of Chicago's case against on-line travel providers.

Prior to joining the Firm, Ms. McGuane spent nearly five years as a litigation associate with the law firm of Ross, Dixon & Bell, LLP.  While at Ross, Dixon & Bell, LLP, Ms. McGuane's practice focused on insurance coverage, civil rights and plaintiffs' antitrust litigation. Ms. McGuane also provided pro bono representation to individuals seeking asylum.

Ms. McGuane graduated from Miami University in Oxford, Ohio, with a B.S. in Business Economics (*cum laude*, 1999), and received her law degree from American University's Washington College of Law (*cum laude*, 2002).  At the Washington College of Law, Ms. McGuane was a member of the *American University Law Review* and Moot Court Board.

Ms. McGuane is admitted to practice in Illinois, West Virginia, Maryland and the District of Columbia.

## Douglas J. McNamara

Douglas McNamara, Of Counsel at the Firm, joined Cohen Milstein in 2001 as a member of the Antitrust and Consumer Protection practice groups.

He is currently involved in litigation surrounding  defective products like multifunction printers made by Brother.  He also works on a variety of product liability cases involving pharmaceuticals, like OxyContin and Vioxx.

COHEN MILSTEIN
HAUSFELD & TOLL

Prior to joining Cohen Milstein, Mr. McNamara was a litigation associate at Arnold & Porter, specializing in pharmaceutical and product liability cases. He started his career at New York City's Legal Aid Society, defending indigent criminal defendants at trial and on appeal.

He has authored two law review articles: *Buckley, Imbler and Stare Decisis: The Present Predicament of Prosecutorial Immunity and An End to Its Absolute Means*, 59 Alb. L. Rev. 1135 (1996); and *Sexual Discrimination and Sexual Misconduct: Applying New York's Gender-Specific Sexual Misconduct Law to Minors*, 14 Touro L. Rev. 477 (Winter 1998).

A Phi Beta Kappa, Mr. McNamara graduated from SUNY Albany with a B.A. in Political Science (*summa cum laude*, 1992) and New York University School of Law (J.D., 1995).

Mr. McNamara is admitted to practice in New York and the District of Columbia.

**Steig D. Olson**

Steig D. Olson joined the Firm as an Associate in 2003 as a member of the Antitrust practice group.

He is currently involved in, among other cases, *In re Plastics Additives Antitrust Litigation*, (E.D.Pa) in which plaintiffs allege a price-fixing conspiracy by manufacturers of additives for plastics in the United States; *Molecular Diagnostics Laboratories v. Hoffman-La Roche, Inc.* (D.D.C.), for the unlawful monopolization of an enzyme used in DNA amplification, human-genome research, and medical diagnostics; and *Griffin v. Concord EFS, Inc*. (N.D.Cal.), which alleges that member banks of a network conspired to fix fees associated with ATM transactions.

Mr. Olson is the author of *Efforts to Delay Competition from Generic Drugs: Litigation Along a Seismic Fault Between Antitrust and Intellectual Property Law*, co-authored with Joshua P. Davis, 39 U.S.F.L. Rev. 1 (2004).  He has also provided research assistance for several articles, including those of V. Schultz, *The Sanitized Workplace*, 11 Yale L.J. 2061 (2003); M. Mutua, *Savages, Victims, and Saviors: The Metaphor of Human Rights*, 42 Harv. Int'l L.J. 201 (2001); and L. Guinier, *Confirmative Action*, 25 L. & Soc. Inquiry 565 (2000).

Before joining Cohen Milstein, Mr. Olson clerked for the Honorable Barrington D. Parker, Jr. of the United States Court of Appeals for the Second Circuit, and the Honorable Vaughn R. Walker of the United States District Court for the Northern District of California.

Mr. Olson graduated from Harvard Law School, *magna cum laude* (J.D., 2001) and Vassar College with a B.A. in Philosophy (1997).

Mr. Olson is admitted to practice in New York.

**James J. Pizzirusso**

James Pizzirusso joined the Firm in 2001 as an Associate and is a member of the Unsafe Drugs & Environmental Health Threats, Consumer Protection and Antitrust practice groups.

