UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,

                   Plaintiff,

       -v.-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS
DIMARIA, PETER STINGI and JOHN
AND JANE DOES 1-20,

                  Defendants.

---

Civil Action No.: 07-CV-10268 (DC)

[additional captions follow]

**PLAINTIFFS GIDARO AND DONLON'S MEMORANDUM OF LAW
IN SUPPORT OF JOINT AMENDED MOTION FOR ENTRY
OF [PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING
THE ERISA ACTIONS AND APPOINTING
INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL**

MARY GIDARO, individually and on behalf of all others similarly situated,

                    Plaintiff,

        -v.-

MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN and JOHN DOES 1-30,

                    Defendants.

Civil Action No.: 07-CV-10273 (LBS)

CHRISTINE DONLON, on Behalf of All
Others Similarly Situated,

                **Plaintiff,**

      -v.-

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, LOUIS DIMARIA , JOHN D.
FINNEGAN, JUDITH MAYHEW JONAS,
AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, CHARLES O.
ROSSOTTI, JOHN DOES 1-20 (BEING
CURRENT AND FORMER MEMBERS OF
THE BENEFITS ADMINISTRATION
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN) and JOHN DOES 21-
40 (BEING CURRENT AND FORMER
MEMBERS OF THE INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
& CO., INC. EMPLOYEE STOCK
OWNERSHIP PLAN),

                **Defendants.**

Civil Action No.: 07-CV-10661 (LBS)

TARA MOORE, individually and on behalf of all others similarly situated,

                Plaintiff,

       -v.-

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC. PLAN
"INVESTMENT COMMITTEE,"
MERRILL LYNCH & CO., INC. PLAN
ADMINISTRATIVE COMMITTEE,
MERRILL LYNCH & CO., INC.
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE, LOUIS
DIMARIA, E. STANLEY O'NEAL,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-10,

                Defendants.

Civil Action No.: 07-CV-10398 (DC)

GREGORY YASHGUR, individually and on behalf of all others similarly situated,

                        Plaintiff,

        -v.-

MERRILL LYNCH & CO., INC., ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401K SAVINGS AND INVESTMENT PLAN, JOHN D. FINNEGAN, JUDITH JONAS MAYHEW, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSITTI, LOUIS DIMARIA, STAN O'NEAL, ALBERTO CRIBIORE, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT and JOHN DOES,

                    Defendants.

Civil Action No.: 07-CV-10569 (JSR)

---

CARL ESPOSITO, individually and on behalf of all others similarly situated,

                        Plaintiff,

        -v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

                    Defendants.

Civil Action No.: 07-CV-10687 (JGK)

SEAN SHAUGHNESSEY, individually and
on behalf of all others similarly situated,

                              **Plaintiff,**

              -v.-

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC.
INVESTMENT COMMITTEE,
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE OF THE
MERRILL LYNCH & CO., INC. BOARD
OF DIRECTORS, THE MERRILL LYNCH
TRUST COMPANY, FSB,
ADMINISTRATIVE COMMITTEE OF
THE MERRILL LUNCH & CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
LOUIS DIMARIA, ARMANDO M.
CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-40,

                            **Defendants.**

Civil Action No.: 07-CV-10710 (GEL)

BARBARA BOLAND, individually and on behalf of all others similarly situated,

                   Plaintiff,

         -v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI and JOHN AND JANE DOES 1-20,

                   Defendants.

Civil Action No.: 07-CV-11054 (MGC)

---

FRANCIS LEE SUMMERS, III, individually and on behalf of all others similarly situated,

                   Plaintiff,

         -v.-

MERRILL LYNCH & CO., INC., *ET AL.*,

                   Defendants.

Civil Action No.: 07-CV-11615 (UA)

JAMES EASTMAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC., *ET AL.*,

                Defendants.

