## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,

                    **Plaintiff,**

      **-v.-**

MERRILL LYNCH & CO., INC., E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, LOUIS
DIMARIA, PETER STINGI and JOHN
AND JANE DOES 1-20,

                   **Defendants.**

Civil Action No.: 07-CV-10268 (DC)

[additional captions follow]

## PLAINTIFFS GIDARO AND DONLON'S MEMORANDUM OF LAW
## IN OPPOSITION TO COMPETING MOTIONS FOR INTERIM LEAD COUNSEL

MARY GIDARO, individually and on behalf of all others similarly situated,

                Plaintiff,

    -v.-

MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN and JOHN DOES 1-30,

                Defendants.

Civil Action No.: 07-CV-10273 (LBS)

**CHRISTINE DONLON, on Behalf of All Others Similarly Situated,**

                              **Plaintiff,**

              **-v.-**

**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, LOUIS DIMARIA, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE BENEFITS ADMINISTRATION COMMITTEE OF THE MERRILL LYNCH & CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC. EMPLOYEE STOCK OWNERSHIP PLAN),**

                              **Defendants.**

**Civil Action No.: 07-CV-10661 (LBS)**

TARA MOORE, individually and on behalf
of all others similarly situated,

                      **Plaintiff,**

      **-v.-**

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC. PLAN
"INVESTMENT COMMITTEE,"
MERRILL LYNCH & CO., INC. PLAN
ADMINISTRATIVE COMMITTEE,
MERRILL LYNCH & CO., INC.
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE, LOUIS
DIMARIA, E. STANLEY O'NEAL,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-10,

                  **Defendants.**

**Civil Action No.: 07-CV-10398 (DC)**

GREGORY YASHGUR, individually and on behalf of all others similarly situated,

               Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC., ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH & CO., INC. 401K SAVINGS AND INVESTMENT PLAN, JOHN D. FINNEGAN, JUDITH JONAS MAYHEW, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSITTI, LOUIS DIMARIA, STAN O'NEAL, ALBERTO CRIBIORE, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT and JOHN DOES,

               Defendants.

Civil Action No.: 07-CV-10569 (JSR)

---

CARL ESPOSITO, individually and on behalf of all others similarly situated,

               Plaintiff,

      -v.-

MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, LOUIS DIMARIA, PETER STINGI and JOHN AND JANE DOES 1-20,

               Defendants.

Civil Action No.: 07-CV-10687 (JGK)

SEAN SHAUGHNESSEY, individually and
on behalf of all others similarly situated,

                      Plaintiff,

          -v.-

MERRILL LYNCH & CO., INC.,
MERRILL LYNCH & CO., INC.
INVESTMENT COMMITTEE,
MANAGEMENT DEVELOPMENT AND
COMPENSATION COMMITTEE OF THE
MERRILL LYNCH & CO., INC. BOARD
OF DIRECTORS, THE MERRILL LYNCH
TRUST COMPANY, FSB,
ADMINISTRATIVE COMMITTEE OF
THE MERRILL LUNCH & CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
LOUIS DIMARIA, ARMANDO M.
CODINA, VIRGIS W. COLBERT,
ALBERTO CRIBIORE, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-40,

                    Defendants.

Civil Action No.: 07-CV-10710 (GEL)

**BARBARA BOLAND, individually and on behalf of all others similarly situated,**

                   **Plaintiff,**

      **-v.-**

**MERRILL LYNCH & CO., INC., E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, DAVID K. NEWBIGGING, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI and JOHN AND JANE DOES 1-20,**

                   **Defendants.**

**Civil Action No.: 07-CV-11054 (MGC)**

**FRANCIS LEE SUMMERS, III, individually and on behalf of all others similarly situated,**

                    **Plaintiff,**

      -v.-

**MERRILL LYNCH & CO., INC., *ET AL.*,**

                    **Defendants.**

**Civil Action No.: 07-CV-11615 (UA)**

**JAMES EASTMAN, individually and on behalf of all others similarly situated,**

                    **Plaintiff,**

      -v.-

**MERRILL LYNCH & CO., INC., *ET AL.*,**

                    **Defendants.**

**Civil Action No.: 08-CV-00058 (LBS)**

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The SSBR/Harwood Feffer Structure Is Best-Qualified
          To Serve As Interim Co-Lead Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    SSBR/Harwood Feffer's Inclusion Of A Current
          Employee Renders Their Motion Superior . . . . . . . . . . . . . . . . . . . . . . . 10