42

COHEN MILSTEIN
HAUSFELD & TOLL

Mr. Pizzirusso is currently working on several cases involving toxic products and public health. He represents the City of Milwaukee in a public nuisance lawsuit against lead paint manufacturers and was a member of the successful appellate team in that case. In overturning summary judgment in favor of defendants, the Wisconsin Court of Appeals became the first appellate court in the country to recognize the right of a governmental entity to bring a public nuisance and conspiracy lawsuit against the lead paint industry. Mr. Pizzirusso was also one of the primary authors of the plaintiffs' class certification briefs in a RICO case involving "light" cigarettes - one of the largest class actions ever certified, *Schwab v. Philip Morris, Inc.*, 449 F. Supp. 2d 992 (E.D.N.Y. 2006).

Mr. Pizzirusso has served as a panelist at several conferences and CLEs and presented on topics including: "Strategies for Pursuing Litigation Remedies in Eliminating Childhood Lead Poisoning," "Developing Novel Theories of Recovery in Toxic Tort Litigation," "Consumer Protection Law," and "Public Interest Tort Litigation: Using Private Tort Actions to Further Environmental Justice & Public Ends." He has also served as a Visiting Associate Professor of Clinical Law and Co-Director of the Vaccine Injury Clinic at George Washington University Law School. He is the author of two published papers: *Agency Rule-Making Power and the Clean Air Act: Putting the Brakes on American Trucking, Spring 2001 Term: Whitman v. American Trucking Associations, Inc.*, 7 Envtl. Law. 729 (June, 2001) and *Increased Risk, Fear of Disease and Medical Monitoring – Are Novel Damage Claims Enough to Overcome Causation Difficulties in Toxic Torts*, 7 Envtl. Law. 183 (September, 2000).

Mr. Pizzirusso graduated *summa cum laude* from the University of Tennessee-Knoxville with a B.A. in Environmental Policy. While in college, he was a Whittle Scholar, a member of Phi Beta Kappa and earned the Torchbearer award (the highest student honor conferred by the University) . In 2001, Mr. Pizzirusso obtained his law degree from George Washington University Law School (with honors) where he was a note writer for the *Environmental Lawyer Journal* and the Student Director of the law school clinical program. He was also Vice President of the Trial Court Board and Captain of a team that placed first in the region in ATLA's 2000-2001 Student Trial Advocacy Competition.

Mr. Pizzirusso is admitted to practice in the District of Columbia, Virginia, the Fourth Circuit Court of Appeals, the Court of Federal Claims and the Eastern and Western Districts of Arkansas.

**Brian A. Ratner**

Brian Ratner, an Associate at the Firm, joined Cohen Milstein in 2001 and is a member of the Antitrust Practice Group and Deputy Head of the International Practice Group.

Mr. Ratner has litigated the matter of *In Re Vitamins Antitrust Litigation* (D.D.C.) on behalf of two certified classes of vitamin direct purchasers who were overcharged as a result of a ten-year global price-fixing and market allocation conspiracy. Mr. Ratner acted as one of the lead associates in a 2003 trial in the case before Chief Judge Hogan, in which a jury unanimously found in favor of the class, awarding them $148,617,702 in trebled damages. The National Law Journal ranked this verdict as the 12th largest in 2003.

43

COHEN MILSTEIN
HAUSFELD & TOLL™

Mr. Ratner has also litigated, among other matters: *Empagran, S.A. et al. v. F. Hoffmann-LaRoche, Ltd., et al.* (D.D.C.), a case alleging a global vitamins price-fixing and market allocation conspiracy on behalf of foreign purchasers (remanded by U.S. Supreme Court); *Oncology & Radiation Associates v. Bristol-Myers Squibb Co.* (D.D.C.), alleging monopolization against a drug manufacturer, which settled for $65 million; *Molecular Diagnostics Laboratories v. Hoffmann-La Roche, Inc., et al.* (D.D.C.), alleging unlawful monopolization on behalf of a class of purchasers of an enzyme used in DNA amplification, human-genome research, and medical diagnostics; and *In Re Vitamin C Antitrust Litigation* (E.D.N.Y.), alleging a conspiracy by Chinese manufacturers to fix prices and control the supply of vitamin C for export.