Civil Action No.: 08-CV-00058 (LBS)

# **TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.    Consolidation of Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    B.    Orderly Procedures for Captioning and Filing Documents . . . . . . . . . . . . . . . 12

    C.    The Proposed Leadership Structure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        1.      Proposed Interim Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        2.      Proposed Interim Co-Lead Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    D.    The Leadership Structure Proposed by Plaintiffs Satisfies the
           Requirements of Rule 23(g)(1)(C)(i) and is in the Best Interests
           of the Plain's Participants and Beneficiaries . . . . . . . . . . . . . . . . . . . . . . . . . 14

        1.      Counsel for the Plaintiff has Demonstrated a Commitment
               To Identifying and Investigating Potential Claims in This Action . . . . . 14

        2.      Counsel for Plaintiff Has Experience in Class Actions
               And Other Complex Litigation, The Claims Asserted in
               This Case, and has Knowledge of the Law Applicable in
               This Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        3.      Counsel for Plaintiffs have the Resources Necessary to
               Represent the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Plaintiffs Mary Gidaro and Christine Donlon respectfully submit this memorandum in support of their joint amended motion for entry of [Proposed] Pretrial Order No. 1 filed herewith:

1.      Consolidating the above-captioned actions;

2.      Appointing them as Interim Lead Plaintiffs on behalf of a proposed class of participants and beneficiaries of the Merrill Lynch 401(k) Saving and Investment Plan, the Retirement Accumulation Plan and the Employee Stock Ownership Plan (the three plans treated under a single umbrella by Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company") and referred to collectively herein as the "Plan"); and

3.      Appointing the law firms of Shalov Stone Bonner & Rocco LLP ("SSBR") and Harwood Feffer LLP ("Harwood Feffer") as Interim Co-Lead Counsel of the proposed class.

## INTRODUCTION

To date, at least ten actions (collectively, the "ERISA Actions") have been filed in the United States District Court for the Southern District of New York against Merrill Lynch and related ERISA fiduciaries on behalf of participants in, and beneficiaries of, the Plan. Each complaint seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"). The ERISA Actions allege that Defendants breached their fiduciary duties by making and maintaining investments in Merrill Lynch stock when it no longer was prudent to do so due to the Company's highly risky investment strategies that immersed it in the sub-prime mortgage market and subsequently led to massive write-offs when the sub-prime mortgage market collapsed. Plaintiffs seek relief pursuant to Sections 409 and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2) and (3), on behalf of the Plan for losses sustained as a result of Defendants' breaches of fiduciary duty.

To promote judicial economy, the Court may consolidate the ERISA Actions and appoint interim lead plaintiff and class counsel. Plaintiffs suffered large losses in the retirement accounts as

a result of the Plan's investment in Merrill Lynch stock during the Class Period. Plaintiffs Gidaro and Donlon have claims typical of the class and have no conflicts in her ability to vigorously prosecute this case.

SSBR and Harwood Feffer are each experienced law firms specializing in class action litigation and with substantial experience in ERISA class actions of this sort. SSBR filed a detailed complaint on behalf of plaintiff Mary Gidaro on November 13, 2007, and Harwood Feffer filed a detailed complaint on November 28, 2007. Each of these firms had conducted and is continuing to conduct a careful investigation of Merrill Lynch's wrongdoings, and each has since dedicated substantial time and resources to advancing the case. SSBR and Harwood Feffer have successfully pursued numerous large-scale ERISA class actions from start to finish and recovered substantial sums on behalf of the plaintiff classes in addition to bringing about material structural improvements in employee benefit plans. Accordingly, Plaintiffs Gidaro and Donlon respectfully submit that it would be in the best interests of the proposed class of participants and beneficiaries of the Plan to appoint SSBR and Harwood Feffer as Interim Co-Lead Counsel.

## ARGUMENT

Given the substantial similarity of the parties and claims in the above-captioned actions, Plaintiffs have followed the guidance of the Manual for Complex Litigation (4th ed. 2004) (the "Manual") and submit for the Court's approval a proposed form of Pretrial Order No. 1 which: (1) provides for the consolidation of these related actions; (2) establishes efficient procedures for the filing and docketing of papers; (3) appoints interim lead plaintiffs; (4) proposes an organization of plaintiffs' counsel; and (5) otherwise eliminates wasteful and duplicative litigation.

For the reasons below, Plaintiffs respectfully submit that [Proposed] Pretrial Order No. 1 should be entered by the Court. The proposed order will promote the orderly and efficient conduct

of this action in a manner consistent with the recommendations of the Manual.