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Plaintiffs Mary Gidaro and Christine Donlon, by their counsel, respectfully submit this memorandum in opposition to the motions of (1) Keller Rohrback and Cohen Milstein Hausfeld & Toll (together, their application is referred to herein as the "Keller/Cohen Motion"), counsel in the *Esposito* case, and (2) Stull Stull & Brody, counsel in the *Yashgur* case, for appointment of lead counsel. As set forth below, those motions should be denied, and Shalov Stone Bonner & Rocco LLP ("SSBR") and Harwood Feffer LLP ("Harwood Feffer") should be appointed Interim Co-Lead Counsel for plaintiffs in a consolidated Merrill Lynch ERISA litigation.

## PRELIMINARY STATEMENT

Presently pending before the Court are three motions to consolidate at least ten cases. No one opposes consolidation, as far as we are aware. Each such motion is accompanied by a request that the movant's counsel be appointed lead counsel or interim lead counsel for the consolidated action pursuant to Rule 23(g), Fed. R. Civ. P. For the reasons set forth below, the undersigned counsel should be appointed interim co-lead counsel.

The undersigned applicants are amply qualified to serve as co-lead counsel. Although it has been suggested that these firms are not sufficiently qualified, there is no basis for this assertion. As we show below, the undersigned applicants together have experience just as significant as that presented in the Keller/Cohen Motion. As our opening brief in support of the appointment of SSBR and Harwood Feffer pointed out, these firms have specialized in ERISA breach of fiduciary duty actions. One judge recently characterized SSBR as "particularly qualified" to handle the ERISA class action before her, while last month Judge Stein appointed Harwood Feffer as co-lead counsel in the *Citigroup ERISA Litigation*, specifically finding Harwood Feffer "to be most able to represent the plaintiffs."

- 1 -

Beyond ERISA, SSBR and Harwood Feffer are each leading firms with outstanding track records in a variety of class action contexts. These firms have also done the most work in this case, *inter alia*, to try to efficiently consolidate the matter. As we show below, the Court should not be overly distracted simply by the length of a firm's resume when deciding who would best serve as lead counsel for plaintiffs in this case.

Leaving to one side the qualifications of SSBR and Harwood Feffer, it is noteworthy that the other applicants also may suffer from defects which might impair their ability to serve as lead counsel in this case. Neither of the other applicants includes a current Merrill Lynch employee, while plaintiff Gidaro is a current employee. As a result, there is a high risk that some or all of the plaintiffs represented by the other firms will not adequately represent the interests of the majority of plan participants.

Plaintiffs Gidaro and Donlon have also retained New York counsel for this New York case, minimizing travel-related expenses and facilitating ease of access to the Court as needed.

For all of the foregoing reasons, and those set forth below, we respectfully submit that the Gidaro and Donlon Amended Motion should be granted and that SSBR and Harwood Feffer should be appointed interim co-lead counsel.

*ARGUMENT*

Rule 23(g) directs consideration of the following factors when ruling on a motion for appointment of interim class counsel:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the

- 2 -

action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

An examination of these factors shows that the combined leadership of SSBR and Harwood Feffer would best represent the interests of the Plan and the members of the proposed class.

All the applicants are qualified. Pursuant to Rule 23(g)(2)(B), if more than one applicant seeks appointment as class counsel, the court appoints the applicant best able to represent the interests of the class. *See also Manual for Complex Litigation (Fourth)*, § 21.272 ("The lawyer best able to represent the class's interests may emerge from an examination of the factors listed in Rule 23(g)(1)(C), as well as other factors, such as those delineated above."). The Manual also states that the "other matters" that the court may consider under 23(g)(1)(C)(ii) "may include the ability to coordinate the litigation with other state and federal class and individual actions involving the same subject matter." *Id.*, § 21.271.

The Advisory Committee Notes to the 2003 Amendments also state: "In evaluating prospective class counsel, the court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case. For example, the resources counsel will commit to the case must be appropriate to its needs, *but the court should be careful not to limit consideration to lawyers with the greatest resources*." (Emphasis added.)