Mr. Ratner's substantial international antitrust work has included speaking at and organizing conferences in Europe and Australia and writing numerous related articles and papers regarding the private civil enforcement of competition laws around the world.

Prior to joining Cohen Milstein, Mr. Ratner worked for Jones, Day, Reavis & Pogue where he focused on complex civil and commercial litigation, corporate securities litigation, and antitrust. He also performed merger clearance and corporate counseling antitrust work related to the CBS/Viacom and AOL/Time Warner mergers.

Mr. Ratner graduated from Indiana University-Bloomington with a B.A. in Journalism (1996) and a second major in Political Science.  In college, he was a member of the Mortar Board National Honor Society, did undergraduate work at Hebrew University in Jerusalem, Israel, and worked on several political campaigns including the re-election campaign of former U.S. Senator Harris Wofford.  Mr. Ratner obtained his law degree from the University of Pittsburgh School of Law (1999), where he was the Managing Editor of the Journal of Law and Commerce.  During law school, Mr. Ratner externed for the Hon. Donetta W. Ambrose (W.D. Pa.).

Mr. Ratner is admitted to practice in New Jersey, Pennsylvania and the District of Columbia.

**Hilary K. Ratway**

Hilary Ratway joined the Firm in the summer of 2006 as an Associate, and she is a member of the Antitrust Practice Group.

Ms. Ratway is currently working on *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.), in which a partial settlement of $85 million was reached with defendants Deutsche AG, Lufthansa Cargo AG, and Swiss International Air Lines Ltd. and *In re OSB Antitrust Litigation* (E.D. Pa.), in which a class of direct purchasers was recently certified.  Ms. Ratway also works on *Boyd et al. v. AWB Limited* (S.D.N.Y.), an antitrust and RICO class action brought on behalf of American wheat farmers.  The wheat farmers allege that a AWB Limited, an Australian wheat exporter, bribed the Saddam Hussein regime under the United Nations Oil for Food Program in exchange for a monopoly in the Iraqi wheat market and the exclusion of American wheat from the Iraqi market.  Other antitrust cases Ms. Ratway works on include: *In re Air Transportation and Surcharge Antitrust Litigation* (N.D. Cal.), *In re Publication Paper Antitrust Litigation* (D. Conn.), and *Behrend v. Comcast Corp.* (E.D. Pa.).

44

COHEN MILSTEIN
HAUSFELD & TOLL

In addition to representing victims of anticompetitive conduct, Ms. Ratway also represents Holocaust victims in a breach of contract case alleging certain German corporations failed to pay appropriate interest due on their payments to a reparations fund.

Prior to joining the firm, Ms. Ratway worked at The Furth Firm in San Francisco, California and Finkelstein, Thompson & Loughran in Washington, D.C., where she gained substantial experience representing plaintiffs in antitrust and consumer fraud class actions.  Among other cases, Ms. Ratway was involved in *Schwab v. Philip Morris USA et al.* (E.D.N.Y.), the largest class action ever certified, in which the plaintiffs allege a RICO conspiracy and fraud in connection with the marketing and sale of "light" cigarettes.

During law school, Ms. Ratway interned at the United States Supreme Court in the Office of Legal Counsel and for the Honorable Ricardo M. Urbina of the United States District Court for the District of Columbia.

Ms. Ratway received a B.A. in Environmental Studies from the University of Colorado, Boulder (1996) and a J.D. from the American University Washington College of Law (2000, *cum laude*).

Ms. Ratway is admitted to practice in California and the District of Columbia.

**Bruce F. Rinaldi**

Bruce Rinaldi joined the Firm in 2004 as Of Counsel and is a member of the Employee Benfits practice group.