### A.    Consolidation of Cases

Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The above-captioned actions assert claims under ERISA against similar defendants. Further, the ERISA Actions involve common questions of law or fact. Specifically, all of them allege that fiduciaries of the Plan breached their duties to participants and beneficiaries in connection with the Plan's investments in Merrill Lynch common stock, because they knew or should have known that Merrill Lynch was heavily exposed to the sub-prime mortgage market, including certain collateralized debt obligations ("CDOs"), as well as other structured credit products and components of the leveraged finance origination market, making Merrill Lynch stock an improper investment alternative for the Plan. These actions should therefore be consolidated pursuant to Fed. R. Civ. P. 42(a). Indeed, there is no dispute among the moving parties that these related actions should be consolidated.

Plaintiffs further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this District asserting claims under ERISA in connection with the above-stated allegations be similarly consolidated herewith and subject to the Court's order.

### B.     Orderly Procedures for Captioning and Filing Documents

In addition to providing for consolidation, the [Proposed] Pretrial Order No.1 establishes procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court.   These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions.   Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.12.   In addition, this type of order has been used in numerous other cases in which the ERISA cases have been consolidated.[1]

### C.     The Proposed Leadership Structure

### 1.   Proposed Interim Lead Plaintiffs

Plaintiffs Gidaro and Donlon are and have been participants in the Plan throughout the proposed Class Period.   Significant portions of their retirement savings in the Plan were invested in Merrill Lynch stock as a result of the way the Plan was administered by the Plan's fiduciaries.   These investments have been decimated by the failure of the Plan's fiduciaries to exercise their fiduciary duties to do what was necessary under the law to protect the Plan.   The Plan has tens of thousands of participants who suffered tremendous losses as a result of the recent Merrill Lynch stock price collapse.   On an interim basis pending class certification, plaintiffs seek to represent the interests of all of the participants of the Plan who suffered similar losses as is required in an action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1102(a)(2).

---

[1]     *See, e.g., In re Royal Dutch/Shell Transport ERISA Litig.*, 04-CV-1398-JWB-SDW (D.N.J.), pre-trial order attached as Exhibit A to the Declaration of Ralph M. Stone in Support of Plaintiff's Motion For Entry of [Proposed] Pretrial Order No. 1 Consolidating the ERISA Actions and Appointing Interim Lead Plaintiff and Lead Counsel.

### 2. Proposed Interim Co-Lead Counsel

The proposed order implements the procedures suggested by the Manual by designating lead counsel for Plaintiffs. *See Manual* §§ 10.22, 40.22. As stated in the Manual, in determining lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id.* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. at 57.

Fed. R. Civ. P. 23(g)(1)(C)(i) specifies that in appointing class counsel, the court must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Plaintiffs submit that the appointment of SSBR and Harwood Feffer as the Interim Co-Lead Counsel, satisfies the requirements of Fed. R. Civ. P. 23(g)(1)(C)(i). Plaintiffs further propose that the proposed Co-Lead Counsel be appointed pursuant to Fed. R. Civ. P. 23(g)(2)(A), which provides for the designation of interim class counsel to act on behalf of a putative class before the

determination of whether to certify the action as a class action.

> **D.** **The Leadership Structure Proposed by Plaintiffs Satisfies the Requirements of Rule 23(g)(1)(C)(i) and is in the Best Interests of the Plan's Participants and Beneficiaries**
>
> **1.** **Counsel for the Plaintiff has Demonstrated a Commitment to Identifying and Investigating Potential Claims in This Action**

The first Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which focuses on the work counsel has done to advance the litigation, strongly favors the undersigned proposed Co-Lead Counsel. Each of SSBR and Harwood Feffer has dedicated substantial resources to advancing the case by extensively investigating Merrill Lynch's alleged wrongdoing, reviewed court actions and pleadings, as well as media and other reports. In addition, as is its standard practice in ERISA cases, counsel has requested and received and reviewed plan documents from Merrill Lynch pursuant to ERISA § 104(b).

Based on SSBR and Harwood Feffer's prior experience bringing and pursuing ERISA claims such as those asserted here, the proposed Interim Co-Lead Counsel fully understand the substantial investment of time and resources necessary to properly pursue and lead the Merrill Lynch ERISA action, and is committed to making the necessary investment in this case.