As we show below, SSBR and Harwood Feffer should be appointed Interim Co-Lead Counsel in the consolidated action.

- 3 -

A.      *The SSBR/Harwood Feffer Structure Is Best-Qualified To Serve As Interim Co-Lead Counsel*

As we have already shown, SSBR and Harwood Feffer are leading firms of lawyers specializing in class actions. The *Esposito* plaintiffs, whose counsel know SSBR extremely well,[1] contend that SSBR lacks the qualification to serve as a co-lead counsel in this case. SSBR has recovered hundreds of millions of dollars in a variety of class action contexts, including several million dollars in various ERISA class actions such as this.

In June 2007, in approving a $2.1 million settlement of the *Comerica ERISA Litigation* (E.D. Mich., C.A. No. 4:05-CV-70438 (MOB)), United States District Judge Battani of the Eastern District of Michigan commented that SSBR was "particularly qualified" to handle this type of litigation. The firm also recently completed a $4 million settlement of the *In re Ferro Corp. ERISA Litigation* (N.D. Ohio), in which all of the companion cases were dismissed and all of the other classes recovered nothing. In the *Ferro ERISA Litigation*, in contrast, we successfully defeated every single argument raised by the defendants in a "kitchen sink" omnibus motion to dismiss. *See In re Ferro Corp. ERISA Litigation*, 422 F. Supp. 2d 850 (N.D. Ohio 2006). Contrary to the suggestion of competing counsel, SSBR possesses ample relevant experience.

---

[1]      One of Esposito's counsel, the Cohen Milstein firm, has served as Co-Lead Counsel with SSBR in numerous cases. Cohen Milstein even called upon SSBR to assist at a securities class action trial in 2005 before Judge Castel, and looked to us to conduct, among other things, the cross examination of the Chief Financial Officer of the issuer involved in a case alleging financial fraud. That cross-examination was described as "masterful" by Cohen Milstein in a write-up it prepared for the August 12, 2005 edition of *The Class Act*, a securities class action trade publication.

SSBR can boast many exceptional achievements, including, in the past three years, the recently concluded *Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.), in which as co-lead counsel it recovered in excess of $180 million in an action involving a defunct foreign company, and in which most defendants were effectively judgment-proof; as sole counsel, the first-ever class certification in an action against a foreign sovereign, in *Urban GmbH v. Republic of Argentina*, pending before Judge Griesa; and what is believed to be the first settlement in this District seeking liability against a third-party by alleging cutting-edge "scheme liability" in *In re Winstar Securities Litigation*, before Judge Daniels (a $12 million recovery from Lucent Inc.). SSBR also represents the State of New Jersey pension funds in certain high-profile private litigation, works with the SEC as a receiver and fund fiduciary in a variety of disgorgement proceedings, and it regularly represents financial institutions and public and private companies on an hourly basis in state and federal courts and before arbitral tribunals. Going further back than the past three years, the firm has also served as lead counsel in some of the most innovative cases involving financial frauds, including a unique class action settlement involving market manipulation claims involving a penny stock broker in *Varljen v. H.J. Meyers, Inc.*, before Judge Cote, and a recovery of approximately 98% of losses in a mutual fund breach of fiduciary duty/financial fraud case in *In re Dreyfus Aggressive Growth Fund Litigation*, before Judge Baer. Like many other competitors here, our resume also boasts numerous multimillion dollar recoveries.

Thus, in addition to SSBR's undisputed high qualifications in the handling of class actions and complex litigation, the firm also enjoys substantial experience in precisely the type of case presented here.

- 5 -

In trying to denigrate the ERISA experience of Harwood Feffer, the *Esposito* plaintiffs contend, without any further support, that, of the many ERISA cases which Harwood Feffer has prosecuted, "most are at relatively early stages." Esposito Opp. at 12. That argument, however, lacks merit as Harwood Feffer has a proven track record of successfully litigating large-scale actions under ERISA on behalf of participants and beneficiaries in employer-sponsored plans and recovering substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans.