After clerking for United States District Judge James A. Walsh in Tucson, Arizona, Mr. Rinaldi taught at the University of Arizona School of Law and was in private practice in Tucson before serving as a Special Counsel in the Office of the General Counsel at the Securities and Exchange Commission.  In 1979 he joined the Special Litigation Division in the Office of the Solicitor of Labor as Supervisory Trial Attorney, where he ran the litigation of *Donovan v. Fitzsimmons* (N.D. Ill.), negotiating and drafting a consent decree governing the management of billions of dollars in assets of the Teamsters Central States Pension Fund, which remains in effect today. Mr. Rinaldi also conducted a four month trial of allegations of ERISA fiduciary breaches with respect to the Teamsters Central States Health and Welfare Fund in *Brock v. Robbins* (D.C. N.D. Ill.).

In 1985 Mr. Rinaldi became the Senior Trial Attorney in the Plan Benefits Security Division of the Department of Labor.  Mr. Rinaldi litigated a wide range of major fiduciary breach cases brought by the Secretary of Labor under ERISA including the seminal case of *Reich v. Valley National Bank* ( S.D.N.Y.), concerning fiduciary breaches in the acquisition of employer stock by an ESOP.  In 1989 Mr. Rinaldi joined the Office of Thrift Supervision ("OTS") as the Associate Chief Counsel for Litigation and directed investigations and enforcement actions under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") for fiduciary breaches arising out of failures of thrifts and savings and loan organizations.  He directed all of the enforcement actions taken by the OTS against officers, directors, accountants, and attorneys associated with Lincoln Savings and Loan Association, the largest thrift failure in

45

COHEN MILSTEIN
HAUSFELD & TOLL™

history.  *See In re American Continental Corp./Lincoln Sav. & Loan Securities Litigation* (D.C. Ariz.).

In 2000, Mr. Rinaldi left the government for private practice.  As the senior litigator at the McTigue Law Firm, Mr. Rinaldi was responsible as co-lead counsel for several cases, including the approved settlement of a case against the fiduciaries of the Morrison Knudson 401(k) plan; *In re McKesson HBOC, Inc. ERISA Litigation* (N.D. Cal.); and *In re CMS Energy ERISA Litigation* (E.D.Mich.).

Mr. Rinaldi earned a B.A. in Political Science from the University of California at Berkeley in 1969, after spending three years as a Peace Corps volunteer in Venezuela, and then received his law degree from the University of California at Davis (King Hall) in 1972.

Mr. Rinaldi is admitted to practice in the District of Columbia and is an inactive member of the Arizona and California Bars.

**Sharon K. Robertson**

Sharon K. Robertson, an Associate, joined Cohen Milstein in 2007 and is a member of the Antitrust practice group.

In the antitrust field, Ms. Robertson currently represents Registered Nurses employed by hospitals in Albany and Memphis in lawsuits alleging that their employers unlawfully fixed their wages in violation of federal antitrust laws.  Ms. Robertson is also working on *In re: Hydrogen Peroxide Antitrust Litigation* (E.D.Pa.), a lawsuit alleging price-fixing on behalf of purchasers. In the international human rights field, Ms. Robertson currently represents Indonesian villagers in a lawsuit against Exxon Mobil over torture and extrajudicial killings allegedly committed by the defendant's security forces (a unit of the Indonesian military).

Before attending law school, Ms. Robertson worked on the campaign committee of Councilman John Liu, the first Asian-American to be elected to City Council.

During law school, Ms. Robertson served as an Alexander Fellow.  In that capacity, she spent a semester interning full-time within the Chambers of the Honorable Shira A. Scheindlin, United States District Court for the Southern District of New York.  She was also an intern in the Litigation Bureau of the Office of the New York State Attorney General and the United States Court of Appeals for the Second Circuit.

Ms. Robertson graduated from the State University of New York at Binghamton, where she received a B.A. in Philosophy, Politics and Law (*magna cum laude*, 2003) and was a member of Phi Eta Sigma National Honor Society and the Golden Key International Honor Society.  She received her law degree from the Benjamin N. Cardozo School of Law (J.D., 2006).  She served as Notes Editor of the Cardozo Public Law, Policy and Ethics Journal.

Ms. Robertson is admitted to practice in New York and New Jersey.



**Bernard S. Sharfman**

Bernard Sharfman joined the Firm in 2006 as Of Counsel and is a member of the Securities Fraud/Investor Protection group.