> **2.** **Counsel For Plaintiff Has Experience In Class Actions And Other Complex Litigation, The Claims Asserted In This Case, And Has Knowledge Of The Law Applicable In This Case**

The second and third Fed. R. Civ. P. 23(g)(1)(C)(i) factors, which address counsel's relevant class action experience and knowledge of applicable law, also strongly favor SSBR and Harwood Feffer, which are uniquely qualified to lead this prosecution on behalf of participants in the Plan. Each of these firms is a highly regarded and experienced complex and class action firm with a well-known record of success pursuing financial, accounting, and securities fraud--matters which are

highly relevant to this litigation--and has successfully litigated many other class action claims based on breaches of fiduciary duty. *See* Stone Decl., Exhibits B and C (firm resumes of SSBR and Harwood Feffer).

SSBR has recovered hundreds of millions of dollars in a variety of class action contexts, including several million dollars in various ERISA class actions such as this.

In June 2007, in approving a $2.2 million settlement of the *Comerica ERISA Litigation* (E.D. Mich., C.A. No. 4:05-CV-70438 (MOB)), United States District Judge Battani of the Eastern District of Michigan commented that SSBR was "particularly qualified" to handle this type of litigation. The firm also recently completed a $4 million settlement of the *In re Ferro Corp. ERISA Litigation* (N.D. Ohio), in which all of the companion cases were dismissed and all of the other classes recovered nothing. In the *Ferro ERISA Litigation*, in contrast, we successfully defeated every single argument raised by the defendants in a "kitchen sink" omnibus motion to dismiss. *See In re Ferro Corp. ERISA Litigation*, 422 F. Supp. 2d 850 (N.D. Ohio 2006). Contrary to the suggestion of competing counsel, SSBR has plenty of relevant experience.

SSBR can boast many other exceptional results in class actions, including, in the past three years, the recently concluded *Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.), in which as co-lead counsel it recovered in excess of $180 million in an action involving a defunct foreign company, and in which most defendants were effectively judgment-proof; as sole counsel, the first-ever class certification in an action against a foreign sovereign, in *Urban GmbH v. Republic of Argentina*, pending before Judge Griesa; and what is believed to be the first settlement in this District seeking liability against a third-party by alleging cutting-edge "scheme liability" in *In re Winstar Securities Litigation*, before Judge Daniels (a $12 million

recovery from Lucent Inc.).  SSBR also represents the State of New Jersey pension funds in certain high-profile private litigation, works with the SEC as a receiver and fund fiduciary in a variety of disgorgement proceedings, and it regularly represents financial institutions and public and private companies on an hourly basis in state and federal courts and before arbitral tribunals. Going further back than the past three years, the firm has also served as lead counsel in some of the most innovative cases involving financial frauds, including a unique class action settlement involving market manipulation claims and a penny stock broker in *Varljen v. H.J. Meyers, Inc.,* before Judge Cote, and a recovery of approximately 98% of losses in a mutual fund breach of fiduciary duty/financial fraud case in *In re Dreyfus Aggressive Growth Fund Litigation*, before Judge Baer.  Like many other competitors here, our resume also boasts numerous multimillion dollar recoveries.

Harwood Feffer has taken a leading role among law firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans and has obtained substantial recoveries such as the more than $90 million settlement (representing approximately 78% of the class' claimed lost) in *In re Royal Dutch/Shell Transport ERISA Litig.*, 04-CV-1398-JWB-SDW (D.N.J.).  In that case, the settlement also contained important provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.  Moreover, at the settlement fairness hearing in August 2005, the Court remarked on the skill and efficiency of class counsel in the prosecution of the case, stating they were:

> highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery .... So both skill and efficiency were brought to the table here by counsel, no doubt about that.

In *In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litig.*, MDL 1668, Harwood Feffer, as sole lead counsel, successfully withstood a multi-faceted motion to dismiss the action. Additionally, as sole lead counsel, Harwood Feffer obtained a grant of class certification in *In re UnumProvident Corp. ERISA Benefits Denial Actions*, Lead Case No. 1:03-CV-1000 (MDL Case No. 1:03-MD-1552) (E.D. Tenn.). In *Graden v. Conexant Systems Inc., et al.*, Case No. 3:05-CV-695-SRC-MAS (D.N.J.), Harwood Feffer again served as sole lead counsel, and by virtue of its argument before the 3d Circuit, precedent was set in that Circuit that former employees who had cashed out of a plan had standing to sue on behalf of the plan.