Notably, Harwood Feffer served as co-lead counsel for the plaintiffs in *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-CV-1398-JWB-SDW (D.N.J.), an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the company's U.S. employees invested in the company's stock fund. The $90 million settlement (representing approximately 78% of the class' claimed loss) is one of the largest amounts obtained in an ERISA breach of fiduciary duty case. Significantly, the settlement included important provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.[2]

Furthermore, Harwood Feffer has contributed to the advancement of case law involving breach of fiduciary duty claims under ERISA. For example, in *Graden v. Conexant Sys., Inc.*, No. 05-CV-695-SRC-MAS (D.N.J.), where Harwood Feffer served as sole lead counsel (cited by the *Esposito* Plaintiffs on page 11, fn. 7 of their Opposition), Harwood Feffer's briefing and oral argument resulted in Third Circuit precedent that former employees who had cashed out of a

---

[2]    *See also In re Conagra Foods, Inc.*, No. 05-CV-00348 LES TDT (D. Neb) (wherein Harwood Feffer achieved a settlement valued at $14 million).

plan have standing to sue on behalf of the plan.  Similarly, the efforts of Harwood Feffer in *In re Boston Scientific ERISA Litigation*, where it serves as a co-lead counsel, resulted in the first published opinion in the District of Massachusetts that holds that plaintiffs have standing to sue on behalf of a 401(k) plan even where they have cashed out of that plan.  *In re Boston Scientific ERISA Litig.*, 506 F. Supp. 2d 73, 75 (D. Mass. 2007).

In addition to the many ERISA cases in which Harwood Feffer has served or is currently serving as lead or co-lead counsel, such as *Hillert v. First American Corp.*, No. 07-cv-7602 (C.D. Cal.) and *AIG ERISA Litig.*, No. 04-CV-9387-JES (S.D.N.Y.), Harwood Feffer was most recently appointed co-lead counsel in *Stephen Grey v. Citigroup, Inc.*, 07-cv-9790-SHS (S.D.N.Y.), which, as the instant action, involves breach of fiduciary duty claims against a global investment firm ("*Citigroup ERISA Litigation*").[3]  In appointing Harwood Feffer to serve as interim co-lead counsel in the *Citigroup ERISA Litigation*, Judge Sidney H. Stein acknowledged the superiority of Harwood Feffer (and its co-lead counsel in that case, Wolf Popper LLP) over the other firms, including Cohen Milstein, seeking leadership status in the *Citigroup ERISA Litigation*.  At the lead plaintiff/lead counsel hearing in the *Citigroup ERISA Litigation* on January 17, 2008, Judge Stein, having compared the firms seeking the lead counsel appointment under the pertinent Rule 23(g)(1)(A) factors (including one of the proposed lead counsel in the Keller/Cohen application), remarked on the experience of both Harwood Feffer and its co-counsel in that action, stating in pertinent part that:

> I think the group most able to represent the plaintiffs as interim lead counsel will be Wolf Popper and Harwood Feffer. ... I think you have the deeper experience overall.  So I'm going to appoint those two firms as interim lead counsel.

---

[3]    Significantly, the claims against Citigroup, Inc., as the claims in the instant action, also arise out of subprime mortgage operations.

It is also significant that Harwood Feffer and SSBR's efforts in this litigation have been acknowledged by Plaintiffs James Eastman and Francis Lee Summers, who have filed responses in support of our application and withdrawn a competing application, and bringing the number of additional firms supporting this motion to at least five.

We do not dispute the qualifications of any of the competing applicants, but the mere fact that one firm has a more prolix resume or more lawyers should not lead the Court to any conclusion about whether they, in fact, are best suited to serve as lead counsel in this case. *See* Advisory Committee notes to Rule 23(g) ("[T]he court should be careful not to limit consideration to lawyers with the greatest resources."). Indeed, the Keller Rohrback/Cohen Milstein team proposes to staff the case with four out-of-state partners, and one local liaison partner. Again, no one disputes the talent of these lawyers (although we believe we match them in talent), but the notion that these lawyers must be selected because their impressive resume makes them "the best" is simply false.