Mr. Sharfman's legal work experience has included being a legal analyst for Bloomberg Law Reports, a member of the editorial staff of the Takeover Stock Report and an associate counsel for MERSCORP, Inc. in Vienna, Virginia. Mr. Sharfman began his legal career as an associate with the corporate and securities law firm of Muldoon Murphy & Aguggia LLP in Washington, DC. Prior to entering law school, Mr. Sharfman worked for nine years at Fannie Mae and for four years at the Office of Finance, Federal Home Loan Banks.

Mr. Sharfman is the author of two recent articles on the business judgment rule: *Being Informed Does Matter: Fine Tuning Gross Negligence Twenty Plus Years after Van Gorkom*, The Business Lawyer, Vol. 62, No. 1 (November 2006) and *Understanding Maryland's Business Judgment Rule*, Duquesne Business Law Journal, Vol. 8 (Spring 2006). Mr. Sharfman is also the author of *Modifying Model Rule 5.4 to Allow for Minority Ownership of Law Firms by NonLawyers*, Georgetown Journal of Legal Ethics, Vol. 13, No. 3 (Spring 2000).

Mr. Sharfman is a graduate of the Georgetown University Law Center (J.D., 2000) where he was an Executive Editor of the Georgetown Journal of Legal Ethics and the recipient of the journal's Saint Thomas More Award, American University (M.S. in Accounting, 1995), the University of Michigan (M.A. in Economics, 1983), The University of Toledo (M.B.A. (Finance), 1980) and The Ohio State University (B.S. Bus. Adm. *cum laude* (Economics), 1979).

Mr. Sharfman is a member of the Maryland and District of Columbia bars.

**Daniel W. Sigelman**

Daniel Sigelman joined the Firm as Of Counsel in 2005 and is a member of the Unsafe Drugs & Environmental Health Threats and International practice groups.

Mr. Sigelman concentrates on mass tort/product liability and economic injury litigation against pharmaceutical and medical device manufacturers. His work has included class action medical monitoring lawsuits focusing on the safety of heart valves; mass tort, ERISA, and securities fraud cases involving drug products; and third party payor litigation against drug and medical device companies. He has held lead roles in product liability actions against FDA-regulated companies, including his appointment to the MDL Plaintiffs' Steering Committee in In re St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation (D. Minn.).

Mr. Sigelman is an Adjunct Assistant Professor at the George Washington University Department of Health Policy and Health Services, where he teaches pharmaceutical policy. He is a frequent lecturer and commentator on health care and pharmaceutical/medical device issues, including the role of FDA regulation in pharmaceutical litigation and congressional oversight of FDA's regulation of drug safety.

COHEN MILSTEIN
HAUSFELD & TOLL

From 1979 to 1981, Mr. Sigelman served as a staff attorney to the Public Citizen Health Research Group. From 1981 to 1988, he was counsel to the House Subcommittee on Human Resources and Intergovernmental Relations, where he conducted investigative oversight of the Food and Drug Administration. His investigations produced numerous congressional hearings on the FDA's regulation of unsafe drugs, many of which were removed from the market for safety reasons. Some of his investigative findings forced changes in the FDA's regulations as well as review procedures and policies, while others led to several successful federal prosecutions of pharmaceutical manufacturers for violating the federal Food, Drug, & Cosmetic Act. He authored numerous congressional committee reports on his investigations of the FDA's regulation of the safety of the nation's human and animal drug and food supply. From 1988-2000, he practiced in Atlanta, Georgia, where he worked on drug and medical device cases and other types of litigations.

Mr. Sigelman is a graduate of Dartmouth College (summa cum laude, 1972), where he received a B.A. in English. He attended the University of California, Berkeley, earning a Master's degree in English (1975), and the Boalt Hall School of Law, the University of California, Berkeley (J.D., 1979).

Mr. Sigelman is admitted to practice in the District of Columbia and Georgia.

**Daniel Tenny**

Daniel Tenny, an Associate at Cohen Milstein, joined the Firm in September 2007.  He is a member of the Civil Rights & Employment practice group.