Harwood Feffer has also served as co-lead counsel in *Brieger, et al. v. Tellabs Inc., et al.*, Case No. 1:06-CV-1882 (N.D. Ill.), where plaintiffs defeated a motion to dismiss and achieved class certification status, while in *In re Conagra Foods, Inc. ERISA Litig.*, Lead Case No. 8:05-CV-00348 (D. Neb.), Harwood Feffer has achieved a settlement for the class having a value exceeding $14 million. Similarly, in *In re AIG ERISA Litig.*, Master File No. 04-CV-9387-JES (S.D.N.Y.), as co-lead counsel, Harwood Feffer successfully defeated a motion to dismiss and expects the action to resolve with a substantial cash recovery.

In addition to those actions, Harwood Feffer has served or currently serves as lead or co-lead counsel in: *In re Boston Scientific Corp. ERISA Litig.*, Master File No. 1:06-CV-10105-JLT (D. Mass.); *In re Royal Ahold N.V. Securities & ERISA Litig.*, CA No. 1:03-MD-01539-CCB (D. Md.); *Peterson, et al. v. AT&T Corp.*, CA No: 99-CV-4982-JLL-RJH (D.N.J.); *In re Northwest Airlines Corporation et al.*, Case No. 05-2566 (RHK/AJB); *In re Diebold ERISA Litig.*, Case No. 5:06-CV-0170 (SEL); *Stansbery, Jr. v. Alliance Capital*, 03-CV-8282-PKC-MHD (S.D.N.Y.); *McKoy v. Bank of America Corp., et al.*, 03-CV-8025-GBD (S.D.N.Y.); *Zarate v. Bank One Corp., et al.*, 03-CV-

7315 (N.D. Ill.); *Wangberger v. Janus Capital Group, Inc, et al.*, 03-CV-2061 (D. Colo.); *Salvato v. Zale Corp., et al.*, Index No. 3:06-CV-1124-D (N.D. Tx.); *Corbett v. Marsh & McLennan Companies, Inc., et al.*, 03-CV-8893-LAK (S.D.N.Y.); *Flynn v. Strong Capital Management, Inc., et al.*, 03-CV-1067-CNC (E.D. Wis.); *Walker v. Massachusetts Financial Services*, 03-CV-12629 (D. Mass.); and *Calderon v. Amvescap, PLC, et al.*, 03-CV-2604 (D. Colo.).

Furthermore, Harwood Feffer currently serves as a lead or co-lead counsel in a number of significant federal securities matters, state and federal derivative actions, and various transactional and consumer matters.

### 3.  Counsel for Plaintiffs have the Resources Necessary to Represent the Class

The final Fed. R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of SSBR and Harwood Feffer as Interim Co-Lead Counsel.  Both are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude.  SSBR and Harwood Feffer have a proven track record of managing ERISA cases and will dedicate the resources necessary to represent zealously the interests of Plan participants in this action.

### CONCLUSION

Plaintiffs foresee no conflicts in the prosecution of this action and are typical and adequate representatives of the Class.  SSBR and Harwood Feffer have substantial and well-known class action experience, including experience in ERISA class actions, and, in addition, have initiated and already taken concrete steps to advance this litigation.  For these and the other reasons stated above, Plaintiffs respectfully request that the Court enter [Proposed] Pre-Trial Order No. 1: (1) consolidating the above-captioned cases; (2) appointing Plaintiffs Gidaro and  Donlon as Interim Lead Plaintiffs; and (3) appointing SSBR and Harwood Feffer as Interim Co-Lead Counsel to act on

behalf of ERISA class plaintiffs.

Dated: New York, New York
February 11, 2008

Respectfully submitted,

SHALOV STONE BONNER & ROCCO LLP

By:  /s/ Ralph M. Stone
         Ralph M. Stone (rstone@lawssb.com)
         Susan M. Davies (sdavies@lawssb.com)
         Thomas G. Ciarlone (tciarlone@lawssb.com)
         Amanda C. Scuder (ascuder@lawssb.com)

485 Seventh Avenue, Suite 1000
New York, New York  10018
(212) 239-4340
Fax (212) 239-4310

         - and -

Robert I. Harwood (rharwood@hfesq.com)
Samuel K. Rosen (srosen@hfesq.com)
HARWOOD FEFFER LLP
488 Madison Avenue
New York, New York 10022
(212) 935-7400
Fax (212) 753-3630

*Proposed Interim Co-Lead Counsel for Plaintiffs*