Indeed, in examining all of the factors, the one motion that stands out in this case is that filed by SSBR and Harwood Feffer. SSBR ostensibly filed the first case.[4] Unlike the cases filed by the firms seeking leadership in the *Esposito* motion, counsel here properly complied with Local Rule 1.6(a) by relating the case to the Merrill Lynch securities litigation pending before this Court, in an effort to avoid burdening the court with the inefficiency of multiple related cases in front of multiple judges and the concomitant delay of the case. The undersigned made the first motion to consolidate, while others have unnecessarily made duplicative motions, and

---

[4]     We note that although the *Estey* case has a lower docket number and apparently was filed shortly before the *Gidaro* case (but on the same morning), Estey's counsel appears not to be pursuing a lead counsel position. This may be because the plaintiff in the *Estey* case is conflicted.

few appear to have made any effort to swiftly move their cases over to the proper judge. And the undersigned applicants are the only firms to represent a current employee who can necessarily best represent the broadest interests of the class in this case.

The Keller Rohrback/Cohen Milstein team highlights its extensive brief bank and other experience, such as contacts with experts. Particularly since virtually every brief in any case is available on PACER as well as WESTLAW, and since all of the leading plaintiffs' firms enjoy numerous relationships with leading experts, and predominantly good relationships among each other, these sorts of "qualifications" do not favor any firm competing here.

Likewise, SSBR and Harwood Feffer have dealt extensively with the major defense law firms throughout the country in countless cases, including plenty of cases against the Skadden and Gibson Dunn firms. We believe we enjoy good relations with and the respect of the leading lawyers in our industry. Indeed, plaintiff Gidaro was referred to SSBR unsolicited by opposing counsel in a recently concluded class action.[5]

It is also notable that SSBR was the first on file, and thus was among the first to identify, investigate and plead the claims.

Lastly, there is no dispute that SSBR and Harwood Feffer enjoy the resources to litigate this matter at the highest level, which is what we intend to do. The Keller Rohrback/Cohen Milstein team emphasizes their combined 120 lawyers and four solicitors, and conclusorily asserts that this means they have the most resources or are the "best" able to handle the case.

---

[5]    In contrast with the manner in which SSBR became involved in this litigation, it appears that the Keller Rohrback plaintiffs are the result of an Internet-based press release from the Keller Rohrback firm "announcing" its "investigation" of the ERISA claims. That press release (attached hereto as an exhibit) was obviously intended to generate clients, yet it contained none of the disclosures required for such advertising under New York law. See 22 N.Y.C.R.R. § 1200.6 (requiring "Attorney Advertising" label and various related disclosures).

While we do not dispute that these firms have plenty of resources, many larger firms have

folded, and in any event the Advisory Committee Notes caution against being swayed by who

has "most," which simply is not the test.

In short, SSBR and Harwood Feffer are well-qualified to handle this case.  We are not the

narrowest of specialists, we are well-rounded firms, and we draw on experiences in ERISA cases

as well as in many other contexts.  Because of this experience, the factor asking the Court to

examine "counsel's experience in handling class actions, other complex litigation, *and* claims of

the type asserted in the action" weighs in favor of SSBR and Harwood Feffer.  In addition, our

knowledge of the law, resources and ability to handle the case cannot credibly be in dispute.

B.    *SSBR/Harwood Feffer's Inclusion Of A Current Employee Renders Their*
      *Motion Superior*

Rule 23(g) and prudence suggest that the Court make some inquiry into who the plaintiffs

are, whether they have standing, and what stake, if any, they have in the case.

Plaintiff Gidaro is unique among the plaintiffs.  She is the only current employee, and

thus she is the least likely to be a former participant in Merrill's retirement plans.  This matters

because there is a substantial question concerning the standing of former participants in a

company's retirement plans to assert ERISA claims.  *See, e.g., Dickerson v. Feldman*, 426 F.

Supp. 2d 130, 135-36 (S.D.N.Y. 2006) (non-participants lack standing).[6]  Although we believe

that such people do have standing, the case law currently raises a substantial and unique defense

that undermines the ability of some plaintiffs to bring the claims asserted in these cases.  *See,*

*e.g., In re Royal Ahold NV Securities and ERISA Litigation*, 219 F.R.D. 343, 353-54 (D. Md.

2003) (unique defenses undermine adequacy of plaintiff for class certification and thus

---

[6]    Not all courts agree with the holding in the *Feldman* case, and nor do the undersigned
counsel, but this issue has not yet been decided in this Circuit.

undermine ability to serve as a lead plaintiff).  Since it would not be proper for counsel to vie for

lead counsel based on a plaintiff who may lack standing, it is appropriate for the Court to

consider this issue now.