Mr. Tenny is currently involved in *Keepseagle v. Johanns*, in which Native American farmers and ranchers allege discrimination in the United States Department of Agriculture's provision of agricultural loans, and *Amos v. GEICO*, in which African-American consumers allege that GEICO discriminates against them by considering level of education and occupation when it sets automobile insurance rates.

Prior to joining the Firm, Mr. Tenny served as a law clerk for the Honorable David H. Souter of the Supreme Court of the United States.  Before his clerkship with Justice Souter, he was a law clerk for the Honorable David S. Tatel of the United States Court of Appeals for the District of Columbia Circuit.

Mr. Tenny graduated from Harvard University (A.B. in Mathematics, *cum laude*, 1999) and the University of Michigan Law School (J.D., *summa cum laude*, 2005).  While at Michigan, he served as Executive Note Editor of the Michigan Law Review and published his own Note, *There Is Always a Need: The "Necessity Doctrine" and Class Certification Against Government Agencies*, 103 Mich. L. Rev. 1018 (2005).  Mr. Tenny spent his summers during law school in the Housing Unit at South Brooklyn Legal Services and in the Office of General Counsel at the Equal Employment Opportunity Commission.

Mr. Tenny is admitted to practice in New York.



## Patrick A. Tillou

Patrick Tillou, an Associate at the Firm, joined Cohen Milstein in 2006 and is a member of the Antitrust practice group.

Mr. Tillou is currently working on *In re New Motor Vehicles Canadian Export Antitrust Litigation* and *In re OSB Antitrust Litigation*, among other cases. Before joining Cohen Milstein, Mr. Tillou previously worked for Winston & Strawn and Cleary, Gottlieb, Steen & Hamilton, where he focused on antitrust, including counseling, mergers and litigation, as well as other complex civil and commercial litigation. He has also done appellate work and collateralized securities offerings.

Mr. Tillou graduated from Duke University with a bachelor's degree in Psychology (1997, *magna cum laude*) and attended law school at the University of Michigan (1999, *cum laude*). During law school, he also studied European Union and international law at the Katholieke Universiteit in Leuven, Belgium.

Mr. Tillou is admitted to practice in the U.S. Virgin Islands and the District of Columbia, and is a member of the bar of the United States Supreme Court.

## Catherine A. Torell

Catherine A. Torell is Of Counsel at Cohen Milstein.  She joined the Firm in 2002 and is a member of the Securities Fraud/Investor Protection practice group.

Currently, Ms. Torell is involved in the *In re Parmalat Securities Litigation* (S.D.N.Y.) in which Cohen Milstein serves as co-lead Counsel.  She also conducts investigations of securities fraud cases for the practice group, working with all of its litigators.

Prior to joining Cohen Milstein, Ms. Torell was associated with the firm of Entwistle & Cappucci LLP, where she served as one of co-lead counsel in *In re Providian Financial Securities Litigation* ($38 million settlement).  In approving the settlement, the Court remarked on the "extremely high quality" and "skill and efficiency" of plaintiffs' counsel's work throughout the litigation. Ms. Torell also was previously associated with Goodkind Labaton Rudoff & Sucharow LLP, where she served as counsel to the New York City Pension Funds in *In re Orbital Sciences Corp. Securities Litigation* ($22.5 million settlement), and was a key member of the litigation team that successfully resisted  defendants' efforts to dismiss the case.  Ms Torell also served as counsel to the Florida State Board of Administration in *LaPerriere v. Vesta Insurance Group, et al.*, and as counsel to Amalgamated Bank of New York in *In re Bristol-Myers-Squibb Securities Litigation* ($61 million settlement).

Ms. Torell received a B.A. in Political Science from Stony Brook University (1984) and her law degree from St. John's University School of Law (1990) where she was the recipient of the Federal Jurisprudence Award.

Ms. Torell is admitted to practice in New York.



**Jenny R. Yang**

Jenny Yang joined the Firm in 2003 and is an associate in the Civil Rights & Employment practice group.