     Naturally, we can expect competing applicants to argue that whether a plaintiff is a

current or former employee is irrelevant.  Persons taking this position, however, are not well-

suited to adequately represent the interests of current employees, who likely make up the vast

majority of the class.

*CONCLUSION*

For all of the foregoing reasons, Plaintiffs respectfully requests that the Court grant their

motion for consolidation and appointment of SSBR and Harwood Feffer as interim co-lead

counsel for the class.

Dated: New York, New York
February 19, 2008

                         Respectfully submitted,

                         SHALOV STONE BONNER & ROCCO LLP

                         By: /s/ Ralph M. Stone
                             Ralph M. Stone
                               (rstone@lawssb.com)
                             Susan M. Davies
                               (sdavies@lawssb.com)
                             Thomas G. Ciarlone, Jr.
                               (tciarlone@lawssb.com)
                             Amanda C. Scuder
                               (ascuder@lawssb.com)

                         485 Seventh Avenue, Suite 1000
                         New York, New York  10018
                         (212) 239-4340
                         Fax (212) 239-4310

                             *- and -*

                         Robert I. Harwood
                             (rharwood@hfesq.com)
                         Samuel K. Rosen
                             (srosen@hfesq.com)
                         HARWOOD FEFFER LLP
                         488 Madison Avenue
                         New York, New York 10022
                         (212) 935-7400
                         Fax (212) 753-3630

                         *Proposed Interim Co-Lead Counsel for Plaintiffs*

- 12 -

Exhibit

news_story
Keller Rohrback L.L.P. Announces ERISA Investigation of the
2007-11-07 19:42 (New York)

Merrill Lynch & Co., Inc. 401(k) Savings and Investment Plan


    SEATTLE, Nov. 7 /PRNewswire/ -- Keller Rohrback L.L.P.
(http://www.erisafraud.com) announces that it has commenced an investigation
against Merrill Lynch & Co., Inc. ("Merrill Lynch" or the "Company")
(NYSE: MER) for potential violations of the Employee Retirement Income
Security Act of 1974 ("ERISA").  The investigation focuses on investments in
Merrill Lynch stock by the Merrill Lynch & Co., Inc. 401(k) Savings and
Investment Plan (the "Plan").

    Keller Rohrback's investigation involves concerns that Merrill Lynch and
other administrators of the Plan may have breached their ERISA-mandated
fiduciary duties of loyalty and prudence to participants and beneficiaries of
the Plan.  A breach may have occurred if the fiduciaries failed to manage the
assets of the Plan prudently and loyally by investing the assets in Company
stock when it was no longer a prudent investment for participants' retirement
savings.

    If you are a member of the Merrill Lynch & Co., Inc. 401(k) Savings and
Investment Plan and purchased Merrill Lynch stock in the Plan, you may contact
paralegal Jennifer Tuato'o or attorneys Tyler Farmer, Derek Loeser or Lynn
Sarko toll free at 800/776-6044, or via e-mail at investor@kellerrohrback.com.


    Keller Rohrback is one of America's leading law firms handling ERISA
retirement plan litigation.  We are committed to helping employees and
retirees protect their retirement savings.  Keller Rohrback serves as lead and
co-lead counsel in numerous ERISA class action cases, including cases against
Enron, WorldCom, Inc., HealthSouth, and Marsh & McLennan Companies, as well as
ERISA cash balance pension plan cases, including JPMorgan Chase & Co.  Keller
Rohrback has successfully provided class action representation for over a
decade. Its trial lawyers have obtained judgments and settlements on behalf of
clients in excess of seven billion dollars.


    CONTACT:
    Keller Rohrback L.L.P.
    Jennifer Tuato'o
    Paralegal
    800/776-6044
    investor@kellerrohrback.com
    http://www.erisafraud.com


SOURCE  Keller Rohrback L.L.P.


CONTACT:
Jennifer Tuato'o, Paralegal, of Keller Rohrback L.L.P., 1-800-776-6044,
investor@kellerrohrback.com
-0- Nov/08/2007  0:42 GMT
⬚