Currently, Ms. Yang works on *Aaron v. Pilgrim's Pride Corp.*, Civ. No. 06-1082 (W.D. Ark.), and related actions in a multi-district litigation proceeding, in which workers seek redress for unpaid overtime. Ms. Yang is also litigating Dukes *v. Wal-Mart Stores, Inc.* (N.D. Cal.), the largest certified Title VII class action in history, in which female employees allege sex discrimination in promotions and pay decisions. In addition, Ms. Yang represented the plaintiffs and class in *Beck v. The Boeing Company* (W.D. Wash.), a class action alleging gender discrimination, which settled in 2004 for $72.5 million. She is also working on *Jenkins v. BellSouth* (N.D. Ala.), a race discrimination case alleging systemic discrimination in pay and promotions and *Robinson-Smith v. GEICO* (D.D.C.) and *Lindsay v. GEICO* (D.D.C.), two separate nationwide lawsuits challenging GEICO's refusal to pay auto damage adjusters overtime.

Ms. Yang is a contributing editor of the American Bar Association, Labor & Employment Law Section's employment discrimination treatise, Lindemann & Grossman, *Employment Discrimination Law*, upcoming 4th Edition. She is a member of the National Employment Lawyers Association (NELA) and has served as a speaker on race discrimination issues at their National Convention.

Prior to joining the Firm, Ms. Yang was a Senior Trial Attorney with the United States Department of Justice, Civil Rights Division, Employment Litigation Section, where she worked for five years on both pattern or practice and individual federal employment discrimination cases against state and local governments. She litigated cases involving discrimination based on race, sex, and national origin. Before her work at the Department of Justice, Ms. Yang received a community service fellowship to work at the National Employment Law Project in New York City, a non-profit organization focusing on low-wage workers' rights. While there, she worked on ground-breaking joint-employer liability litigation to hold garment manufacturers liable for unpaid wages owed to garment workers under the Fair Labor Standards Act. After law school, Ms. Yang clerked for the Honorable Edmund Ludwig on the United States District Court for the Eastern District of Pennsylvania. In 1992-1993, Ms. Yang worked on the Presidential Transition and at the White House, Office of Presidential Personnel.

Ms. Yang serves as a member of Board of Directors of the Asian Pacific American Legal Resource Center. From 2001-2003, she served as a government fellow for the American Bar Association, Labor and Employment Section, Equal Employment Opportunity Committee. She also served as a National Co-Chair and Board Member of the National Asian Pacific American Women's Forum from 1998-2004.

Ms. Yang graduated from Cornell University (B.A., Government, *with distinction*, 1992) and New York University School of Law (J.D., *cum laude*, 1996) where she was a Root-Tilden Public Interest Scholar and a Note and Comment Editor of the Law Review.

COHEN MILSTEIN
HAUSFELD & TOLL™

Ms. Yang is admitted to practice in the District of Columbia, New York, and New Jersey.

**Michelle C. Yau**

Michelle Yau joined the firm as an associate in August 2007 and is a member of the Employee Benefits practice group.

Prior to joining the firm Ms. Yau was an attorney in the Solicitor's Office of the U.S. Department of Labor, where she was responsible for the enforcement and administration of a variety of labor statutes. She started with the Department of Labor in the Honors Program where she was involved in several litigation matters, including the Department of Labor's Enron litigation alleging violations of ERISA. During law school Ms. Yau worked in the Employee Benefits and Executive Compensation Group of Shearman & Sterling, at the labor law firm of Segal Roitman & Coleman, and in the New York office of Tibetan Government in exile. Before law school, Ms. Yau worked as a financial analyst at Goldman, Sachs & Co. in the Financial Institutions Group of the Investment Banking Division.

Ms. Yau received her law degree from Harvard Law School in 2003, where was awarded several public interest fellowships, including the Heyman Fellowship for academic excellence and a demonstrated commitment to federal public service. Ms. Yau received a B.A. in Mathematics (with distinction, 1997) from the University of Virginia, where she was a member of Phi Beta Kappa and Phi Mu Epsilon (mathematics honors fraternity). Ms. Yau was also selected as an Echols Scholar and awarded the Student Council Scholarship for leadership, academic achievement and community service.

Ms. Yau is admitted to practice in the United States Court of Appeals for the Fourth Circuit and Massachusetts.

IMANAGE 221910.3
9/07/07

51